IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE, AIS#213823,       )
    Petitioner,              )
Vs.                           )   CASE NO.: CC-2000-61.6
STATE OF ALABAMA,             )
    Respondent.              )

## ORDER

This matter coming before the Court on Rule 32 Petition and a response by the State, the Court makes findings of facts and conclusion of law as follows:

The Court finds that the Petition with the amendment is without merit in that the Petitioner was represented by an experienced attorney of his choosing and the record does not support the allegations of ineffective assistance of counsel. The Court finds that the Petitioner's claim of ineffective assistance of counsel was addressed in his original Rule 32 Petition which the Court denied on January 10, 2002.

The Court finds that issues raised by the Petition fail to contain a clear and specific statement of the grounds upon which relief is sought to include a factual basis of the grounds, as required by Rule 32.6(b). The allegation of ineffective assistance of counsel in his guilty plea is without merit.

The Court further finds that the issues raised are precluded under Rule 32.2(a)(3) Rule 32.2(a)(5), Rule 32.2(b) and Rule 32.2 (c).

The Court further finds that the trial judge considering this Rule 32 Petition is the same judge that took the guilty plea on November 2, 2000, and further finds that the Defendant understood his rights and the nature and consequences of entering his plea of guilty to intentionally killing his wife by choking her and thereafter sttempting to bury her body to conceal her murder.

It is therefore **ORDERED AND ADJUDGED** that the Petition be dismissed pursuant to the provisions of Rules 32.6(b), 32.2(a)(3), 32.2(a)(5), Rule 32.2(b) and limitation period Rule 32.2(c). All issues are hereby **DISMISSED** pursuant to Rule 32.7(d), Alabama Rules of Criminal Procedure.

**ORDERD AND ADJUDGED** this 7th day of January 2005. ~~December, 2004.~~

_____
Burt Smithart, Circuit Court Judge

| CERTIFICATE OF COMPLETION REPORTER'S TRANSCRIPT | Page Number 10 |
|---|---|

Clerk of the Court of Criminal Appeals
P.O. Box 301555
Montgomery, Alabama 36130-1555

Fax: (334) 242-4689

Criminal Appeals Case Number    CR ____-____

Appellant's Name: **Rashad Lee**    v.    Appellee: **State of Alabama**

On appeal from the:
[X] Circuit Court of
[ ] District Court of      } **Bullock** County
[ ] Juvenile Court of

Trial Court Case Number  **CC. 00-61.60**

FILED IN OFFICE
MAR 0 8 2002
CLERK-REGISTER, BULLOCK CO., ALA.

Notice of Appeal Date _____

I, **Kelli W. Mills**, certify that I have this date completed and filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceedings in the above referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order. The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and the testimony of the witnesses. The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice. The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

Done this the **4th** day of **March**, **2002**

_____
Court Reporter

---

**FILING AND SERVICE OF THIS FORM:** Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy of this certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on counsel for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and the district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served on the municipal prosecutor rather than the attorney general and district attorney.

1

IN THE THIRD JUDICIAL CIRCUIT
IN AND FOR BULLOCK COUNTY, ALABAMA

STATE OF ALABAMA,
    Plaintiff,

Vs.

RASHAD LEE,
    Defendant.

Criminal Action
No. CC-00-61

FILED IN OFFICE
MAR 0 8 2002

* * * * * * * * * * * * * * * * * * * * * * * *
REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL
* * * * * * * * * * * * * * * * * * * * * * * *

Proceedings taken in the above-styled cause in the Bullock County Courthouse, Union Springs, Alabama, on November 2, 2000, before the Honorable Burt Smithart.

### APPEARANCES

ON BEHALF OF THE STATE:

    Boyd Whigham,
    District Attorney

ON BEHALF OF THE DEFENDANT:

    Keith Ausborn,
    Attorney at Law

**COPY**

OFFICIAL COURT REPORTER
Kelli W. Mills
408 N. Prairie Street
Union Springs, Alabama 36089
(334) 738-3284

```
         (The following proceedings were had in open
         court with the defendant and counsel present:)
         (Defendant sworn.)
 3
 4       THE COURT:  Kelli, this is Case Number
 5  CC-2000-61, State of Alabama versus Rashad Lee.
 6  Mr. Lee is present represented by Keith Ausborn;
 7  the State of Alabama by Boyd Whigham.  The members
 8  of the victim's family are also present.
 9       Mr. Lee, it is my understanding that you wish to
10  withdraw your plea of not guilty and enter a guilty
11  plea to murder; is that correct?
12       THE DEFENDANT:  Yes, sir.
13       THE COURT:  Are you currently under the
14  influence of any intoxicants or drugs?
15       THE DEFENDANT:  No.
16       THE COURT:  Have you ever been diagnosed or
17  treated for a mental illness or emotional
18  disability?
19       THE DEFENDANT:  No, sir.
20  →    THE COURT:  You were indicted by the Bullock
21  County Grand Jury charging you with the crime of
22  intentional murder.  Have you had the indictment
23  and those sections of law read and explained to you
24  by your attorney?
25       THE DEFENDANT:  Yes, sir.
```

3

3   THE COURT: You understand that you have a right to a trial by jury if you wish to have one?
4   THE DEFENDANT: Yes.
5   THE COURT: And you are waiving that right?
   THE DEFENDANT: Yes.
6   THE COURT: After talking to your lawyer and
7   family, do you think that's the best thing to do?
8   THE DEFENDANT: Yes.
9   THE COURT: And you are doing that freely and
10  voluntarily and knowingly?
11  THE DEFENDANT: Yes.
12  THE COURT: A first degree felony is punishable
13  in Alabama by not less than 10 years and up to life
14  or 99 years imprisonment in the state penitentiary
15  and may include a fine not to exceed $20,000.
16  Do you understand that?
17  THE DEFENDANT: Yes.
18  THE COURT: Did your attorney review with you
19  the rights and ranges of punishment?
20  THE DEFENDANT: Yes.
21  THE COURT: Has a plea been negotiated, and, if
22  so, what are the terms?
23  MR. WHIGHAM: Judge, it is a life sentence,
24  $5,000 fine, restitution to be determined at a
25  restitution hearing, I think, on December 11th,

court costs, victim's comp.

THE COURT: His attorney was private hire?

MR. AUSBORN: Yes, sir, Judge.

MR. WHIGHAM: And the restitution will be determined at a later date; and a $5,000 fine.

Judge, he does get credit for time served that he has been in jail since he has been arrested on this charge.

THE COURT: Mr. Lee, is that your agreement with the state?

THE DEFENDANT: Yes, sir.

THE COURT: Has anybody promised you anything other than that?

THE DEFENDANT: No, sir.

THE COURT: Has anybody used any threats of force, pressure, or intimidation to make you plead guilty?

THE DEFENDANT: No.

THE COURT: Do you have any complaint about anybody's treatment of you in the handling of this case?

THE DEFENDANT: No, sir.

THE COURT: You are represented by Mr. Ausborn who is here with you. Are you satisfied with his representation?

```
 1            THE DEFENDANT:  Yes, sir.
 2            THE COURT:  Have you had ample opportunity to
 3   meet with Mr. Ausborn and talk with him about your
 4   case?
 5            THE DEFENDANT:  Yes, sir.
 6            THE COURT:  I am showing you a form entitled,
 7   Explanation of Rights and Plea of Guilty.  Have you
 8   seen this form before?
 9            THE DEFENDANT:  Yes, sir.
10            THE COURT:  Is that your signature on the back
11   of this form?
12            THE DEFENDANT:  Yes, sir, I saw it back there.
13   My attorney showed it to me.
14            THE COURT:  When you were meeting with your
15   attorney?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  Is that your signature?
18            THE DEFENDANT:  Yes.
19            THE COURT:  This is an explanation of rights
20   and plea of guilty form that says you are pleading
21   to Intentional Murder/First Degree Murder, and it
22   goes through the rights and ranges of punishment,
23   and it is signed by you.  And did your attorney
24   review this form with you?
25            THE DEFENDANT:  Yes, sir.
```

THE COURT: Did you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need for me to review it any further?

THE DEFENDANT: No, sir.

THE COURT: Do you need for me to explain any of it to you?

THE DEFENDANT: No, sir.

THE COURT: Give a factual basis for the plea.

MR. WHIGHAM: Judge, on or about April 4, 2000, Rashad Lee did kill Latasha Lee by strangulation. This occurred in Bullock County, Alabama. And, Judge, I would offer for the Court's Record and plea of guilty, State's Exhibit Number 1, which is basically the autopsy report and some accompanying reports.

THE COURT: Any objection?

MR. AUSBORN: No objection.

(State's Exhibit No. 1 was marked for identification, offered, and received into evidence.)

MR. WHIGHAM: Judge, this happened in Bullock County, Alabama, charging him with the crime of intentional murder. And that's the -- They were husband and wife separated at the time, and they

both were in a vehicle over an extended period of time, and then the murder took place some time that night. The exact time of the murder is not clear from the statement, but it did take place after night is what's believed, and it did take place in Bullock County. And her body was left in Bullock County, too; and that's where it was found. These records speak to that some, but that's in essence was the crime was, Judge.

THE COURT: Mr. Lee, is that what you did?

THE DEFENDANT: Yes.

THE COURT: You admit guilt to the killing of the victim Latasha Lee?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Lee, I find that you are alert and intelligent, that you have had the advice of counsel and represented by a competent attorney with whom you are satisfied. I will ask you now if you are ready to plead to the crime of Intentional Murder/First Degree Murder, a Class A felony, and, if so, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: I accept your plea of guilt to the crime of Murder in the First Degree and do hereby adjudge you guilty of Intentional Murder/Murder in

the First Degree.

Do you or anyone on your behalf have any legal cause to show which would preclude pronouncement of sentence at this time?

MR. AUSBORN: None, at this time.

THE COURT: No legal cause having been shown which would preclude pronouncement of sentence, it is the sentence of law and judgement of this Court that you be under hereby sentenced to a term of life in the penitentiary. You are ordered to pay a $5,000 fine, victim's comp, court costs. Restitution will be set December 11, at which time I will hear testimony from the victim's family. There are no attorney's fees since Mr. Ausborn is privately hired.

Do you understand your life sentence, Mr. Lee?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about it?

THE DEFENDANT: No, sir.

THE COURT: You have a right to appeal your guilty plea should you desire to do so.

MR. AUSBORN: I think Mr. Lee wanted to make an offer of apology to the decedent's family at this time.

VICTIM'S MOTHER: I don't want it. He killed