RECEIVED
2005 NOV 17 A 9:33

CIVIL ACTION NO. 2:05-CV-968-T

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RASHAD C. LEE, # 213823

    Petitioner,

V.

BILLIE MITCHEM, WARDEN, et al.,

    Respondents.

# B R I E F   O F   P E T I T I O N E R

BY: RASHAD C. LEE
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, AL 35749-7009

\*

# TABLE OF CONTENTS

**TABLE OF CONTENTS**........................I

**TABLE OF AUTHORITIES**....................II

**STATEMENT OF THE CASE**...................III

**ISSUE PRESENTED FOR REVIEW**..............IV

**ARGUMENT**................................1

**CONCLUSION**..............................7

**CERTIFICATE OF SERVICE**..................8

# T A B L E   O F   A U T H O R I T I E S

ALBRECHT V. UNITED STATES, 71 L.Ed 505 (1927)..............3

EILAND V. STATE, 686 So.2d 147 (Ala.Crim.App.1995).........2

EXPARTE BAIN, 121 U.S. 1, 30L.Ed 255 (1886)................4

EXPARTE HIGHTOWER, 443 So.2d 1272 (Ala.Crim.App.1983)......2

EXPARTE LOONEY, 797 So.2d 427 (Ala.Crim.App.2001)..........1

EXPARTE WASHINGTON, 448 So.2d404 (Ala.Crim.App.1984).......2

FINCHER V. STATE, 837 So.2d 876 (Ala.2002).................1

FLEMING V. STATE, 814 So.2d 310 (Ala.Crim.App.2003)........2

GAGLILORI V. STATE, 695 So.2d 206 (Ala.Crim.App.1996)......1

GEETER V. STATE, 35 Ala.App.207, 45 So 2d 167 (Ala.Crim.App.1950).5

GLOVER V. STATE, 649 So.2d 216 (Ala.Crim.App.1994).........2

HARRIS V. STATE, 395 So.2d 1063 (Ala.Crim.App.1980)........1

HOWARD V. STATE, 710 So.2d 456 (Ala.Crim..App.1996)........2

MCKINNEY V. STATE, 510 So.2d 166 (Ala.Crim.App.1980).......3

NEEDER V. STATE, 144 L.Ed 2d 35 (1999).....................4

PITTMAN V. STATE, 621 So.2d 351 (Ala.Crim.App.1992)........3

REDDOCK V. STATE, 23 Ala.App.290, 124 So 398 (1929)........3

SLAY V. STATE, 338 So.2d 3 (Ala.Crim.App. 1976)............3

SPELLMAN V. STATE, 668 So.2d 129 (Ala.Crim.App. 1995)......1

STIRONE V. UNITED STATES, 4 L.Ed 2d 252....................4

## STATEMENT OF THE CASE

In May of 2000, Lee was indicted for the intentional murder of his wife Latasha Lee. Lee filed his first rule 32 petiton in November of 2001 alleging that his counsel was ineffective, that his plea was involuntary, and that there was no factual basis for the trial court to accept his guilty plea. The court entered an order dated January 10, 2002 denying the petition without a hearing on the merits of Lee's claims. Lee then filed another petiton in the month of November 2004 in which he alleged that the court was without jurisdiction to accept his guilty plea to First Degree Murder an offense not included as a lesser included offense in his intentional murder indictment, and that his indictment was void for failure to state, show and prove on it's face the number of grand jurors that voted to indict him and return a true bill against him.

The trial Court deied the petition after the state failed to respond to the allegations that Lee raised in his petition, and Lee then appealed to the Alabama Appeal Court where his conviction was affirmed by the Appellant Court by memorandum. Lee then appealed to the Supreme Court of Alabama, in which his petition for a writ of Certiori wasdenied thus this writ of habeus corpus 2254.

III.

## ISSUE PRESENTED FOR REVIEW

### I.

DID THE TRIAL COURT, APPELLANT CO.URT, AND SUPREME COURT, ERR BY NOT VACATING LEE'S CONVICTION AND SENTENCE FOR THE TRIAL COURT FAILURE TO NEGATE LEE'S ALLEGATION THAT THE TRIAL COURT VIOLATED RULE 13.5 (A) Ala.R.Crim.P., and §15-8-90, §15-8-91 CODE OF ALABAMA BY CHARGING A NEW OFFENSE OF "FIRST DEGREE MURDER " (13-1-70)(REPEALED) WHEN LEE WAS INDICTED FOR INTENTIONAL MURDER UNDER THE 13-A-6-2-A(1) CODE OF ALABAMA IN VIOLATION OF THE ALABAMA CONSTITUTION (1901), and THE UNITED STATES CONSTITUTION?

IV.

DID THE TRIAL COURT ,APPELLANT COURT,AND SUPREME COURT ERR
BY NOT VACATING LEE'S CONVICTION AND SENTENCE FOR THE TRIAL COURT
FAILURE TO NEGATE LEE'S ASSERTATION THAT THE TRIAL COURT VIOLATED
RULE 13.5 (a) ALA.R.CRIM.P.,§15-8-90,§15-8-91 CODE OF ALABAMA
BY CHARGING A NEW OFFENSE OF "FIRST DEGREE MURDER" (13-1-70)
(REPEALED) WHEN LEE WAS INDICTED FOR INTENTIONAL MURDER UNDER THE
13-A-6-2-A (1) CODE OF ALABAMA IN VILOATION OF THE ALABAMA
CONSTITUTION (1901),AND THE UNITED STATES CONSTITUTION ?

It is Lee's contention that in the instant case,the Trial Court accepted a plea of guilt to an offense of "Murder in the First Degree", an offense that was not included as alesser included offense of his intentional murder indictment that was found by the grandjury,and an offense that no longer exsisted in the State of Alabama.HARRIS V. STATE,395 So.2d 1063 (Ala.Crim.App.1980)

Since Murder in the First Degree is the charge to which the Trial Court from the face of the record accepted a plea of guilt to,the specific,[a]bolished, offense, is and was the only charge that was subject to appellant review by the lower courts upon appeal review,and because the language that was used by the trial court was vaguely, misconstrued in accepting Lee's guilty plea,and then adjudgeing Lee guilty of the same in open court,the lower courts was bound by the face of the record on appeal,which was controlling,and was bound to then interpret the language used in accepting theguilty plea too mean exactly what it says.GAGLILORI V. STATE,695 So2d. 206 (Ala.Crim.App.1996),EXPARTE LOONEY, 797 So.2d 427 (Ala.Crim.App.2001),SPELLMAN V. STATE,668 So.2d 129 (Ala.CriM.App.1995), FINCHER V. STATE,837 So.2d 876 (Ala.2002)

Furthermore form the face of the record on appeal,the record that was then certified too all of the lower courts affirmatively showed that the trial court without **subject matter jurisdiction** accepted a plea of guilt from Lee to the offense of "First Degree Murder",and adjudged Lee guilty of the same in open court,therefore the lower courts should have vacated Lee's conviction,and sentence,because the trial court had no jurisdiction to convict Lee on an offense that was not included as a lesser included offense of his indicted

[1]

offense charged in his indictment.**GLOVER V. STATE,** 649 So.2d 216 (Ala.Crim.App.1994) **FINCHER V. STATE,** 837 So.2d 876 (Ala.2002)**FLEMING V. STATE,** 814 So2d 310(Ala.Crim.App. 2003),**EILAND V. STATE,** 668 So.2d 147 (Ala.Crim.App.1995),**HOWARD V. STATE,** 710 So2d 456 (Ala.Crim.App.1996)

Contrary to the states assertions,"First Degree Murder" could not be established by any of the evidence that was presented too the grand jury to return a indictment against Lee.The evidence that was presented didnot establish that another offense was committed in thecommissionof,or during the alleged murder therefore Lee could not be convicted and sentenced for First Degree Murder,because First Degree Murder is not a lesser included offense of Intentional Murder,the charge to which the Grand Jury returned an indictment against Lee for.

Furthermore Lee avers that since his indictment did not allege First Degree Murder,or the commission of another offense in the commission of,or during the alleged Murder,then First Degree Murder could not have been encompassed in his Intentional Murder Indictment,and therefore the trial court did nothave the **subject matter jurisdiction**,to accept his plea of guilt to that specific offense.

The state cannot argue that Lee by pleading guilty to Murder in the First Degree, consented to an informal amendment of his indictment to charge him with the offense of Murder in the First Degree, because Lee was never appraised of the nature,and the charge,to which he was about too plead guilty,and was too prepare a defense for,thereby violating Lee's constitutional rights under the VI amendment of the United States Constitution and Article I § 6, of the Alabama Constitution. **EXPARTE WASHINGTON,** 448 So.2d 404 (Ala.Crim.App.1984),**EXPARTE HIGHTOWER,** 443 So. 2d 1272 (Ala.crim.App.1983)

Whereas inthe instant case Lee was punished for a crime that is no longer in the statutory laws of Alabama,and without a formal,and sufficient warning or accusation to appraise him of what he was about to plead too,or what too prepare

[2]

a defense for. **ALBRECHT V. UNITED STATES,** 273 U.S. 1, 71 L.Ed.505 (1927), also quoting Poole V.State. Lee further argues that the statue that which the trial court convicted him under by altering the statues of the state of Alabama had been (Repealed) by the New Code of Alabama under the §13-A-6-2, and the trial Judge was in complete error when he alon altered, or caused the 13-A-6-2-(a)(1) statue to be amended to charge 13-1-70 that had been abolished by the Alabama Legislature some 25 years ago on January 1, 1980. In **PITTMAN V. STATE,** 621 So.2d351 (Ala.crim.App.1992) quoting **Slay V. State,** 338 So.2d 3 (Ala.Crim.App.1976), the Ala.Crim.App. Court, quoting **REDDOCK V. STATE,** 23 Ala.App.290, 124 So398 (1929)

held:  "It is not within the province of any [trial] court to modify, change, or alter the statues of the state of Alabama, and no trial judge is rested with the exercise of discretion to this end. Additionally,"][a] court's lack of jurisdiction (subject matter) is fundamental and cannot be waived, and may be raised at any time. **McKinney V. State** 549 So.2d 166 (Ala.Crim.App.1989)

Lee further avers that the offenses to which he was indicted for, and to which he pled guilty too are different, and distinct in that one only requires the element of intent, while the other requires that another offense be committed in the prepertration of , or during the alleged murder.

Blantly speaking Rule 13.5 (a) would prohibit an amendment to the indictment for the purpose of charging a new offense if the new offense was not covered by the allegations of the original indictment, and was not within the contemplations of the original indictment as a lesser included offense of the charged offense. Lee asserts that neither the trial judge, nor the District Attorney, formally asked if Lee wanted to amend his indictment to charge Murder i n the First Degree, and before the court accepted Lee's guilty plea, Lee did not volunteer facts that would support a convictionfor First Degree Murder, and for the lower courts to have treated the proceedings in that case as if the original Indictment included the additional facts just because Lee pleaded guilty would **disregard** the settled principle that **"ONE CANNOT CONSENT TO AN IMPROPER AMENDMENT TO AN INDICIMENT.**

[3]

___Furthermore the trial court before entering it's judgement did not ascertain that it had maintained subject matter jurisdiction by reviewing the factual basis for the plea to ensure that the facts of the offense satisfied the elements of the amended charge.Such a process did not fulfill the requirements of due process because Lee was not aware of the nature,and the cause of the charge against him,nor of the consequence of him honestly pleading guilty to the amended charge.

Also the amended amendment to the original charge as to which the factual basis does not establish each and every element of the amended charge.The guilty plea inthis case does not contain a defect in the framework within which justice is administered,at most it contained errors in the procedural process itself not invited by the plaintiff,and not by the rules promuglated by the courts.
This type of error does **"deprive the defendant of basis protection"** without which a criminal trial cannot reliably serve it's function as a vehicle for determination of guilt,or innocence,and no criminal punishment may be regarded as fundamentally fair.**NEEEDER V. UNITED STATES,**%527 U.S.1,144 L.Ed 2d 35 (1999)

The error in the courts charge seriously affected the plaintiffs fundamental and substancial rights to notice of the accusations against him.Furthermore the appellant was denied due process of law.**STIRONE V. UNITEDSTATES,**4.L Ed2d 252 quoting **EXPARTE BAIN** @ 121 U.S.1,30 L.Ed 2d 252 held:

> "After an indictment has been returned it's charges may not be broadened through amendment except by the grandjury itself.The Bain case which has never been dissaproved,stands for the rule that a court **cannot** permit a defendant to be tried on charges that are not made in the in the indictment against him.

Justice Miller speaking for the court inholding that this couldn't be done said:

> "If it lies within the province of said court to change the charging part of an indictment to suit it's own notion of what it ought to have been or what the grandjury probaly would have of made it if their attention had been called to suggest changes,the great importance which the common law attaches to an indictment by a grand jury

[4]

> as a prerequisite to a prisoner trial for a crime, and without which the constitution says...**NO PERSON SHALL BE HELD TO ANSWER,** may be fritted away till it's value is almost destroyed.

Lee respectfully asks that this Honorable Court consider the fact that under the Constitution of this State, and of the United States that he could in no way be constitutionally convicted of a crime that does not exsist, or exsisted at the time of his alleged conduct was supposedly committed, nor at his guilty plea proceedings, under the laws of this Country and state, he could not be required to answer to two seperate crimes when he was only indicted for one. **GEETER V. STATE,** 35 Ala.App.207, 45 So.2d 167 (Ala.Crim.App.1950)

Lee further avers that the jurisdictional claims of the Rules of Court under the Alabama Rules 32.2 does not bar a jurisdictional claim in State, court, therefore because he raises claims that arises out of the same trial proceeding, in the same court, the Federal Courts should construe the claims presented in this petition for a Writ of Habeus Corpus as Jurisdictional, and the (1) year limitation period of 28 U.S.C. §2254 (d) should not apply to him in this case because he is serving time on a crime that he actually did not commit "First Degree Murder" and that the Alabama Legislature has abolished that particular crime at the time of his alleged offense, **and** that he deserves to be released because he is sitting in prison for a crime that is no longer a law, or no longer exsist in this state.

Contrary to the state assertions that Lee did not plead guilty to an offense of first degree murder, after he was indicted for intentional murder, the record thathas been presented to the state and this Honorable Court clearly shows otherwise,[verbatim] as to what the trial court accepted Lee's plea of guilt to, and to what the Grandjury voted to indict Lee on and return a indictmemt on. Therefore this court has the power and the duty to **vacate** Lee's conviction, and sentence, and allow Lee to be released because as itstands from the face of the record, Lee is serfing a Life sentence on a crime that he was not indicted for, nor a crime thatwas a law inthis state at the time of his alleged conduct, and at the time of the alleged offense was allegedly committed.

For this court to ignore thefact that the trial court constructively, amended Lee's indictment to charge an offense that Lee was not indicted for would result in a grave miscarriage of justice to leave Lee inprison on a charge that does not exsist. Because the Trial Court Violation was in violation of the United States Constitution, and the Constitution of the State of Alabama (1901) this court should not hold the fact that Lee filed this petition after the one year limitation period of §2254(d), but instead should hear and entertain this instant petition and Release Lee.

LEE ASKS THAT THIS HONORABLE COURT WOULD HEAR THE INSTANT PETITON AND VACATE HIS CONVICTION AND SENTENCE AND ORDER HIM RELEASED FROM THE CUSTODY OF THE STATE OF ALABAMA.

<u>CONCLUSION</u>

<u>BASED</u> ON THE FOREGOING FACTS, LEGAL AUTHORITIES, AND ARGUMENTS THE LOWER COURTS DID ERR BY NOT DISMISSING AND OR VACATING LEE'S CONVICTION AND SENTENCE. FOR THIS CAUSE THE LOWER COURTS JUDGEMENTS SHOULD BE REVERSED AND VACATED BY THIS COURT.

DONE ON THIS THE 2nd DAY OF NOVEMBER 2005.

RESPECTFULLY SUBMITTED,

_____
RASHAD C. LEE #213823
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

7.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS THE 1st DAY OF NOVEMBER 2005, I DID SERVE A COPY OF THE FOREGOING ON THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, AND THE CLERK OF THE DISTRICT COURT DEBRA HACKETT BY WAY OF CERTIFIED RETURN MAIL HERE IN THE LIMESTONE CORRECTIONAL FACILITY MAILROOM BY PREPAID POSTAGE IN THE UNITED STATES MAIL.

_____
RASHAD C. LEE # 213823

_____
NOTARY PUBLIC

_____
MY COMMISION EXPIRES

SUBSCRIBED AND DATED THIS _____ DAY OF _____ 2005

CC:

DEBRA HACKETT
TROY KING

8.

## M E M O   T O   A L L   P A R T I E S   I N V O L V E D

It should be noted that there are two <u>different</u> set of reporter transcripts that are consequently from the same court reporter, same case #, and same guilty plea proceedings. Apparently this was done in a conspiracy manner somewhere in the Trial Court to alter the transcripts, to cover the mistake by the trial judge in his Oral Charge in accepting the petitioner plea of guilt which caused this instant action to be before the Attorney General And the District Courts on 2254. It should be noted that if both parties would take the time too compare the set of transcripts, it will be noted that the <u>original</u> trial transcripts were signed by the court reporter on the 4th of March 2002, and the transcripts that were altered was signed and dated by the court reporter on the 13th of April 2005, only <u>after</u> the petitioner raised his claim against the trial court.
The original transcripts were filed in the clerk office on the 8th of March 2002 and the transcripts that were altered had been filed in the clerk office apparently some time in the month of April 2005. It should be known for therecord that this was done in an attempt to stop the petitoner from getting relief on this claim

   I CERTIFY THAT A TRUE AND CORRECT COPY OF THIS MEMO HAS BEN MAILED TO THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, AND THE CLERK OF THE DISTRICT COURT MS. DEBRA HACKETT.

cc; DEBRA HACKETT

 TROY KING