IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE - #213823, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | )   2:05-CV-968-T |
| BILLIE MITCHEM, WARDEN, | ) |
| et al., | ) |
| | ) |
| Respondents. | ) |

**ANSWER**

Comes now the Respondents in the above-styled cause, and in answer to Petitioner Rashad C. Lee's petition for writ of habeas corpus, state the following.

**I. PROCEDURAL HISTORY**

1. On November 2, 2000, Lee pleaded guilty in the Bullock County, Alabama, Circuit Court to murder. Circuit Judge Burt Smithart presided. Lee was represented by Attorney Keith Ausborn. On November 2, 2000, Lee was sentenced to a term of life in the penitentiary. (RX-1) Lee did not appeal from his guilty plea, conviction, and sentence. (RX-2 at pg. 3)

## II. POST-CONVICTION PROCEEDINGS

2. On October 25, 2001, Lee, pro se, executed a Rule 32, Alabama Rules of Criminal Procedure post-conviction petition challenging his 2000 conviction and sentence for murder. (RX-2, pg. 9) Lee stated in his petition that it was being mailed from the penitentiary on October 30, 2001. (RX-2, pg. 8) It was marked filed by the Bullock County Circuit Court on November 9, 2001. (RX-2, pg. 1) Lee raised the following claims for relief in his Rule 32 petition: (1) he was denied effective assistance of counsel; (2) his guilty plea was involuntary; and, (3) there was no factual basis supporting the guilty plea; therefore, the trial court erred when it accepted his guilty plea to murder. (RX-2, pg. 10-20) The State filed a motion to dismiss on December 14, 2001. (RX-2, pg. 26-29) On January 10, 2002, the Bullock County Circuit Court, Judge Smithart presiding, entered an order denying Lee relief under Rule 32. (RX-2, pg. 31-32)

3. Lee, pro se, appealed and argued that the trial court erred when it denied his ineffective assistance of counsel claim and his claim that his guilty plea was involuntary. (RX-3) On appeal, the appellate record was supplemented to include the guilty plea proceedings conducted on November 2, 2000. (RX-1)

4. On May 24, 2002, the Alabama Court of Criminal Appeals, in a memorandum decision, affirmed the denial of Lee's Rule 32 petition. The court ruled that the trial court properly dismissed Lee's assertions of ineffective

assistance of counsel because Lee failed to comply with the specificity requirements of Rule 32.6(b), A.R.Crim.P., when pleading the claim. (RX-4, pg. 2) Moreover, the court ruled that Lee's guilty plea was voluntary and therefore constituted a wavier of all non-jurisdictional defects alleged in the petition. (RX-4, pg. 2-3)

5. After Lee's application for rehearing to the Court of Criminal Appeals was denied, he filed a petition for writ of certiorari to the Alabama Supreme Court on June 27, 2002. In his petition for writ of certiorari, he argued that trial counsel was ineffective and his guilty plea was involuntary. (RX-5) On August 16, 2002, the Supreme Court of Alabama denied Lee's petition for writ of certiorari and entered a certificate of judgment. (RX-6)

6. On November 8, 2004, Lee executed a second Rule 32 petition attacking his 2000 conviction and sentence for murder. (RX-7, pg. 15) He stated in the petition that it was being mailed on November 8, 2004. (RX-7, pg. 10) It was marked filed by the Bullock County Circuit Court on December 1, 2004. (RX-7, pg 1) Lee argued that the trial court was without jurisdiction to accept his guilty plea, render judgment, or to impose sentence because the indictment charging him with murder was void. (RX-7, pg. 12-14) Lee later filed a motion to amend his Rule 32 petition alleging that the trial court was without jurisdiction to accept his guilty plea to first degree murder because the offense of first degree murder had

3

been superseded by the offense of intentional murder. (RX07, 20. 20-24) The State filed a motion to dismiss on December 15, 2004. The State pleaded that the claims were meritless and were precluded by the statute of limitation period of Rule 32.2(c), A.R.Crim.P., and that the petition was successive to the first Rule 32 petition and therefore precluded by Rule 32.2(b), A.R.Crim.P.. ( RX-7, pg 25-26) On January 7, 2005, the Bullock County Circuit Court, Judge Smithart presiding, entered an order denying the Rule 32 petition. The court ruled that the claims were precluded by Rule 32.2(c), Rule 32.2(b), and also barred because they could have been raised at trial or on appeal but were not. (RX-7, pg. 28-29) Lee appealed pro se.

7. On June 17, 2005, the Alabama Court of Criminal Appeals held that the claims raised by Lee in his second Rule 32 petition were non-jurisdictional claims and therefore subject to the preclusions of Rule 32.2, A.R.Crim.P.. Thus, the claims were precluded and the circuit court's summary denial of the Rule 32 petition was affirmed. (RX-8) Thereafter, Lee filed a petition for writ of certiorari to the Supreme Court of Alabama. He argued that the Alabama Court of Criminal Appeals erred when it denied his claims ruling that they were non-jurisdictional and precluded. He essentially raised the same claims that he raised in his Rule 32 petition. (RX-9) On September 9, 2005, the Supreme Court of Alabama denied Lee's petition for writ of certiorari and issued a certificate of judgment. (RX-10)

## III. HABEAS CORPUS PETITION

### a. Status of petition

8. On September 30, 2005, Lee executed a habeas corpus petition challenging his conviction and sentence for murder. He did not state when the petition was being mailed but it was marked filed by the Clerk of the United States District Court for the Middle District of Alabama on October 11, 2005. The petition is his first petition challenging his conviction for murder.

### b. Claims

9. Lee raised the following claims for relief in his habeas corpus petition:

(1) the trial court did not have jurisdiction to accept his guilty plea to murder because he pleaded guilty to an offense that he was not indicted for;

(2) the trial court lacked jurisdiction to impose sentence because the indictment was void because it did not show that twelve grand jurors voted to indict;

(3) the trial court was without jurisdiction to adjudicate Lee guilty of first degree murder when he was indicted for intentional murder; and,

(4) the trial court was without jurisdiction to render judgment or impose sentence because it amended the indictment charging intentional murder to charge first degree murder.

These were the same claims raised in the state courts.

10. On October 26, 2005, Lee filed a motion to amend his habeas corpus petition. (Document 9) He also filed a brief with the motion. (Document 10) The

claim raised in the amendment was that the trial court erred by charging a new offense of first degree murder under former Alabama Code § 13A-1-70 when Lee was indicted for intentional murder under Alabama Code § 13A-6-2(a)(1) (1975). The claim appears to be a restatement of the claims raised in the original habeas corpus petition and this claim was also raised in the state courts. On November 21, 2005, this Court granted Lee's motion to amend.

### c. Exhaustion

11. The claims raised by Lee in his habeas corpus petition and the amendment to his habeas corpus petition have been exhausted in the state courts.

### IV. The APPLICABILITY OF 28 U.S.C. § 2244(D)

12. Title 28 U.S.C. §2244(d) provides that a one-year period of limitation applies to an application for writ of habeas corpus by a person in custody pursuant to the judgment of the state court. The period of limitation runs from the latest of the date on which the judgment began final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). Although there are three other instances that trigger the running of the limitation period, none of those apply in the present case.

13. The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending does not count toward any period of limitation under 2244(d). 28 U.S.C. §2244(d)(2).

14. Lee pleaded guilty to murder and was sentenced on November 2, 2000. He did not appeal from his guilty plea, conviction, or sentence. (RX-1, RX-2, pg. 3) Therefore, his conviction and sentence was final on December 14, 2000, forty-two days after his guilty plea and sentence. The one-year limitation period was not tolled until October 30, 2001 when Lee executed and therefore filed his first Rule 32 petition. (RX-2, pg. 8) All but forty-four days of the federal statute of limitation period had expired before it was tolled by the filing of the Rule 32 petition. The proceedings on the Rule 32 petition were final on August 16, 2002 when the Supreme Court of Alabama issued the certificate of judgment on appeal from the denial of the Rule 32 petition. (RX-6) The federal limitation period started running again and was not tolled until after the one-year limitation period lapsed. Lee took no action on his case until he filed his second Rule 32 petition on November 8, 2004. (RX-7, pg. 10, 15) Over two years lapsed between the issuance of the certificate of judgment on the first Rule 32 petition and the filing of the second Rule 32 petition. Therefore, Lee has filed his petition for writ of habeas

corpus outside the one-year limitation period of Title 28 U.S.C. §2244(d) and it is due to be dismissed as untimely.

## V. PROCEDURAL DEFALT

15. A state habeas corpus petitioner who fails to raise his federal claims properly in the state court is procedurally barred from pursuing those claims in federal court absent a showing of cause for and actual prejudice from the default. Wainwright v. Sykes, 97 S. Ct. 2497 (1977); Bailey v. Nagle, 172 F. 3d 1299, 1302. Such a procedural default can arise in two ways. Where a state court correctly applies a procedural default principle of state law to arrive at the conclusion that a federal claim is barred, Sykes requires a federal court to respect the State's court decision. Id. Second, if a petitioner has never raised a claim in state court and the unexhausted claim would be procedurally barred under state law if the petition was dismissed without prejudice to allow the petitioner to return to state court, the claim is procedurally defaulted. Id. at 1303. A procedural default does not bar consideration of a federal claim in habeas corpus review unless the last state court rendering a judgment in the case clearly and expressly states that his judgment rests on a procedural bar. Harris v. Reed, 109 S. Ct. 1038 (1989); Bailey at 1304.

8

16. The claims Lee raises in his habeas corpus petition were the claims raised in his second Rule 32 petition. (R. 7 at pg. 13, 21-23) Although they may not have been numbered separately, the same arguments Lee makes in his habeas corpus petition challenging his guilty plea and conviction for murder are the same arguments he made within the enumerated claims raised in the Rule 32 petition. The Court of Criminal Appeals, in its June 17, 2005 decision ruled that the claims were non-jurisdictional claims and therefore subject to the procedural bars of Rule 32.2, A.R.Crim.P.. (RX-8, pg. 2, 4) The trial court, in its order denying the Rule 32 petition, held that the petition was barred by the preclusions of Rule 32.2(a)(3), and (5), Rule 32.2(b), and Rule 32.2(c), A.R.Crim.P.. (RX-7 at pg. 28-29) Because the Alabama Court of Criminal Appeals clearly expressly stated that its judgment rested on the state procedural bars contained in Rule 32.2, A.R.Crim.P., the federal courts must respect the state court's decision and these claims are procedurally barred in this Honorable Court.

### VI.  CLAIMS ADJUDICATED ON THE MERITS IN THE STATE COURTS

17. In its June 17, 2005 decision, the Court of Criminal Appeals also addressed the merits of Lee's claim that the trial court lacked jurisdiction to render the judgment or to impose the sentence because Lee was allegedly indicted for intentional murder and the trial court accepted his guilty plea to first degree

murder, an offense that Lee contends was not encompassed in the indictment. Also encompassed within that claim was Lee's claim that his conviction for first degree murder was void because Alabama no longer has separate degrees of murder. The Court of Criminal Appeals also addressed the claim that the indictment was void because allegedly it did not show that twelve grand jurors voted to indict.

18. When a claim is adjudicated on the merits in state courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) bars a federal court from granting habeas corpus relief on that claim unless the state court determination "was contrary to, or involved in unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U. S. C. §2254(d).

19. The State asserts that the Court of Criminal Appeals's adjudication of these claims on their merits was not contrary to nor did it involve an unreasonable application of clearly established federal law or result in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceedings. Therefore, relief should not be granted on these claims. If this Court rules that Lee's petition is not barred by the Federal Statute of Limitation or procedurally barred, the Respondents respectfully ask that they be

allowed to amend their Answer to the petition to address the argument concerning the merits adjudication more fully.

## VII. CONCLUSION

20. Lee's petition for writ of habeas is due to be denied because he filed his petition in this Court outside the limitation period of Title 28 U.S.C. §2244(d). Moreover, the claims raised in the petition were found to be precluded in the state courts and therefore are procedurally barred in this Court. Last, the claims were adjudicated on the merits in the state courts and the state court adjudication did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law nor was the decision based on an unreasonable determination of the facts in the light of the evidence presented at the state court proceedings. Thus, for this reason, as well, Lee's habeas corpus petition should be denied.

## VIII.  AVAILABILITY OF RECORDS

21. The Respondents have in their possession all of the records concerning Lee's conviction and post-conviction proceedings.

                Respectfully submitted,

                Troy King (KIN047)
                Attorney General
                By:

                s/Jack W. Willis
                Jack W. Willis(WIL075)
                Assistant Attorney General

# EXHIBITS

Exhibit RX-1 - Transcript of the guilty plea and sentencing proceedings conducted on November 2, 2000 in the Bullock County, Alabama, Circuit Court;

Exhibit RX-2 - Transcript of the first Rule 32 proceedings;

Exhibit RX-3 - Lee's brief on appeal from the denial of his first Rule 32 petition;

Exhibit RX-4 - The May 24, 2002 decision of the Alabama Court of Criminal Appeals affirming the denial of the first Rule 32 petition;

Exhibit RX-5 - Lee's petition for writ of certiorari to the Supreme Court of Alabama from the Court of Criminal Appeals's affirmance of the denial of his first Rule 32 petition;

Exhibit RX-6 - The Supreme Court of Alabama's August 16, 2002 certificate of judgment and order denying Lee's petition for writ of certiorari;

Exhibit RX-7 - The appellate record of the proceedings on Lee's second Rule 32 petition;

Exhibit RX-8 - The June 17, 2005 decision of the Alabama Court of Criminal Appeals affirming the denial of the second Rule 32 petition;

Exhibit RX-9 - Lee's petition for writ of certiorari to the Supreme Court of Alabama from the affirmance of the denial of his second Rule 32 petition by the Court of Criminal Appeals; and,

Exhibit RX-10 - The Supreme Court of Alabama's September 9, 2005 certificate of judgment and order denying Lee's petition for writ of certiorari;

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>9th</u> day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: <u>Rashad C. Lee, AIS #213823, Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama 35749-7009</u>.

> s/Jack W. Willis
> Jack W. Willis (WIL075)
> Office of the Attorney General
> Alabama State House
> 11 South Union
> Montgomery, AL 36130-0152
> Telephone: (334) 242-7300
> Fax: (334) 242-2848
> E-Mail: Jwillis@ago.state.al.us

231001/86747-001