COURT OF CRIMINAL APPEALS NO. _CR-01-0898_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF _Bullock_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 2000-61.60_

CIRCUIT JUDGE _Hon. L. Bernard Smithart_

Type of Conviction / Order Appealed From: _Rule 32 Petition_

Sentence Imposed: _Dismissed_

Defendant Indigent: ☒ YES ☐ NO

_Rashad Lee_

**NAME OF APPELLANT**

(Appellant's Attorney) _____ (Telephone No.)

(Address)

(City) (State) (Zip Code)

### V.

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

**NOTE:** If municipal appeal, indicate above, and enter name and address of municipal attorney below.

(For Court of Criminal Appeals Use Only)

EXHIBIT

RX-2

PENGAD 800-631-6989

INDEX

Rashad Lee vs State of Alabama                    CC 2000-61.60

CAS                                               1
Rule 32 Petition                                  2-25
Motion to Dismiss                                 26-30
Order                                             31-32
Motion For The Petitioner To Reply                33-34
Notice of Appeal                                  35
Docketing Statement                               36-37
Reporter's Transcript Order                       38
Clerk's Notice Of Appeal                          39
Letter of Transmittal                             40
Certificate of Completion                         41

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM   CASE: CC 2000 000061.60
OPER: WIJ                    CASE ACTION SUMMARY
PAGE:  1                     CIRCUIT  CRIMINAL              RUN DATE: 11/09/2001
                                                                     JUDGE: LBS
IN THE CIRCUIT COURT OF  BULLOCK

STATE  OF  ALABAMA              VS       LEE RASHAD
                                        VENTRESS CORR FACILITY
CASE: CC 2000 000061.60                 P O BOX 767
                                        CLAYTON, AL  36016 0000

DOB: 12/17/1975        SEX: M  RACE: B  HT: 5 05  WT: 150   HR: BLK EYES: BRO
SSN: 416042621  ALIAS NAMES:

CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 04/04/2000                AGENCY/OFFICER:

DATE WAR/CAP ISS:                       DATE ARRESTED: 04/06/2000
DATE     INDICTED:                      DATE     FILED: 11/09/2001
DATE    RELEASED:                       DATE   HEARING:
BOND    AMOUNT:      $250,000.00        SURETIES:

DATE 1:              DESC:              TIME: 0000
DATE 2:              DESC:              TIME: 0000

TRACKING NOS: CC 2000 000061 00  /                      /

    DEF/ATY:                       TYPE:                           TYPE:

                         00000                          00000

PROSECUTOR: WHIGHAM BOYD
```

```
OTH CSE: CC200000006100 CHK/TICKET NO:                   GRAND JURY:
COURT REPORTER:                      SID NO:    000000000       OPER: WIJ
DEF STATUS: PRISON                   DEMAND:
DATE      ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 11-9-01 | Petition filed |
| 11-16-01 | forwarded to DA |
| 12-17-01 | Motion to dismiss Petition filed |
| 12-21-01 | Motion for Petitioner to reply |
| 1-10-02 | Copies of order to all Parties |
| 1-10-02 | Order to dismiss Petition filed |
| 1-24-02 | Notice of Appeal, Docketing Statement & Reporter's Transcript filed |
| 1-24-02 | Clerk's Notice of Appeal filed — forwarded to DA, AG, Def, & Court of Criminal Appeals |

2

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

**(Pursuant to Rule 32,**
**Alabama Rules of Criminal Procedure)**

**Case Number**

GC 2000 61
ID    YR    NUMBER

IN THE _Circuit_ COURT OF _Bullock County_ ALABAMA

_RASHAD CORTEZ LEE_ vs. _State Of Alabama_

Petitioner (Full Name)                                      Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _213823_ Place of Confinement _Ventress Correctional_

County of conviction _Bullock County_

**NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY**
**THE ACCOMPANYING INSTRUCTIONS.**

1.  Name and location (city and county) of court which entered the judgment of conviction
    or sentence under attack _Union Springs Al. Bullock County_

2.  Date of judgment of conviction _Nov. 2, 2000_

3.  Length of sentence _Life_

4.  Nature of offense involved (all counts) _Murder I_

5.  What was your plea?   (Check one)

    (a)  Guilty __✓__

    (b)  Not guilty _____

    (c)  Not guilty by reason of mental disease or defect _____

    (d)  Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

   (a)  Jury _____        (b)  Judge only __✓__

7. Did you testify at the trial?

   Yes _____        No __✓__

8. Did you appeal from the judgment of conviction?

   Yes _____        No __✓__

9. If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

      (1)  Name of court _____

      (2)  Result _____ N/A _____

      (3)  Date of result _____

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1)  Name of court _____

      (2)  Result _____ N/A _____

      (3)  Date of result _____

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1)  Name of court _____

      (2)  Result _____ N/A _____

      (3)  Date of result _____

10. Other than a direct appeal ~~om~~ the judgment of conviction and s~~e~~ ~~e~~nce, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____        No __✓__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

     N/A

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____        No __✓__

     (5)  Result _____

     (6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

     N/A

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____        No _____

     (5)  Result _____

     (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____

3

5

    (2)   Nature of proceeding _____

    (3)   Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

    (4)   Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                    No _____

    (5)   Result _____

    (6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)   First petition, etc.    Yes _____        No _____

    (2)   Second petition, etc.    Yes _____        No _____

    (2)   Third petition, etc.    Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

✓   A.   <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

——— B. **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— C. **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— D. **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— E. **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____        No __X__

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____

(b) Result _____

(c) Date of result _____
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____        No __✓__

6

8.

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _Paul Bronson_

(b) At arraignment and plea _Keith Ausborn_

(c) At trial _____

(d) At sentencing _Keith Ausborn_

(e) On appeal _N/A_

(f) In any post-conviction proceeding _N/A_

(g) On appeal from adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____        No _X_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No _X_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____        No _____

18. What date is this petition being mailed?

_Oct 30, 2001_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on *October 25, 01* .
_____(Date)_____

_Rashad Lee_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the *25th* day of *October* *2001*

_____
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
_____(Date)_____

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE,
  Petitioner.

V.            CASE NO: CC-2000-61

STATE OF ALABAMA,
  Respondents.

### BRIEF IN SUPPORT OF RULE 32 PETITION

Before: THE HONORABLE: L. BERNARD SMITHART

Comes now the Petitioner Rashad Lee, pro se, and files this brief pursuant to the Alabama Rules of Criminal Procedure, Rule 32. Moving this Honorable Court in its original jurisdiction in the above styled case. Petitioner, (Lee), asks this Honorable Court to take juridical notice of its own file in this matter.

Lee contends that he is a layman of the law and files pursuant to Haines V. Kerner, 404 U.S. 519(1972); Conley V. Gibson, 355 U.S. 41(1957). This petition should be heard in it's entirety and not be dismissed if only but one material fact remains that warrants an evidentiary hearing upon its merits, and not dismissed unless absolutely no material fact can be proven beyond the reasonable doubt theory, and as grounds thereof, Lee would show:

THE CONSTITUTION OF THE UNITED STATES OR THE STATE OF ALABAMA REQUIRES A NEW SENTENCE PROCEEDING OR OTHER RELIEF.

(I) Denial of effective assistance of trial counsel.

(II) Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequence of the plea.

(III) No factual basis for acceptance of the guilty plea.

## STATEMENT OF THE CASE

In the instant case a complaint and warrant was signed on April 6, 2000,

for the arrest of Lee.

The Grand Jury returned a true bill on May 2. 2000.

Lee plead guilty to intentional murder as was charged in the indictment

on Nov. 2, 2000.  Lee received a life sentence.


## INEFFECTIVE ASSISTANCE OF COUNSEL

In the instant case Lee's family retained Keith Ausborn on June 14, 2000.

Ausborn interviewed Lee on June 27, 2000, for approximately a hour and

a half.  During this time Lee recounted his story, after which Asuborn

stated:  "Man One or Man Two."

No further discussion was had.  Ausborn gave Lee copies of the pre-trial

motion he intended to file.  These motions were filed on July 7, 2000.

Ausborn did not explain how Lee's story of the events related to the

law.  Lee was charged with intentional murder.

The Eleven Circuit has done an extensive analysis of this issue in Stano

v. Dugger, 921 F.2d 1125,1175(quiting Von Moltke V. Gillies, 322 U.S.

708,721, 68 S.Ct. 316,320, 92 L.Ed.2d 309(1948), stating as follows:

> Prior to trial an accused is entitled to rely upon his counsel to
> make an independent examination of the facts, circumstances, pleadings,
> and laws involved and to offer his informed opinion as to what plea
> should be entered. As the Court explained, 'determining whether an
> accused is guilty or innocent of charges in a complex legal indictment
> is seldom a simple and easy task for a layman even though acutely
> intelligent.' ... Although counsel duty to one who pleads guilty
> may be "lesser" than the duty to a client who decides to go to trial,
> the attorney still must 'provide his client with an understanding
> of the law in relation to the facts, so that the accused may make
> an informed and conscious choice between accepting the prosecutions
> offer and going to trial' ... These standards focus on three elements:
> (1) the law, (2) the facts, (3) the relation between them.
> Assistance of counsel thus requires that the lawyer have a grasp of
> the law and the facts so that he can provide the defendant with an
> understanding of how the law applies to the facts of the case at hand....
> obviously, if the lawyer does not have a grasp of either the law or
> the facts, he will be unable to give the defendant an "informed

2

opinion.' In such a case therefore, the lawyer will be unable to
accomplish his "function."
He will not be providing assistance of counsel, and the defendant
without an understanding of the law in relation to the facts will
by definition be unable to make a decision informed by his lawyer's
advice.

After the meeting with Ausborn, Lee had no more understanding about the

charges against him than he did before meeting Ausborn.  See Ex parte

Pierce V. State, 484 So.2d 506,508(Ala.Cr.App. 1985) citing McCarthy

V. United States, 394 U.S. 459(1969), the United States Supreme Court

Stated:

> "Because a guilty plea is an admission of all the elements of a formal
> criminal charge, it cannot be truly voluntary unless the defendant
> possesses an understanding of the law in relation to the facts."

The motions that Ausborn filed on July 7, 2000, were not explained to

Lee.  Ausborn told Lee that if he had any questions to contact him: yet

Ausborn only accepted one collect phone call from Lee during the entire

proceedings.  Lee did not talk with Ausborn again until the day he plead

guilty.

Because Ausborn did not explain the law, the facts, and how they related

in the instant case, Ausborn was ineffective, because he did not provide

Lee with an informed opinion.  Lee never understood how his conduct constituted

intentional murder.  Ausborn performance fell below the standard objectiveness

of reasonableness in this matter.

Because Lee plead guilty, it did not relieve Ausborn of his initial duty

to investigate.  Lee contends that Ausborn failed to exercise the skill,

judgment, and diligence of a reasonably competent defense attorney.  Ausborn

failed to investigate and pursue any avenues of defense.  Again the Eleven

Circuit has done an extensive analysis of this issue in Strickland V.

Washington, 693 F.2d 1243,1251, which went to the United States Supreme

Court, and set the standards of review for ineffective assistance.  That

Court agreed that the Sixth Amendment imposes on counsel a duty to investigate,

because reasonable effective assistance must be based on professional

3

decisions and informed legal choices can be made only after investigation of options. The Court observed that counsel's investigatory decisions must be assessed in light of the information known at the time of the decisions, not in hindsight, and that "the amount of pre-trial investigation that is reasonable defies precise measurment."...

Nevertheless, putting guilty pleas cases to one side, the Court attempted to classify cases presenting issues concerning the scope of the duty to investigate before proceeding to trial.

If there is only one plausible line of defense, the Court concluded counsel must conduct a "reasonably substantial investigation" into that line of defense, since there can be no strategic choice that renders such an investigation unnecessary. Id. at 1252. The same duty exists if counsel relies at trial on only one line of defense, although others are available. In either case, the investigation need not be exhaustive. It must include "an independent examination of the facts, circumstances, pleadings and laws involved."...
The scope of the duty, however, depends on such facts as the strength of the governments case and the likelihood that pursuing certain leads may prove more harmful than helpful. Id at 1253n.16
If there is more than one plausible line of defense, the court held, counsel should ideally investigate each line substantially before making a strategic choice about which line to rely on at trial. If counsel conducts such substantial investigations, the strategic choice made as a result "will seldom if ever be found wanting." Because advocacy in an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment, id. at 1254.
If counsel does not conduct a substantial investigation into each of several plausible lines of defense, assistance may nonetheless be effective. Counsel may not exclude certain lines of defense for other than strategic reasons. Id at 1257-58.
Limitation of time and money, however, may force early strategic choices, often based solely on conversations with the defendant and a review of the prosecutions evidence. These strategic choices about which line of defense to pursue are owed deference commensurate with the reasonableness of the professional judgment on which they are based. Thus "when counsel's assumptions are reasonable, given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to employ at trial. Id at 1255. Among the factors relevant to deciding whether particular strategic choices are reasonable are the experience of the attorney, the inconsistency of unpursued and pursued lines of defense, and the potential for prejudice from taking unpursued lines of defense. Id at 1256-57n.23.
Having outlined the standards for judging whether defense counsel fulfilled the duty to investigate, the Court of Appeals turned its attention to the question of the prejudice to the defendant that must must be shown before counsel's error justify reversal of judgment.

14

The Court observed that only in cases of outright denial of counsel, of affirmative government interference in the representation process, or of inherently prejudicial conflicts of interest had the Court said that no special showing of prejudice need be made.  Id at 1258-59, for case of deficient performance by counsel, where the government is not directly responsible for the deficiences, and maybe more accessible to the attorney the defendant must show that counsel's errors "resulted in actual and substantial disadvantage to the course of his defense." Id at 1262.

During the interview with Ausborn, Lee informed him of the circumstance surrounding his statement that was given to Officer Rodgers.  Before the statement was given Lee had expressed a desire to have counsel present. Officer Rodger's continued to bombard Lee with questions, and even brought in Lee's uncle (Roy C. Lee) to coerce Lee into giving a statement.  Specifically, Roy C. Lee, told Lee that he "would not get him a lawyer, or do anything to help him unless Lee told them (the officers) where the body was.  Thus, Lee's statement was subject to the restraints of Miranda V. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 649;  See Ex parte Gospodareck, 666 So.2d 844,845(Ala. 1995), where it was held"

"If the individual indicates in any manner, at any time prior to or during questioning that he wishes to remain silent,[or if he] states that he wants an attorney, the interrogation must cease." An accused can waive the right to remain silent or to consult with an attorney, provided that the waiver is knowingly, intelligently and voluntarily made....

Its reasonable to assume that Ausborn advise Lee that his statement would be the subject of a supression hearing, however, he failed to do so. Do to the circumstances of the instant case, it was imperative that Ausborn interview Roy C. Lee, to determine what part Roy C. Lee play in the coercion of Lee's statement.  However, Ausborn did not advise Lee of the significances of the circumstances surrounding his statement, nor did Ausborn interview Roy C. Lee.

During the initial interview Lee told Ausborn of the stormy relationship between himself and his wife, and gave Ausborn the names of several people, (Derrick Tarver, Matthew Harris, Zathia Rover, and Bridgette Rover) who could have attested to this fact.  Yet Ausborn did not seek to interview any of them.  This avenue of investigation could have been in preperation

5

*(See Rovers Attached statement)*

for a spouseal abuse defense.  See Bonner V. State, 740 So.2d 439(Ala.Cr.App. 1998), where it was stated:

> "Battered spouse" syndrome has increasingly gained recognition in Alabama and in courts throughout the country. See Ex parte Haney, 603 So.2d 412(Ala. 1992).

Lee also informed Ausborn that his wife was armed with a knife, and that during the struggle he'd taken the knife away from her and threw it out of the window of the car.  Ausborn did not attempt to recover the knife. This avenue of investigation could have been in preparation for a provocation defense during trial.  See Williams V. State, 675 So.2d 537,541(Ala.Cr.App. 1996), citing Shiflett V. State, 507 So.2d 1056(Ala.Cr.App. 1987)

> "To constitute adequate legal provocation, circumstances must be of a nature calculated to influence the passion of the ordinary reasonable person."
> "... heat of passion" manslaughter is designed to cover those situation where the jury does not believe that the defendant is guilty of murder but also does not believe that the defendant was totally justified by self defense.

Ausborn later filed a motion to inspect the automobile on Aug. 5, 2000; Yet Ausborn did not do so.  An inspection of the car would have revealed that a struggle had actual occurred, and that the car had been recently involved in an accident.  This avenue of investigation would have bee in support of Lee's story.  See State V. Terry, 601 So.2d 161,164(Ala.Cr.App. 1992), where it was held:

> Effective representation consistant with the Sixth Amendment involves the  independent duty to investigate and prepare....
> Failure to investigate and failure to pursue witnesses cannot be categorized as trial strategy.....Counsel has a duty to exercise diligence in preparing a case for trial and in procurring witnesses. (citations omitted).

In the instant case Ausborn's failure to investigate compromised Lee's defense.  Lee was never advised of any potental defense, as a direct result of Ausborn's failure to investigate Lee was denied the opportunity to meet the State's case;  Lee could not demand to proceed to trial because all Lee knew was that the "State would show his kids the autopsy photos," as he was advised by Ausborn.

Ausborn appeared as counsel of record on July 7, 2000, yet as late as

Aug. 22, 2000, he had not received the discovery material, nor had Ausborn received the legal file from the previous counsel.  In a motion filed for continuence by Ausborn on Aug. 22, 2000,  Asuborn stated as following:

> "2) In order to adequately DEFEND, Counsel for the Defendant will need adequate time to meet with his client, familiarize himself with the facts of this case, conduct Discovery, interview potential witnesses, and take such other action as may be necessary to perform his duty to represent the DEFENDANT, with said Defense Counsel still awaiting delivery of said Defendant's Legal File from Previous Counsel, HONORABLE PAUL BRUNSON, JR."

In fact Ausborn did not receive the "legal File" until mid Oct. 2000; after that time Ausborn never discussed the case with Lee, nor did Ausborn interview any witnesses, or any type of investigation.

Without pursuing any line of defense Lee was prejudiced.  Lee could not assert his known defenses, spouseal abuse, provocation, heat of passion, or self - defense.  Either of these defense would have negated the intent, which is essential for a murder conviction.  If not for Ausborn's failure to investigate the out come would have been different.

It was Lee's desire to go to trial, yet Ausborn was not prepared for trial, Ausborn had not done any investigation, nor had he advise Lee of any defenses.  Ausborn only advised Lee that if he went to trial the District Attorney would show his kids, (Lee) the autopsy photos.  If not for Ausborn's ineffectiveness in investigating the State's case, his (Ausorn) failure to inform Lee of how the facts, and the law relates in his case, and Ausborn's failure to advise Lee of any defenses, Lee would have insisted on go to trial.

CONVICTION OBTAINED BY A PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARY WITH UNDERSTANDING TO THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.

Lee contends that because of counsel's  (Ausborn) ineffectiveness, and counsel failure to consult with Lee adequately, Lee could not have entered the plea of guilty with the understanding of the nature of the charge and the consequences of the plea.  See Wofford V. Wainwright, 748 F.2d 1505,1508(11thCir. 1984)

"Although counsels duty to one who pleads guilty may be 'lesser' than the duty to a client who decides to go to trial, the attorney still must provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecutions offer and going to trial.

Lee stresses that because Ausborn failure to familiarize himself with the law and the facts and how they relate, there isno way possible that Ausborn could give Lee an informed opinion.  See Scott V. Wainwright, 689 F.2d 427,429-30, where it was held:

The guilty plea cannot have been knowing and voluntary however, if a defendant does not receive effective assistance of counsel in connection with the decision to plead guilty, because the plea does not then represent an informed choice.... Counsel must be familiar with the facts and the law in order to advise the defendant of the options availabel.
...The guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision....
It is clear that Vernell did not channel his investigation on basis of an informed professional assessement of Scott's potential defenses. He simply failed for no apparent reason related to Scott's case to investigate the facts; his unfamiliarity with the fact and the law relevant to Scott's case made him so ineffective that Scott's guilty plea was not knowingly and voluntarily entered. Scott's sole choice was to plead guilty or face sure conviction because his attorney could not properly assert his known defenses. Such a choice deprives the plea of the voluntariness required to meet constitutional standared. (citations omitted).

Lee had every intention to go to trial, however Ausborn, never discussed what witnesses would be subpoenaed, whether Lee would take the stand at trial, nor was there any discussion concerning Lee's defense.  Lee was only told that the State would show his kids the autopsy photos.  O. the day that Lee was to go to trial, Lee told Ausborn that he wanted to go to trial, at that time Ausborn went to Lee's family and enlisted them to convince Lee into pleading guilty.  In Williams V. State, 596 So.2d 620,623(Ala.Cr.App. 1991)Citing Hill V. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203(1985) it was held:

"We hold, therefore, that the two-part Strickland V. Washington, test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland V. Washington test is nothing more than a restatement of the standard of attorney competence already set

8

forth in Tollett V. Henderson [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235(19730] and McMann V. Richardson, [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763(1970)]. The second, or 'prejudice' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial.

There can be no question about Lee's desire to go to trial. Lee continued to attempt to contact Ausborn concerning matters of going to trial. But, Ausborn was unresponsive.

What's really shocking to the conscious, is the actual deal. Ausborn coerced Lee into pleading guilty to intentional murder as was charged in the indictment, and Lee pleaded for the maximum sentence that the law would allow, [LIFE]. Lee did not understand the consequences of his plea. In two motions filed by the Defendant's counsel Ausborn referred to this sentence as the "Ultimate Sanction...LIFE IMPRISONMENT". See Defendant's Motion For Mental Examination...; and Defendant's Motion For State Funds...; both filed on Aug. 5, 2000. In Smith V. United States, 223 F.2d 750,754(5thCir. 1955) Judge Rives observed over forty-five years ago:

> The lack of constitutional and evidentiary safeguards thrown around a convicted offender is in striking contrast to those surrounding him before he is found guilty. Yet every lawyer engaged in defending criminal cases knows that often a finding of guilt is a foregone conclusion, and that the real issue centers about the severity of the punishment....

Lee ask this Honorable Court to consider the deal in Tyree V. State, 717 So.2d 1(Ala.Cr.App. 1997), where it was held:

> Record showed that trial counsel was not ineffective on theory he failed to prepare for trial; attorney reached a plea bargain agreement whereby other charges against defendant were dropped, and other than a jury finding him not guilty, defendant got the best sentence that was possible.

In the instant case Ausborn coerced Lee into pleading guilty to a Life sentence, the "Ultimate Sanction ... LIFE IMPRISONMETN" Lee was facing (10) ten years to Life for the Class A felony, a first time offender. It's conceivable that the charge could have been reduced to manslaughter

(2) two to twenty. What is inconceivable is that Lee plead to life.  See

Esslinger V. DAvis, 44 F.3d 1515,1529-30(11thCir. 1995), where the 11th

Circuit held:

> ...had Esslinger understood the full consequence of the "deal" Harrison
> had made - a plea of guilty of first degree rape in exchange for
> the minimum sentence the law would allow, a mandatory prison sentence
> of ninety-nine years or life - Esslinger would have known that he
> had nothing to gain by pleading [guilty], nothing to lose by going
> to trial.

Likewise, Lee in the instant case had nothing to lose by going to trial,

which was his desire.  If not for Ausborn Lee would have went to trial.


WHETHER THERE WAS FACTUAL BASIS FOR ACCEPTANCE OF THE PETITIONER'S
GUILTY PLEA?

In the instant case Lee entered an involuntary guilty plea; the trial

court accepted the plea without developing any factual basis on the record,

as is required by Clark V. State, 318 So.2d 805(1974).  Without question

there are a number of ways to meet this requirement; however, it must

be developed on the record.

The Alabama Court of Criminal Appeals has done an extensive analysis

of this issue in Atteberry V. State, 448 So.2d 425,427(Ala.Cr.App.1983),

where it was held:

> ...The finding of a factual basis must be grounded upon some
> **indication in the record that the accused actually committed acts
> that would justify a conviction based upon his guilty plea**....
> It is clear that the accused does not personally have to state facts
> which would show that he committed the offense if other information
> is before the trial judge from which he can make the determination.
> ...That 'other information" may include facts contained in a pre-
> sentence investigation report... confessions... and the D.A.'s
> assertions of what he expects the evidence to show...
> In fact, when the offense is simple and specific, the rule requiring
> the determination of a factual basis may be satisfied by a reading
> of the charge....
> **There does, however, have to be some factual basis developed on the
> record.**

Due to the nature of the charged as indicted in the instant case; Intentional

Murder, Code of Alabama 1975, §13A-6-2(a)(1):

> (a) A person commits the crime of murder if:
>    (1) With **intent** to cause the death of another person, he cause
>    the death of that person or of another person;

20

See Martin V. State, 705 So.2d 876,878(Ala.Cr.App. 1997), where it was held:

A guilty plea is an admission of all the elements of the offens... In the instance case **intent** is a substantial element of the crime of murder. There is nothing in the colloquy between the Court and Lee that would sustain the vital element of the murder conviction. The District Attorney gave no assertion as to what he expected the evidence would show, Yamada V. State, 426 So.2d 906 (Ala.Cr.App. 1982).

Due to the complexity of the charge, a simple reading of the indictment would not suffice, Morris V. State, 424 So.2d 1380(Ala.Cr.App. 1982); See also Young V.State, 408 So.2d 199(Ala.Cr.App. 1981); Though Lee did give a statement, this statement would not support the essential element of **intent**. See Lee's statement :

"... Latasha pulled a knife from under the seat of the car and tried to stab me I grabbed Latasha around her neck with my right hand. Latasha dropped the knife and started kicking me. She was fighting me and I got the knife and threw the knife out the window. I still had her by the throat and she went limp and leaned against [the] window. I drove home and went in the house and left her in the car. I stayed in the house for about an hour. I came back out and **she was still sitting in the car** the way I left her. **I checked her and she didn't move. I moved her head back and forth and I lifted her arm up and it fell back down....**

From Lee's statement his initial conduct do not constitute **intent**. Intentional murder was discussed in Perry V. State, 647 So.2d 71,74(Ala.Cr.App. 1994), where it was held:

Intentional murder is defined as intentionally causing the death of another person. Ala.Code 1975, §13A-6-2(a)(1). It is undisputed that the appellant cause the death... The appellant complains in his brief that "[t]he State did not present any direct evidence at trial which could have established the element of intent to murder."... However, as the appellate courts of this state have repeatedly observed:

"Intent being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstance as developed by the evidence.' (citations omitted)./

In the instant case form Lee's statement it could not be inferred that he intentional cause the death of his wife. There is no factual basis for accepting Lee's guilty plea for intentional murder.

11

## CONCLUSION

Whereas, Lee has shown this Honorable Court through clear and convincing evidence that trial counsel was ineffective, that his guilty plea was not voluntarily, and there was no factual basis for the acceptance of his guilty plea.  Lee seeks relief from this conviction, and this cause is due to be reversed as a matter of law.

Done this the ___25th___ day of __October__ 2001.


Respectfully submitted,

Rashad Lee
P.O. Box 767
Clayton, AL. 36016


Sworn to and subscribed before me on this the ___25th___ day of __October__, 2001

Notary

18SEP05
My Comm. Expires

12

IN THE THIRD JUDICAL CIRCUIT COURT

OF BULLOCK COUNTY, ALABAMA

RASHAD LEE,

    PETITIONER,

       VS.

    STATE OF ALABAMA
        RESAPONDENT.

CASE NO. CC-00-61

## SWORN AFFIDAVIT OF ZANTHIA ROVER

    Comes now the affiant, Zanthia Rover under oath, and states that the foregoing facts are true and correct to the best of my knowledge, recollection and belief.  I am the affiant and have personal knowledge of the facts as stated herein.

    This affidavit is in regards to numerous events of threats and attempt assaults towards me, my child and Rashad Lee by Latasha Lee, her family members and her friends.

    During the month of October 1999, Natasha would constantly ride by my house as I sat in the yard and constantly harass me when I was pregnant.

    And during the month of November 1999, Natasha along with some of her family members, twice came to my house and threatned me asking me if the child I was carrying was Rashad's and if so, she would kill both me and my baby.  These threats by Natasha continued until I gave birth to my child and then developed into attempt assaults and/or attempt murder.

    On April 1, 2000, Natasha along with a car load of her friends pulled up to me as I was at the gas station with my two month old child and attempted to assult me as I held my baby in my arms.  When I left the gas station, they chased me on the highway at speeds up to around 100 mph, attempting to run me and my baby off the road and kill us.

## AFFIANT'S VERIFICATION UNDER OATH SUBJECT TO PENALTY OF PERJURY

    I affirm under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge,

recollection and belief.

Sworn and subscribed to on
this 30 day of October, 2001.

_____
Notary Republic,

_____
ZANTHIA ROVER
P.O. BOX 831
UNION SPRINGS, AL. 36089
1-15-2002
_____
Commission Expires.

24

Case Number

| ID | YR | NUMBER |

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*Circuit Court of Bullock County*

[Insert appropriate court]

*Rashad Lee*

(Petitioner)

vs.

*State of Alabama*

(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _____*Rashad C. Lee*_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?       Yes _____       No _X_____

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    *March 2000   900⁰⁰*

    _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

    Yes _____       No _X_

    b.  Rent payments, interest, or dividends?

    Yes _____       No _X_

    c.  Pensions, annuities, or life insurance payments?

    Yes _____       No _X_

    d.  Gifts or inheritances?

    Yes _____       No _+_

    e.  Any other sources?

    Yes _√_       No _____

*11-15-01
In Forma Pauperis
Granted
BY SELF*

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_mom & family   600⁰⁰_

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____        No __X__

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____        No __X__

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_Zaria, Rasheem, Rashondria Lee      0⁰⁰_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on    _10·21·01_                                        _513823_
                    (Date)

_Raishael Lee_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _35.81_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Ventress_ institution:

_Computed monthly balance attached_

_10/22/01_
DATE

_B. Lee_
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE, AIS#213823,           )
    Petitioner,                    )
vs.                                             )    CASE NO: CC-2000-61.60
STATE OF ALABAMA,                   )
    Respondent.                   )

### <u>MOTION TO DISMISS</u>
### <u>PETITION FOR RELIEF FROM CONVICTION OR SENTENCE</u>
### (PURSUANT TO RULE 32)

Comes now the State of Alabama, by and through its District Attorney, Boyd Whigham,

and says as follows:

    1. Petitioner alleges the following issue:

        A. Ineffective assistance of counsel.

    2. The only issue that the Petitioner sets forth is "ineffective assistance of counsel",

which fails to meet the requirements of Rule 32.6(b). The grounds raised as to ineffective

assistance of counsel fail to rise to the level that the courts have recognized as ineffective.

The Petitioner alleges that the plea was not voluntary as a result of his sentence being Life,

the maximum for intentional murder.

    In order to constitute cause sufficient to overcome procedural default, a counsel's

performance must be <u>constitutionally</u> ineffective under the standards of <u>Strickland v.</u>

<u>Washington,</u> 466 U.S. 668, 104 S. Ct. 2052, 80L. Ed. 2d 674 (1984). <u>Jackson v. Herring,</u>

42 F.3d 1350,1358 (11th Cir. 1995); <u>Devier v. Zant,</u> 3 F. 3d 1445,1456 (11th Cir. 1993);

<u>Smelchor v. Attorney General of Alabama</u>, 947 F. 2d 1472,1475 (11th Cir. 1991).

    In <u>Strickland,</u> the Court set forth the test for determining whether counsel's performance

"so undermined the proper functioning of the adversarial process that the trial cannot be relied

on as having produced a just result." <u>Id,</u> 466, 104 S. Ct. at 2064. This test has two prongs:

27

> First, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel was not
> functioning as the 'counsel' guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must show that
> the deficient performance prejudiced the defense.  This
> requires showing that counsel's errors were so serious as to
> deprive defendant of a fair trial, a trial whose result is reliable.

Under <u>Strickland</u>, counsel's performance is measured for "reasonableness under profess-ional prevailing norms".

3.  Ineffective assistance of counsel involving the plea colloquy will not render a plea involuntary, and a petitioner is precluded from raising ineffectiveness as it relates to the voluntariness of the plea.  In *Dubose v. State,* 1994 WL 717065(Ala.Crim.App.1994), the Petitioner tried to claim that his attorney was ineffective in that he had provided inadequate and incorrect advice during and in preparation for his plea colloquy.  As noted above, since *Ex parte Jackson* 598 So.2nd 895(1992), ineffective assistance of counsel must be raised at the trial level, and will usually be precluded from Rule 32 relief.  Dubose attempted to get around the fact that ineffective assistance had not been raised at the trial level by arguing that the ineffectiveness caused the guilty plea to be involuntary.  The Petitioner argued that he could, therefore, raise the issue at anytime, in accordance with *Gordon v. Nagle,* 647 So.2d 91 (1994). The Court of Criminal Appeals held that *Cantu. Gordon* and the progeny do not apply to vitiate the requirement that claims of ineffective trial counsel be raised at the trial level.

> [W]e do not read[*Parish, Cantu.* and *Gordon*] to extend to claims of
>
> ineffective assistance of counsel involving alleged plea colloquy errors.
>
> Instead, we deem all claims of ineffective assistance of counsel to fall
>
> within the holding of *Ex parte Jackson*--they must be preserved by
>
> proper objection in the trial court.

Ineffective assistance of counsel claim which was not raised cannot be shoehorned into a Rule 32 petition on the grounds that the attorney's ineffectiveness was rendered during the plea colloquy.

### 4. COUNSEL'S PERFORMANCE

"When reviewing whether an attorney if effective, courts 'should always presume strongly that counsel's performance was reasonable and adequate'." Rogers v. Zant, 13 F. 3d 384, 386 (11th Cir. 1994). Further, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is Petitioner's to bear, is and is supposed to be a heavy one." Id at 386. The Rogers court additionally noted that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."[d.

Applying the foregoing principles to the instant case, it is clear that Petitioner has failed to prove the first prong of Strickland v. Washington, and thus he has failed to establish cause for the procedural default.

5. All matters raised as to ineffective assistance of counsel are not supported by the record.

6. Petitioner was represented by a skilled and experienced trial lawyer who provided able assistance of counsel. Counsel was employed by the Defendant and his appointed counsel was discharged.

7. The Petitioner fails to state a claim upon which relief may be granted.

8. Attached hereto and made a part hereof is a letter from Robert E. Lusk, Jr., Assistant General Counsel, Alabama State Bar, addressing certain discovery material mailed to Attorney

Keith Ausborn.  That the court address the issue of whether the State has any duty to mail these items to the Defendant.

9.  The State opposes the delivery of the material to the Defendant and requests this Honorable Court to deny said demand.

10. No material issue of fact or law exists which would entitle Petitioner relief.

11. The Petitioner is not entitled to relief because the grounds for relief stated in the Petition:

      (a) Could have been but were not raised or addressed at trial;

      (b) Could have been but were not raised on appeal.

That the Petition should be dismissed or in the alternative each ground should be denied.

Respectfully submitted this 14 day of December, 2001.

                    Boyd Whigham, District Attorney
                    P.O. Box 61
                    Eufaula, Alabama 36072-0061

### CERTIFICATE OF SERVICE

I hereby certify that I have this 14 day of December, 2001, served a copy of the above and foregoing pleading on Rashad Lee, AIS#213823, Ventress Correctional Facility, P.O. Box 767, Clayton, Alabama 36016, and Honorable Keith Ausborn, Attorney for the Defendant, 1224 Ryan Street, Montgomery, Alabama 36107, by placing a copy of same in the United States mail, postage prepaid.

                    Boyd Whigham



ALABAMA STATE BAR
**THE DISCIPLINARY COMMISSION**
TELEPHONE 334-269-1515
P.O. BOX 671
MONTGOMERY, AL 36101

DELIVERY ADDRESS:
415 DEXTER AVENUE
MONTGOMERY, AL 36104

FAX: 334/261-6311

December 5, 2001

**CERTIFIED MAIL**

Honorable S. Boyd Whigham
District Attorney
Post Office Box 61
Eufaula, AL  36072-0061

Re:    CC-00-0061, Circuit Court of Bullock County
       Rashad Lee - Defendant
       Videotapes of Crime Scene and Autopsy

Dear Mr. Whigham:

I am writing to follow up our telephone conversation of December 4, 2001 regarding the above-referenced matter. As we discussed, our office is in possession of videotapes of the crime scene and autopsy relating to the above-referenced criminal case. The defendant, Rashad Lee, has made demands that we forward copies of these tapes to him. One of the tapes in question is labeled "Video to Keith Ausborn – 10/24/2000 – Boyd." Based upon that labeling, it appears that the tapes may be the property of the State of Alabama. Therefore, we are forwarding the enclosed tapes to your office for disposition.

By copy of this letter, I am advising Mr. Ausborn and Mr. Lee that the tapes are on deposit with your office. And, should either desire production of the tapes, then they should file a request with your office or the Circuit Court.

Sincerely,

Robert E. Lusk, Jr.
Assistant General Counsel

REL/car

Enclosure
cc:    Mr. Keith Ausborn
       Mr. Rashad Lee

RULE 30. ALABAMA RULES OF DISCIPLINARY PROCEDURE OF THE ALABAMA STATE BAR, ADOPTED BY THE SUPREME COURT OF ALABAMA, PROVIDES THAT ALL DISCIPLINARY PROCEEDINGS SHALL REMAIN CONFIDENTIAL UNTIL A PLEA OF GUILTY OR THE DISCIPLINARY BOARD OR DISCIPLINARY COMMISSION MAKES A FINDING OF GUILTY.

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE, AIS#213823,      )
      Petitioner,               )
                                 )
vs.                               )     CASE NO: CC-2000-61.60
STATE OF ALABAMA,        )
      Respondent.        )

### ORDER

This matter coming before the Court on Rule 32 Petition and a response by the State, the Court makes findings of facts and conclusion of law as follows:

The Court finds that the Petition is without merit in that the Petitioner was represented by an experienced attorney of his choosing and the record does not support the allegations of ineffective assistance of counsel. The Court finds that the Petitioner's claim of ineffective assistance of counsel is without merit and no material issue of fact or law exists which would entitle the Petitioner to relief.

The Court finds that issues raised by the Petition fail to contain a clear and specific statement of the grounds upon which relief is sought to include a factual basis of the grounds, as required by Rule 32.6(b). The allegation of ineffective assistance of counsel in his guilty plea is without merit.

The Court further finds that the issue raised is precluded under Rule 32.2(a)(3) and Rule 32.2(a)(5).

The Court further finds that the trial judge considering this Rule 32 Petition is the same judge that took the guilty plea on November 2, 2000, and further finds that the Defendant understood his rights and the nature and consequences of entering his plea of guilty to intentionally killing his wife by choking her and thereafter attempting to bury her body to conceal her murder.

The Court further finds no legal basis to require that the crime scene and autopsy tapes be

32

delivered to the Defendant. The District Attorney is directed to retain said tapes pending further orders from this Court.

It is therefore **ORDERED and ADJUDGED** that the Petition be dismissed pursuant to the provisions of Rules 32.6(b), 32.2(a)(3), and 32.2(a)(5). All issues are hereby **DISMISSED** pursuant to Rule 32.7(d), Alabama Rules of Criminal Procedure.

**ORDERED and ADJUDGED** this _10th_ day of ~~December 2001~~ _January 2002_.

Burt Smithart, Circuit Court Judge

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE,
     Petitioner.

V.                       CASE NO. CC-00-61

STATE OF ALABAMA,
     Respondents.

### MOTION FOR THE PETITIONER TO REPLY

Comes now the Petitioner, Rashad Lee, pro se, pursuant to the Alabama

Rules of Court Rule 32.3; and Ex parte Rice, 565 So.2d 606(Ala.1990),

seeking an order to allow the Petitioner 30 days to respond to the State's

Answer; The Petitioner shows case as follows:

1) Petitioner filed a Rule 32 petition on or about Oct. 30, 2001.

2) The State responded with a motion to dismiss on or about Dec. 14, 2001.

3) Due process requires that the Petitioner be given an opportunity to respond.

4) PUrsuant to Ex parte Rice, 565 So.2d 606,608(Ala.1990), which states:

    "... thereby giving the petitioner the notice he needs to attempt
    to formulate arguments and present evidence to "disprove the
    existence of those grounds by a preponderance of the evidence."

Wherefore premises consider the Petitioner prays that this HOnorable

Court will grant this motion allowing the Petitioner the opportunity

to respond to the State's motion to dismiss.

Respectfully submitted,

Rashad Lee
V.C.F.  10-B
P. O. Box 767
Clayton, AL. 36016

Done this the _____ 20th _____ day of _____ Dec. _____, 2001.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS ___20th__ DAY OF __Dec._____. 20 _01_. I

SERVED A COPY OF THIS THE FOREGOING (INCLUDING EXHIBITS), ON THE PLAINTIFFS

BY PLACING SAID COPY IN THE UNITED STATES MAIL, FIRST CLASS, POSTAGE PREPAID

AND ADDRESSED AS FOLLOW:

Office of the District Attorney

Third Judicial Circuit of Alabama

P. O. Box 61

Eufaula, AL. 36072

35

# Notice of Appeal
## To The Court Of Criminal Appeals of Alabama

_Rashad Lee_
**Appellant**

vs.

State of Alabama
**Appellee**

In The Circuit Court

of _Bulloch_ County.

Case No.: _CC-2000-6660_

_Jan. 10, 2002_
**Date of Judgment**

&

_____
**Post Judgment Order**

Notice is hereby given that _Rashad Lee_ appeals to the above-named court from the judgment of conviction ( _Denial of Rule 32 petetion_ ) entered in this case on the
**or other order describing it**
_10th_ day of _January_ , _19_ _2002_ , adjudging the defendant to be guilty of the offense of _____ _n/a_ _____ and as punishment thereof sentencing the defendant as follows: _____ _n/a_

Filed: _____
**Date**

Certified as a true copy.

_Rashad Lee_
**Appellant**

_Rashad Lee 213823_

_V.C.E. P.O. Box 767_

_Clayton Al 36016_

_Jan. 23, 2002_
**Date**

_____
**Circuit Clerk**

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_____._____ |
| --- | --- | --- |

**A. GENERAL INFORMATION:**

☐ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF *Bullock* COUNTY

*Rashad Lee* , Appellant

V.  ☑ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>CC-00-61-60 | Date of Complaint or Indictment<br>N/A | Date of Judgment/Sentence/Order<br>Jan. 10, 2002 |
| --- | --- | --- |
| Number of Days of Trial/Hearing<br>N/A        Days | Date of Notice of Appeal<br>Oral: | Written: Jan. 23, 2002 |
| Indigent Status Requested: ☑ Yes ☐ No | Indigent Status Granted: ☑ Yes ☐ No | |

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self?  ☑ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>*Rashad Lee , Pro se* | Telephone Number |
| --- | --- |
| Address<br>P. O. Box 767 | City<br>Clayton | State<br>Al | Zip Code<br>36016 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.    N/A

| Codefendant | Case Number |
| --- | --- |
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☑ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) _____

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☑ Homicide - § 13A-6-2(a)(1)
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - OUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☑ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☑ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.    Jan. 23, 2002 (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP- 26 (back)    8/91    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Appellant was charged with murder, and later plead guilty to the same, and received a life sentence.  Appellant did not take a direct appeal.
Appellant filed a Rule 32 petition inwhich he raised three claims: 1) Denial of effective assistance of counsel; 2) guilty plead was unlawfully induced...; 3)
No factual basis for acceptance of the guilty plead.
The State filed a motion to dismiss on or about Dec. 14, 2001; On or about Dec. 21, 2001, the Appellant filed a motion of intent to responsed.
The Trial Court entered an order on Jan, 10, 2002, dismissing the petition.
Thus, this appeal

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

Whether the petition was sufficiently specific to appraise the State and the Trial Court of the issues raised in the petition?

Whether the Trial Court's Order denying the petition was sufficiently specific to afford the Appellant due process?

Whether the Trial Court erred in its findings concerning ineffective assistance of counsel?

Whether the Trial Court failure to address the issue of the factual basis for acceptance of the guilty plea?

**K. SIGNATURE:**

Jan 23, 02
Date

Signature of Attorney/Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER —<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | NAL | Criminal Appeal Number<br>_____ - _____ |

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

☑ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF **BULLOCK** _____ COUNTY

**RASHAD LEE** _____, Appellant

V.    ☑ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number<br>CC-00-61.60 | Date of Judgment/Sentence/Order<br>Jan. 10, 2002 |
| Date of Notice of Appeal<br>Oral: | Written: Jan. 23, 2002 | Indigent Status Granted:<br>☑ Yes  ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT. I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_____    _____    _____
Signature                    Date                         Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**

COURT REPORTER(S)

A. ☑ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.    **Kellie Mills**
_____
_____

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)
_____
_____

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)
_____
_____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

X *Rashad Lee*    *Jan 23, 02*    **Rashad Lee**
Signature            Date            Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

57

## NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
### BY THE TRIAL COURT CLER

Rashad Lee _____  V.   [X] **STATE OF ALABAMA**
**APPELLANT'S NAME**                    [ ] **CITY OF** _____
(as it appears on the indictment)                          **APPELLEE**

● [X] **CIRCUIT**   [ ] **DISTRICT**   [ ] **JUVENILE COURT OF** Bullock ____ **COUNTY**
**CIRCUIT/DISTRICT/JUVENILE JUDGE:** Hon. L. Bernard Smithart _____

**DATE OF NOTICE OF APPEAL:** __January 23, 2002__
(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
Granted Indigency Status at Trial Court:                [ ] Yes [X] No
Appointed Trial Counsel Permitted to Withdraw on Appeal:   [ ] Yes [X] No
Indigent Status Revoked on Appeal:                    [ ] Yes [X] No

**DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed?   [ ] Yes [XX] No

**TYPE OF APPEAL: (Please check the appropriate block.)**
[ ] State Conviction        [ ] Pretrial Appeal by State    [ ] Juvenile Transfer Order
[X] Rule 32 Petition        [ ] Contempt Adjudication       [ ] Juvenile Delinquency
[ ] Probation Revocation    [ ] Municipal Conviction        [ ] Habeas Corpus Petition
[ ] Mandamus Petition       [ ] Writ of Certiorari          [ ] Other(specify) _____

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

**TRIAL COURT CASE NO.:** CC 2000-61.60 _____

**DATE ORDER WAS ENTERED:** January 10, 2002 ____   **PETITION:** [XX] Dismissed  [ ] Denied  [ ] Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**
**DATE OF CONVICTION:** _____   **DATE OF SENTENCE:** _____
**YOUTHFUL OFFENDER STATUS:**
   Requested:  [ ] Yes [ ] No    Granted:  [ ] Yes [ ] No
**LIST EACH CONVICTION BELOW:** *(attach additional page if necessary)*
1.   Trial Court Case No. _____   CONVICTION: _____
     Sentence: _____
2.   Trial Court Case No. _____   CONVICTION: _____
     Sentence: _____
3.   Trial Court Case No. _____   CONVICTION: _____
     Sentence: _____

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To (Date) |
|---|---|---|---|
| [ ] Motion for New Trial ................................. | _____ | _____ | _____ |
| [ ] Motion for Judgment of Acquittal ...................... | _____ | _____ | _____ |
| [ ] Motion to Withdraw Guilty Plea ........................ | _____ | _____ | _____ |
| [ ] Motion in Arrest of Judgment .......................... | _____ | _____ | _____ |
| [X] Other Motion For Petitioner to Reply ................. | 12-21-01 | _____ | _____ |

**COURT REPORTER(S):** ........ _____
**ADDRESS:** ................. _____

**APPELLATE COUNSEL:** ....... _____
**ADDRESS:** ................. _____

**APPELLANT: (IF PRO SE)** ...... AIS# 213823
**ADDRESS:** ................... P.O. Box 767
                              Clayton, AL. 36016

**APPELLEE (IF CITY APPEAL):** ..
**ADDRESS:** ................. _____

●

I certify that the information provided above is accurate
to the best of my knowledge and I have served a copy of this
Notice of Appeal on all parties to this action on
this 24th day of January , 2002 .

*Wilbert M. Jernigan*
**CIRCUIT COURT CLERK**

40

AP 12-3 Letter of Transmittal of Notice of Appeal to the Court of Criminal Appeals by Trial Clerk   Printed and for Sale by Roberts & Son, Birmingham

## LETTER OF TRANSMITTAL OF NOTICE OF APPEAL TO
### THE COURT OF CRIMINAL APPEALS BY
### TRIAL CLERK

Rashad Lee
        Appellant

V.

STATE OF ALABAMA
        Appellee

Offense __Rule 32 Petition__

Sentence __Dismissed__

Notice of Appeal __January 23, 2002__
        Date Filed
Judgement Entry __January 10, 2002__
        Date Entered

[   ]   Oral notice of appeal has been given prior to or on the date of entry of the judgment of conviction in this cause,

[ X ]   Written notice of appeal has been filed on the date indicated hereon (within 42 days from the entry of judgment or the order overruling a post conviction motion),

    A certified copy of the entry of record of the oral notice of appeal or the written notice of appeal is forwarded herewith for filing with the Court of Criminal Appeals.

    I certify that I have served a copy of this letter of transmittal along with a copy of the notice of appeal on each of the following:

        1.  Court Reporter (Name and address) _____
        2.  Defendant
        3.  Defendant's appellate counsel. (Name and address)_____
        4.  District Attorney
        5.  Attorney General

DATED this ____31st____ day of ____January_____, ~~XX~~ 2002____ .

_Wilbert M. Jernigan_
                      Circuit Clerk

*41*

### CERTIFICATE OF COMPLETION AND
### TRANSMITTAL OF RECORD ON APPEAL
### BY TRIAL CLERK

Rashad Lee
**APPELLANT**
**v.**

State Of Alabama
**APPELLEE**

**TO:**  The Clerk Of the Court of
Criminal Appeals of Alabama

**CASE NO.:**   CC 2000-61.60

**DATE OF NOTICE  OF APPEAL:** 1-23-02

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (_____ volumes of 200 pages each and one volume of __41__ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

    I certify that a copy of this certificate has this date been served on counsel for each party the appeal.

    DATED this __31st__ day of __January__, 19 2002 .

_Wilbert M. Jernigan_
Circuit Clerk

__Bullock__
County