37291

4/17/02

Willis

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

NO.  CR-01-0898

RASHAD LEE,
APPELLANT

V.

STATE OF ALABAMA,
APPELLEE

Case No. CC-00-61.60
Appealed from the Bullock County Circuit Court
Third Judicial Circuit

BRIEF OF APPELLANT

RASHAD LEE
P. O. BOX 767
CLAYTON, AL. 36016

PENGAD 800-631-6989

EXHIBIT

RX-3

TABLE OF CONTENTS

TABLE OF CONTENTS  .      .     .  .      . .       . .            . .         i

TABLE OF AUTHORITIES . ..      .  . .    . . .     . . . .    . .         ii

STATEMENT OF THE CASE   ..    ..    . .   . . .    . . .    . .        iii

ISSUE PRESENTED FOR REVIEW    . . .   . . .    . . . .   . . .   . .      iv

STATEMENT OF FACTS   ..   . . .   . .   . . . .   . . .   . . . .  .  . .       v

ARGUMENT  ..    ..  ..        . . .  . . . . . . . . .  .  . . .       1

CONCLUSION   . . .   . . .  . . .   . . .   . . . . .    . . .        13

CERTIFICATED OF SERVICE ..    . . .  . . .  . . .  . . .  . . .  . .      14

TABLE OF AUTHORITIES

pg

Code of Alabama 1975, §:

13A-6-2 . .. .. ... ... . 2,6

13A-5-6 . .. .. .. .... .... ... . 2,6

13A-6-3; 13A-6-4; 13A-5-6 . . . . .... ... . ... 8

Alabama Rules of Criminal Procedure

Rule 14.3 . ... ... . . . . . .... .... 10

Rule 32.3 .. ... .. . ... . . . . . . .... 12

Atteberry V. State, 448 So.2d 425 . . .. . . . ... 3

Bedwell V. State, 710 So.2d 493 . . . . . ... . . . . 2,3,5

Bonner V. State, 740 So.2d 439 .. . ... .. . . . ... 7

Dill V. State, 484 So.2d 491 .. ... . . .. ... . 1,7

Ex parte Rice, 565 So.2d 606 .. . .. ... .. . . . . . 12

Ex parte Yarber, 437 So.2d 1330 . . . . . . . . . . . . . 9

Maddox V. State, 502 So.2d 790 .. . . .. . . . . 8

Maxwell V. State, 620 So.2d 93 . . ... . . .. ... . . ... . . 4

Pierce V. State, 484 So.2d 506 .. . . ... .. . . . . 6

Prim V. State, 616 So.2d 381 .. .. . . . . . . . . . . . . • 8

Shiflatt V. State, 507 So.2d 1056 . . ... . . . . . . . . • 7

Teasley V. State, 704 So.2d 104 . . . . . . . . . . . . . . 6

Williams V. State, 596 So.2d 62 . . . . . . . . . . . . . . • 3

Kimmelman V. Morrison, 477 U.S. 365 . . . . ... .. . . . . . 4

Strickland V. Washington, 466 U.S. 668 . . . . . . . . . . . .. 4

Esslinger V. Davis, 44 F.3d 1515 . . . . . . . . . . . . . . 10

Tower V. Phillip, 979 F.2d 807 . . . . . . . . . ... ... 4,10

Henderson V. Morgan, 49 L.Ed.2d . . . . . .. . ... . .... 7

## STATEMENT OF THE CASE

The Appellant (Lee) was arrested on or about April 5, 2000, and was charged with intentional murder.  Lee was indicted on May 2, 2000.  Lee plead guilty to intentional murder as was charged in the indictment on Nov. 2, 2000.  Lee was sentenced to a Life sentence.  Lee did not take a direct appeal.  However, Lee filed a Rule 32 petition on or about Dec. 17, 2001, (C. 2 - 25).  The State filed a motion to dismiss on or about Dec. 17, 2001, (C. 26 - 30).  Lee filed a motion for the petitioner to reply on or about Dec. 21, 2001, (C. 33-34).  However, Lee was not allowed to responsed to the State's Motion.  The Trial Court entered an Order dismissing the petition on or about Jan. 10, 2002, (C. 31 - 32).  Thus, this appeal.

ISSUES PRESENTED FOR REVIEW:

I. WHETHER THE PETITION WAS SUFFICIENTLY SPECIFIC TO APPRAISE THE
   STATE AND THE TRIAL COURT OF THE ISSUES RAISED IN THE PETITION?

II. WHETHER THE TRIAL COURT ERRED IN ITS RULING CONCERNING INEFFECTIVE
    ASSISTANCE OF COUNSEL?

III. WHETHER THE TRIAL COURT ERRED IN ITS RULING CONCERNING THE
     VOLUNTARINESS OF THE PLEA?

IV. WHETHER THE TRIAL COURT'S FAILURE TO ALLOW THE APPELLANT THE OPPORTUNITY
    TO RESPONSE TO THE STATE'S ANSWER WAS A VIOLATION OF DUE PROCESS?

## STATEMENT OF THE FACTS

Lee as arrested on April 5, 2000; at the Clayton Police Department, after questioning, he was turned over to the Bullock County Sheriff's Department. there during questioning Lee asked for a phone call and to speak to an attorney,  Lee was not allowed a phone call nor was he allowed to speak with an attorney , but he was still questioned,  the officer called in Lee's uncle (Roy C. Lee), after his arrival, Lee told his uncle that he wanted to speak to an attorney, and gave his uncle his bank book to hire an attorney, however (Roy C. Lee), told Lee that he would not do anything unless he (Lee) told the officers what they wanted to know. At his wits-end, Lee gave a statement.  Lee later retained attorney Keith Ausborn, after discussing the situation, Ausborn told Lee that it was Man I , Man II,  Lee had very little contact with his attorney, his attorney told Lee that the State had evidence that would merit the death pently if he went to trial,  Ausborn persuaded Lee to plead guilty to murder, for a Life sentence.

v

WHETHER THE PETITION WAS SUFFICIENTLY SPECIFIC TO APPRAISE THE STATE
AND THE TRIAL COURT OF THE ISSUES RAISED IN THE PETITION?


A: Ineffective Assistance:

In the instant case the Trial Court found that :

"... the Petition fail to contain a clear and specific statement
of the grounds.."

Lee raised the issue of ineffective assistance in his petition, (C. 11).

Lee provided a detail list of matters concerning his trial counsel(Ausborn)

perfromances. Lee specifically questioned Ausborn's pre-trial conduct,

Ausborn's failure to consult with Lee concerning the facts, the law,

and how they related, (C.11). Lee specifically questioned Ausborn's

pre-trial investigation, (C. 12). Lee specifically questioned Ausborn's

evaluation of Lee's statement, (C. 14). Lee specifically questioned

Ausborn's failure to make Lee aware of any potental defenses, (Battered

spouse; provocation; heat of passion), (C. 14-15). Lee specifically

questioned Ausborn's failure to interview potental witnesses, (C. 14).

Lee specifically questioned Ausborn's failure to explain the charges

to Lee, and to assure that Lee understood that intent was an essential

element of the charge, (C. 12). See Dill V. State, 484 So.2d 491,497

(Ala.Crim.App. 1985), where this Honorable Court held:

    Effective representation hinges on adequate investigation ad pr-trial
    preparation..[A]s a general rule an attorney must investigate a case
    in order to provide minimally competent professional representation."
    Crisp V. Duckworth, 743 F.2d 580,583(7th Cir.1984)
       [W]hen a lawyer fails to conduct a substantial investigation into
       any of his client's plausible lines of defense, the lawyer has
       failed to render effective assistance of counsel... While we do
       not require that a lawyer be a private investigator in order to
       discern every possible avenue which may hurt or help the client,
       we do require that the lawyer make an effort to investigate the
       the obvious. Pre-trial investigation, principally becasue it
       provides a basis upon which most of the defense case must rest,
       is, perhaps, the most critical stage of a lawyer's preparation...
       In this regard, the Eleventh Circuit has enunciated the rule
       that effective representation, consistent with the sixth amendment,
       also involves 'the independent duty to investigate and prepare.'"

1

The fact of the matter is that Lee raised claims that if true, would warrant him relief.  See Bedwell V. State, 710 So.2d 493(Ala.Crim.App. 1997), where this Court held:

> ... Because the appellant presented an allegation that, if true, entitles him to relief, the trial court erred in summarily dismissing this claim...

> B: Voluntariness of the Plea.:

On this claim Lee contended that because of Ausborn's ineffectiveness his guilty plea was not made voluntary with an understanding of the consequences, (C. 7-10).  Lee was to rely on Ausborn's informed opinion of his situation, however, because Ausborn failed miserable in his duties, Lee was ... [for like of a better term], sold out.

In the petition Lee maintained that it was his intention to go to trial, (C. 8).  Yet Ausborn continued to tell him that if he went trial the State would show his kids the autopsy photos. and that the State had evidence that would merit the Death Penalty.

Lee was never appraised of the pertinent laws in his case, Lee had no understanding of the charge, or the range of punishment.  Lee was charged with intentional murder;  See Code of Alabama 1975, § 13A-6-2(a)(1) which states as follows:

> (a) A person commits the crime of murder if:
> (1) With intent to cause the death of another person, he cause the death of the person or of another person;...

> (c) Murder is a Class A felony.

Also see Code of Alabama § 13A-5-6. Sentence of imprisonment for felonies.

> (a) Sentence for felonies shall be for a definite term of imprisonment,...
> (1)For A Class A Felony, for life or not more than 99 years or less than 10 years.

The above mentioned statutes should have been explained to Lee by Ausborn incomplete detail, to Lee's full understanding.  Ausborn in explaining §13A-6-2(a)(a); should have made sure that Lee understood that intent was the essential element that the State would have had to prove beyond

2

a reasonable doubt.  Ausborn had a duty to explain to Lee that Murder

is a Class A felony, and as such, because of the facts of the case, Ausborn's

duty was to advise Lee that the range of punishment was 10 to 99 years,

or Life; (C. 9).  Lee cited Williams V. State, 596 So.2d 620,623(Ala.

Crim.App. 1991) and now ask this Court to consider the holding in Lee

v. Hopper, 499 F.2d 456,463(1974), where it was held:

> It may be argued that a plea of guilty is not understandingly made
> when defendant is unaware of certain technical defenses which might
> very well make the prosecutor's job more difficult or even impossible
> were he put to his proof.

In the instant case Ausborn gave Lee nothing, no potential defense, (C.

9-10);  Nothing but the maximum sentence the law would allow.  It can

not be said the Lee understood the consequences of his plea, at the time

he entered it.

    C: Factual Basises :

On this claim Lee simply contended that the record was void of a factual

basises for the trial court to accept his guilty plea.  Lee addressed

the numerous ways in which a factual basis could be established.  See

Atteberry v. State, 448 So.2d 425(Ala.Crim.App. 1983).

In the three issues raised in the Rule 32 petition Lee was very specific

in the assertion of his claim;  the Trial Court erred in its ruling concerning

the petition meeting the requirement of Rule 32.6(b).  Bedwell v. State,

supra at 495:

> The appellant contends that the trial court erred in summarily dismissing
> his petition. Specifically, he claims that the presented sufficient
> facts, which if true, entitle him to relief; therefore, he argues,
> the trial court erred in denying his petition without an evidentiary
> hearing.
> ... Accordingly, because the appellant presented an allegation that,
> if true, entitles him to relief, the trial court erred in summarily
> dismissing this claim.

Lee respectfully request that this Honorable Court reverse the trial

court's decision and remand with instruction.

3

WHETHER THE TRIAL COURT ERRED IN ITS RULING CONCERNING
INEFFECTIVE ASSISTANCE OF COUNSEL?


In the instant case the Trial Court Stated as follows:

"..Petitioner was represented by an experienced attorney of his
choosing..."

It would seem that the trial Court in its order has implied that counsel

performance should be measured by an attorney experience;  However, counsel

performance is to be evaluated by the two prong test established in Strickland

v. Washington; 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984);  See

Maxwell V. State, 620 So.2d 93,96(Ala.Crim.App. 1992) citing Strickland

where it was stated:

".. To prevail on a claim of ineffective assistance of counsel,
the petitioner must show (1) that his counsel's performance was
deficient and (2) that he was prejudiced by his counsel's performance
...(citation omitted).

Neither can the fact that Lee hired his attorney negate his performance;

See Kimmelman v. Morrison, 477 U.S. 365, 91 L.Ed.2d 305, 106 S.Ct. 2574(1986)

where the U.S. Supreme Court stated:

Because collateral review will frequently be the only means through
which an accused caneffectuate the right to counsel, restricting the
litigation of some Sixth Amendments claims to trial and direct review
would seriously interfere with an accused's right to effective reper-
sentation.  A layman will ordinarily be unable to recognize counsel's
errors and to evaluate counsel's professional performance, cf. Powell
V. Alabama, [...] consequently a criminal defendant will rarely
know that he has not been represented competently until after trial
or appeal, usually when he consults another lawyer about his case.
Indeed, an accused will often not realize that he has a meterious
ineffective claim until he begins collateral review proceedings,
particuarly if he retained trial counsel on direct appeal.

The Trial court further stated that :

"... the record does not support the allegations of ineffective
assistance of counsel."

However, the record is absolutely void of any information concerning

the matters/issues that Lee raised in his petition,  See Ante at 1-2;

these issues deal with pre-trial matters.  See Tower V. Phillip, 979

4

F.2d 807,814(11thCir. 1992), where it was held:

> Where the issue is the substance of an attorney - client communication
> the record is often of limited usefulness and an **evidentiary hearing**
> **may be necessary to resolve disputed issues of fact.**

The issues raised by Lee can not be resolved without an evidentiary hearing.

See Bedwell V. State, supra.

Lee respectfully request that this Honorable Court reverse the trial

court's decision and remand this case with instruction.

## WHETHER THE TRIAL COURT ERRED IN ITS RULING CONCERNING
## THE VOLUNTARINESS OF THE PLEA?

In the instant case the Trial Court ruled that Lee:

"... understood his rights and the nature and consequences of entering
his plea of guilty..."

Without question the issue of the voluntariness was proper before the

Trial Court in the Rule 32 petition.  See Teasley V. State 704 So.2d

104 So.2d 104, 105(Ala.Crim.App. 1997), where this Court held:

"... A challenge to the voluntariness of a guilty plea may be raised
for the first time in a Rule 32 petition filed within the two-year
limitations period..."

In Lee's ineffective assistance claim, ante, at 1, also see (C. 11),

Lee maintains that his trial counsel failed to advise him of the fact

of the case, the law and how they related; See Pierce V. State, 484 So.2d

506,508(Ala.Crim.App. 1985), citing McCarthy V. U.S., 394 U.S. 459,

"[B]ecasue a guilty plea is an admission of all the elements of a
formal criminal charge, it cannot be truly voluntary unless the
defendant possesses an understanding of the law in relation to the
facts."

Lee should have been able to rely on his trial counsel to explain how

his conduct constituted the crime that he was charged with, or how his

conduct was distinguished from the necessary elements of the charged

offense.  Lee was never appraised of th true nature of the charge against

him.  Lee was charged with intentional murder,  See Code of Alabama 1975,

§ 13A-6-2(a)(1), (C):

(a) A person commits the crime of murder if :
    (1) With intent to cause the death of another person, he cause
    the death of that person or of another person;...
(c) Murder is a Class A felony

Also see § 13A-5-6. Sentence of imprisonment for felonies.

(a) Sentence of felonies shall be for a definite term of imprisonment,...
    (1) For a Class A felony, for life or not more than 99 years or
    less than 10 years.

As a result of Ausborn's failure in his minimum duties of advising Lee

6

of the Law that was relevant, Lee was never appraised of th true nature

of the charges against him, nor was Lee appraised of the true range of

punishment.  Ausborn had advise Lee that if he went to trial the State

would show his kids the autopsy photos, and that the State also would

submit evidence that would merit the **Death Penalty.**

In Henderson V. Morgan, 49 L.Ed.2d 108(1976), it was found:
   "... after pleading guilty to second-degree murder, a defendant
   of unusually low mental capacity testified at a habeas corpus evidentiary
   hearing in federal district court that he would not have plead guilty
   if his attorneys had informed him that **intent** was an element of the
   offense. the Court determined that "clearly the plea could not be
   voluntary in the sense that it constituted an intelligent admission
   that he [the defendant] committed the offense unless the defendant
   received 'real notice of the true nature of the charge against him,
   the first and most universally recognized requirement  of due process.'"

Ausborn's failure to advise Lee of the number of potential defenses robbed

Lee's plea of its voluntariness.  Without question in a situation as

the instant case, where the defendant is charged with intentional murder,

counsels first and foremost duty would be to negate the essential element

of **intent.**  Ausborn's pre-trial investigation should have been directed

towards that end.  See Dill V. State, supra,;  Again because of the relationship

of Lee and his wife: Ausborn could or should have look at the "Battered

Spouse Syndrome'; See Bonner V. State, 740 So.2d 439(Ala.Crim.App. 1998).

Because of the struggle that took place, Ausborn could or should have

sought a 'legal provocation/heat of passion', defense.  See Shiflatt

V. State, 507 So.2d 1056(Ala.Crim,App. 1987).  In the instant case the

trial counsel(Ausborn) did not advise Lee of any type of defense.  Lee

should have been advised of his potential defense before considering

to enter a plea of guilty.  In Lee V. Hopper; supra, at 463, citing Edwards

V. U. S., 256 F.2d 707, where Chief Justice Burger held:

   "...[I[t may be argued that a plea of guilty is not understandly
   made when defendant is unaware of certain technical defenses which
   might very well make the prosecutor's job more difficult or ever
   impossible where he put to his proof. However we think 'understandingly'
   refers merely to the meaning of the charge, and what acts amount to
   being guilty of the charge, and the consequences of pleading guilty

7

thereto, rather than to dilatory or evidentiary defenses."

In the instant case Lee was not advised of the elements of the charges,

nor was he advised of the other charges which could have been considered

like § 13A-6-3. Manslaughter (a)(b) and § 13A-6-4. Criminally negligent

homicide.

Code of Alabama 1975, §13A-6-3. Manslaughter

        (a) A person commits the crime of manslaughter if :
            (1) He recklessly causes the death of another person, or
            (2) He cause s the death of another person under circumstances
        that would constitute murder under Section 13A-6-2; except, that
            he causes the death due to a sudden heat of passion caused by
            provocation recognized by law, and before a reasonable time for
            the passion to cool and for reason to reassert itself.
        (b) Manslaughter is a Class B Felony.

§13A-6-4. Criminally negligent homicide.
        (a) A person commits the crime of criminally homicide if he causes
        the death of another person by criminal negligence,....

        (c) Criminally negligent homicide is a Class A misdemeanor,ll.

Also see §13A-5-6(2)

        (2) For a Class B felony, not more than 20 years or less than 2 years.

The above mentioned statutes were all relative to Lee and should have

been explained to Lee; Lee was not appraised of the concept of a lesser

included offense/reduce charge.  Lee did not understandthe concept of

a plea negotiation, (from what transpired, it appears that trial counsel

had no concept of negotiating a plea either).

Lee asks this Court to consider its holding in Prim v. State, 616 So.2d

381,383, (Ala.Crim.App. 1999), where this Court held:

        Plea negotiations are "plainly premised on the notion of bargain
        and exchange." Tollett V. Henderson, 411 U.S. at 271, 93 S.Ct. at
        1610(Marshall, J., dissenting). In this case, the defendant's plea
        negotiations with the State may have included a offer of leniency
        by the prosecutor which induced the defendant to abandon his meritorious
        challenge to the selection of the grand jury foreman. it is not
        unusual, "in return for relinquishing a constitutional challenge,
        [for] the offender [to] receive [.] more lenient treatment."

Also see Maddox v. State, 502 So.2d 790, 794(Ala.Crim.App. 1986)
        These facts do not establish that Maddox's sentence was in retaliation
    of his exercise of his right to a trial by jury. Rather, it is apparent
    from the sequence of events that Gillum, after realizing the severity
    of Maddox's sentence, decided to reap the benefits of a plea bargain
    agreement, Moreover, it is the sentencing court's prerogative to

accept such an agreement. We agree with the following observations
made in Hitchcock V. Wainwright, 770 F.2d 1514, 1518-19(11th Cir.
1985), citation omitted:

> "In the 'give-and -take' of plea bargaining, the state may extend
> leniency to a defendant who pleads guilty foregoing his right
> to a jury trial.  Brady V. U.S. ...  Legislative schemes which
> extend the possibility of leniency to defendants who plead
> guilty are permissible so long as the statute does not unnecessarily
> burden the assertion of constitutional rights or act to coerce
> inaccurate guilty pleas.... A judge, as much as the prosecutor
> and the legislature, should not be precluded from approving leniency
> in sentencing upon an admission of guilt....

"Moreover, by pleading guilty a defendant confers a substantial
benefit to the objectives of the criminal justice system:

> "the more promptly imposed punishment after an admission of guilt
> may more effectively attain the objectives of punishment; and
> with the avoidance of trial, scarce judicial and prosecutorial
> resources are conserved for those cases in which there is a substantial
> issue of the defendant's guilt or in which there is substantial
> doubt that the State can sustain its burden of proof.

Brady V. U.S., ... The state is entitled to extend a sentence of
less than that which might otherwise be appropriate to a defendant
that confers such a benefit on it. ... The heart of a plea bargain,
from a defendant's point of view, is the option of avoiding a possibly
harsher sentence after conviction at trial.

Also see Ex parte Yarber, 437 So.2d 1330,1335, where the Alabama Supreme

Court held:

> Negotiated pleas, thus, serve a valuable role in the criminal justice
> system, if the integrity of that role is to be maintained, certainty
> must prevail.

The idea of a "plea bargain " is based on the simple concept of "bargain

and exchange", "give-and-take". In the instant case Lee gave up his right

to remain silent, his right to a plea of Not Guilty; his right to a public

trial before a duly selected jury; his right to be present at trial;

his right to confront and cross examine his accusers, and the State's

witnesses; his right to subpoena witnesses, his right to testify; his

right to have a fair and impartial trial.  Lee seem to have relinquish

every constitutional right that he had.  Question:  What did the State

give in return in this "deal", "Bargain and exchange", of "give-and-take".

Lee was initially charged with intentional murder, a Class A felony

9

punishable by a term of imprisonment of 10 years to 99 years, or Life.

Lee was convicted of murder; Lee was sentenced to a Life sentence, the

maximum that the Law would allow.  The State gave up nothing and gained

a murder conviction with a sentence of Life.  Did Lee at the time he

enter his guilty plea for a life sentence to murder understand the consequences

of his ?

Lee had noting to loose by going to trial.  See Esslinger V. Davis, 44

F.3d 1515, 1529-30(11thCir. 1995), where the 11th Circuit held:

> ...had Esslinger understood the full consequence of the "deal"
> Harrison had made - a plea of guilty to first degree rape in exchange
> for the minimum sentenece the law would allow, a mandatory prison
> sentence of ninety-nine years or life - Esslinger would have known
> that he had nothing to gain by pleading [guilty], noting to lose by
> going to trial.

In the instant case this Court could say from the record that Lee's plea

was entered with an understanding of the consequences, however, this

Honorable Court should look beyond the record.  To often in criminal

cases the defendant is briefed by their attorneys on what to say during

the plea colloquy;  see Alabama Rules of Criminal Procedure, Rule 14.3

(Committee Comments), which states as follows:

> Rule 14.3 provides formal recognition of the accepted procedure
> for settling cases and eliminates the necessity of the often practiced
> charade of putting into the record the defendant's statement that
> he has not been promised anything in exchange for his plea of guilty,
> when everyone involved knows that a "deal" has been made. ...

To determine whether the plea is voluntary the Court must know what information

Lee had and understood at the time of his entering his guilty plea.  See

Tower V. Phillips, 979 F.2d 807,815(11thCir.1992), where the 11th Circuit

held as follows:

> IN order for Tower's pleas to have been knowing and voluntary, he
> must have been reasonabley informed of "the nature of the charges
> against him, the factual basis underlying those charges, and the
> legal options and alternatives that are available." LaConte,
> 847 F.2d at 751. Courts look at the totality of information held
> by the defendant at the time he makes his plea, and not mere.y the
> information communicated at the plea hearing , to determine if the
> defendant was adequately informed to make a knowing and voluntary

10

plea. ... Therefore, the fact that the <u>trial court properly conducted the plea hearing does not guarantee that the plea is constitutionally valid.</u> ...

There is no explanation for Lee's entering of his guilty plea, except that Lee was advised of some evidence that the State had would merit the death penalty.

Lee respectfully request that this Honorable Court reverse the trial court's decision and remand with instruction.

11

WHETHER THE TRIAL COURT'S FAILURE TO ALLOW THE APPELLANT THE
OPPORTUNITY TO RESPONSE TO THE STATE'S ANSWER WAS A VIOLATION OF DUE PROCESS?

In the instant case the Appellant filed his Rule 32 petition on or about
Nov. 9, 2001; the State filed a motion on or about Dec. 15, 2001, Lee
filed a motion of intent to reply on or about Dec. 20, 2001, (seeking
30 days in which to formulate an answer to the State's motion to dismiss).
The Trial Court entered its Order denying Lee's petition on Jan. 10,
2002.

Lee relies on the Alabama Rules of Criminal Procedure, Rule 32.3 Burden
of Proof, which states in pertinent part as follows:

> ...The state shall have the burden of pleading any grounds of pre-
> clusion, but once a ground of preclusion has been pleaded, the
> petitioner shall have the burden of disproving its existence by a
> preponderance of the evidence.

In the instant case Lee was not given the opportunity to disprove the
grounds that were alleged by the state.  Lee also relies on Ex parte
Rice, 565 So.2d 606,608(Ala.1990), where the Alabama Supreme Court held:

> "Under the Rule the State is required to plead the ground or grounds
> of preclusion that it believes apply to the petitioner's case,
> thereby giving the petitioner the notice he needs to attempt to formulate
> arguments and present evidence to "disprove [the] existence [of
> those grounds] by a preponderance of the evidence."

In the instant case the Trial Court entered its ruling before Lee could
response, which is in conflict with the Alabama Rules of Criminal Procedure,
Rule 32.3, and the concept of due process.

Lee respectfully request that this Honorable Court reverse the trial
court's decision and remand with instruction.

12

CONCLUSION

For the foregoing reasons, Lee respectfully requests that this Honorable
Court reverse the lower court's decision and remand for consideration
in accordance with these arguments.

Respecfully submitted,

Rashad Lee

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing Brief of the

Appellant has been served upon the Honorable Bill Pryor, Attorney General

for the State of Alabama, by placing the same in the U.S. Mail, postage

prepaid and properly affixed, this the ___27th___ day of ___March___,

2002.

Rashad Lee

14