*Willis*
*37291*

# Court of Criminal Appeals
### State of Alabama
### Judicial Building, 300 Dexter Avenue
## P. O. Box 301555
## Montgomery, AL 36130-1555

**H.W."BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges



**Lane W. Mann**
Clerk
**Wanda K. Ivey**
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-01-0898                    Bullock Circuit Court CC-00-61.60

### Rashad Lee v. State

WISE, Judge.

The appellant, Rashad Lee, appeals from the circuit court's dismissal of his petition for post-conviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his November 2000 conviction for murder, a violation of §13A-6-2(a)(1), Ala.Code 1975, and his resulting sentence of life imprisonment. Lee did not file a direct appeal. On October 30 2001, Lee filed his Rule 32 petition. In his petition, Lee argues (1) that his trial counsel was ineffective; (2) that his guilty plea was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea; and (3) the guilty plea was defective because the State did not give a factual basis to support the guilty plea.

On December 14, 2001, the State filed a motion to dismiss Lee's Rule 32 petition stating that Lee (1) failed to prove

1



PENGAD 800-631-6989

**EXHIBIT**
RX-4

that his trial counsel was ineffective, pursuant to <u>Strickland</u> [<u>v. Washington</u>, 466 U.S. 688 (1984)]; and (2) that the issues raised in Lee's petition could have been but were not raised or addressed at trial or on appeal. Rule 32.6(b); Rule 32.2(a)(3) and (5), Ala.R.Crim.P.

On January 10, 2002, the circuit court dismissed Lee's Rule 32 petition. In his order, the judge noted that "the trial judge considering this Rule 32 petition is the same judge that took the guilty plea on November 2, 2000, and further finds that the Defendant understood his rights and the nature and consequences of entering his plea of guilty to intentionally killing his wife by choking her and thereafter attempting to bury her body to conceal her murder." Based on its review of the plea proceedings, the circuit court dismissed Lee's claim of ineffective assistance of counsel, stating that it was "without merit and that no material issue of fact or law existed which would entitle Lee to relief. Further, the circuit court stated that the issues raised by Lee failed to contain a clear and specific statement of the grounds upon which relief is sought to include a factual basis of the grounds, as required by Rule 32.6(b). Finally, the circuit court dismissed Lee's Rule 32 petition because the issues raised in his petition were precluded under Rule 32.2(a)(3) and (5). This appeal followed.

On appeal, Lee argues that the circuit court erred in dismissing his Rule 32 petition for the aforementioned reasons. Specifically, he claims that he presented sufficient facts in his petition, which if true, would entitle him to relief. We disagree.

Our review of the record supports the circuit court's findings. Lee's appellate brief, which is simply a replica of his original Rule 32 petition, contains nothing more than bare assertions of ineffective assistance of counsel. Thus, the circuit properly dismissed his petition on this claim for failure to comply with the specificity requirement of Rule 32.6(b), Ala.R.Crim.P.

Moreover, it is settled that a voluntary plea of guilt constitutes a waiver of nonjurisdictional defects against the appellant; in order to preserve an issue for appeal, the appellant must advise the trial court of the issue prior to

2

entering his guilty plea. <u>Davis v. State</u>, 682 So.2d 476 (Ala.Crim.App. 1995). "'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)." <u>Davis</u>, 682 So.2d at 477-478. Because Lee's guilty plea was voluntary, he is precluded from raising this issue on appeal. Therefore, the circuit court correctly dismissed Lee's petition on this claim.

Accordingly, the trial court's denial of Lee's Rule 32 petition is due to be affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb, J., concur. Baschab and Shaw, JJ., concur in the result.