*Willis*
*Brief in Spt*
*7-11-02*

PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF ALABAMA

RASHAD LEE,
    Appellant,

v.

STATE OF ALABAMA,
    Appellee.

CIRCUIT COURT OF BULLOCK COUNTY
SC NO: _____

PETITION FOR WRIT OF CERTIORARI

Comes your Petitioner Rashad Lee and petition this Court for a writ of Certiorari to issue to the Court of Criminal Appeals in the above-styled cause under Rule 39, ARAP, and show the following:

1) Petitioner filed a Rule 32 petition in the Circuit Court of Bullock County, Alabama, the petition was denied on January 10, 2002.
The Court of Criminal Appeals affirmed the judgement on May 24, 2002;
An application for rehearing was filed on _____ and overruled it on June 14, 2002.

2) A copy of the opinion of the appellate court is attached to this petition which shows the Court of Criminal Appeals case to be NO. CR-01-0898.

3) Petitioner alleges as grounds for the issuance of the writ the following:

    A) The basis of this petition for the writ is that the decision is in conflict with a prior decision of the Supreme Court on the same point of law.

In its opinion the appellate court held:
    Our review of the record supports the circuit court's findings. Lee's appellate brief, ... contains nothing more than bare assertions of ineffective assistance of counsel. Thus, the circuit properly dismissed his petition on this claim for

EXHIBIT
RX-5

failure to comply with the specificity requirement of Rule 32.6 (b), Ala.R.Crim.P.

In the case of Ex parte Boatwright, 471 So.2d 1257(Ala. 1985) the Supreme Court held:

> Boatwright ... alleging three separate grounds for relief. ...
> In support of the first ground, petitioner alleged that his trial counsel failed to appear at certain hearings, leaving petitioner "without counsel well versed in the case." He also averred that his trial counsel was representing another defendant on a drug charge at the same time, and that his trial counsel made statements to this other defendant indicating a prejudice toward petitioner's defense. Petitioner made other allegations of his trial counsel's improper conduct, namely, waiving a jury trial and stipulating to the admission of marijuana into evidence. ....
> ...
> In this case, it is clear that under the specific allegation of the sworn petition relating to assistance of counsel, the petitioner would be entitled to relief if those allegation were true. ... Indeed, the State of Alabama never joined issue upon the factual allegations of the petition; the State only move to dismiss.

These statement of the law are in conflict and the appellant court erred in failing to follow the decision of the Supreme Court on the same point of law.

B) The basis of this petition for the writ is that the decision is in conflict with prior decision of the appellate court on the same point of law.

In its opinion the appellate court held:

> "... Lee's guilty plea was voluntary, ..."

This conclusion can only be based on the trial court's finding which were as follows:

> "... the Defendant understood his rights and the nature and consequences of entering his plea of guilty..."

In the case of Williams V. State, 596 So.2d 620(Ala.Cr.App. 1991) the Alabama Court of Criminal Appeals held:

> We held, thereore, that the two-part Strickland v. Washington, test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland V. Washington, test is noting more than a restatement of the standard of attorney competence already set forth in Tollett V. Henderson, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235(1973)] and McMann V. Richardson, [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763(1970)]. The second, or 'prejudice' requirement, of the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other works, in order to satisfy the 'prejudice' requirement, that defendant must show that there

2

is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial.

These statement of the law are in conflict and the issue is which holding should be followed on this principle of law.

Petitioner respectfully requests that after a preliminary examination, the writ of certiorari be granted and that this Court proceed under its rules to review the matter complained of and to reverse the judgement of the Court of Criminal Appeals, and for such other relief as Petitioner may be entitled.

I certify that I have this day served copies of this petition and the brief on all other parties to the appeal in the court of appeals and the Court of Criminal Appeals.

Respectfully submitted,

Rashad Lee
V.C.F. 9-B
P.O. Box 767
Clayton, AL. 36016

IN THE SUPREME COURT OF ALABAMA

NO. CR-01-0898

RASHAD LEE,
PETITIONER

v

STATE OF ALABAMA
RESPONDENTS

Case NO. CC 01-2210
Appealed from the bullock county Circuit Court
Third Judicial Circuit

BRIEF OF PETITIONER

PETITION FOR A WRIT OF CERTIORARI

Rashad Lee
P.O. Box 767
Clayton, AL.-36016

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF THE CASE | iii |
| STATEMENT OF FACTS | iv |
| ARGUMENT | 1 |
| CONCLUSION | 3 |
| CERTIFICATED OF SERVICE | 3 |

TABLE OF AUTHORITIES

EX PARTE BOATWRIGHT, 471 So.2d 1257 (Ala. 1985) ....  ..          1

WILLIAMS V. STATE, 596 So.2d 620 (Ala.Cr.App. 1991) ... ...       2

STRICKLAND V. WASHINGTION, 466 U.S. 668(1984)                     1

HILL V. LOCKHART, 474 U.S. 52(1985)           ....      .....    2

## STATEMENT OF THE CASE

The Petitioner, (Lee), was arrested on or about April 5, 2000, and was charged with intentional murder. Lee was indicted on May 2, 2000. Lee plead guilty to intentional murder as was charged in the indictment on Nov. 2, 2000. Lee was sentenced to a Life sentence. Lee did not take a direct appeal. However, Lee did file a Rule 32 petition on or about Dec. 17, 2001; The State filed a motion to dismiss on or about Dec. 17, 2001; Lee filed a motion for the petitioner to reply on or abut Dec. 21, 2001; However, Lee was not allowed to responsed to the State's Motion. The Trial Court entered an Order dismissing the petiton on or about Jan. 10, 2002.

The Petitioner filed notice of Appeal, and proceeded through the appellant process. The Alabama Court of Criminal Appeals denied the Petitioner appeal on or about May 24, 2002. The Petitioner's Application for rehearing was over ruled on or about June 14, 2002. Thus this Writ of Certiorari.

iii

## STATEMENT OF THE FACTS

Lee was arrested on April 5, 2000; at the Clayton Police Department, after questioning, he was turned over to the Bullock County Sheriff's Department. There during questioning Lee asked for a phone call and to speak to an attorney. Lee was not allowed a phone call nor was he allowed to speak with an attorney, but he was still questioned. The officer called in Lee's uncle (Roy C. Lee), after his arrival. Lee told his uncle that he wanted to speak to an attorney, and gave his uncle his bank book to hire an attorney, however, (Roy C. Lee), told Lee that he would not do anything unless he (Lee) told the officers what they wanted to know. At his wits-end, Lee gave a statement. Lee later retained attorney Keith Ausborn, after discussing the situation, Ausborn told Lee that it was Man I, Man II, Lee had very little contact with his attorney, his attorney told Lee that the State had evidence that would merit the death penalty if he went to trial. Ausborn persuaded Lee to plead guilty to murder, for a life sentence.

iv

## ARGUMENT

### INEFFECTIVE ASSISTANCE OF COUNSEL

In the instant case the Petitioner, (Lee) raised the claim of ineffective assistance of counsel. Lee raised several issues supporting this claim. Lee stated in his sworn petition that his trial counsel had failed in his pre-trial investigation; Lee stated that his counsel did not discuss the law and the facts and how they related to his case, (C. 11-12). Lee also stated that counsel did not discuss the significance of Lee's uncles' part in Lee statement, that the statement could have been challenged, (C. 12-14). Lee further stated that counsel failed to appraised him of any defenses, (C. 15). Lee also stated that counsel failed to investigate his story concerning the struggle between himself and the victim, (inspect the car, and recover the knife), (C.   ). Lee stated that counsel failed to interview witnesses, (C. 14-15).

Without question Lee met the first component of the Strickland V. Washington, 466 U.S. 668(1984), test. He made sworn statement in his petition of numerous matter that his trial counsel failed to do, which were the bare minimum that counsel must do before advising a client on whether to go to trial or seek a plea bargain.

Lee Clearly showed in his petition, that if not for the trial counsel handling of his case, he would have gone to trial. In Lee's sworn petition, he stated as follows:

> "If not for Ausborn's failure to investigate, the out come would have been different. ...
> It was Lee's desire to go to trial, yet Ausborn was not prepared for trial, Ausborn had not done any investigation, nor had he advise Lee of any defenses. ... If not for Ausborn's ineffectiveness in investigating the State's case, his (Ausborn's) failure to inform Lee of how the facts, and the law relates in his case, and Ausborn's failure to advise Lee of any defense, Lee would have insisted on going to trial."

Lee met the second component of Strickland test. Also see Ex parte Boatright, 471 So.2d 1257(Ala)

1

## VOLUNTARINESS OF THE GUILTY PLEA

In the instant case Lee contended that his plea was involuntary because of ineffective assistance of counsel. Lee plead guilty to intentional murder, a class "A" felony, and received the maximum sentence the law would allow. (A life Sentence).

The true question is whether Lee entering of his guilty plea under the circumstance of his case was an intelligent choice among the choice available. On this claim Lee contended that his trial counsel did not discuss what witnesses would be subpoenaed, whether Lee would take the stand, nor did he discuss any possible defenses.

Considering the information that Lee had when he plead guilty, could this Honorable Court state that his guilty plead was knowingly, intelligently, and voluntarily made?

The instant case is similar to the circumstance in Williams V. State, 596 So.2d 620(Ala.Cr.App. 1991).

Just as Williams was instructed by his attorney as to how to answer the question before the trial judge, id. at 622, so was Lee. There has not been any dispute to Lee's claims which were entered in a sworn petition. Lee met the requirements of Hill V. Lockhard, 474 U.S. 52

2

## CONCLUSION

FOR THE FOREGOING REASONS, LEE RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT REVERSE THE LOWER COURT'S DECISION AND REMAND FOR CONSIDERATION IN ACCORDANCE WITH THE ARGUMENTS.

RESPECTFULLY SUBMITTED

RASHAD LEE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Brief of the Petitioner has been served upon the Bill Pryor, Attorney General for the State of Alabama, and the Alabama Court of Criminal Appeals, by placing the same in the U.S. mail, postage prepaid and properly affixed, this the 27th day of _____ 2002

3