COURT OF CRIMINAL APPEALS NO. _CR 04-0961_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF _Bullock_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 2000-61.61_

CIRCUIT JUDGE _Hon. L. Bernard Smithart_

Type of Conviction / Order Appealed From: _Rule 32 Petition_

Sentence Imposed: _Dismissed_

Defendant Indigent: [X] YES [ ] NO

_Rashad Lee_

**NAME OF APPELLANT**

| | |
|---|---|
| (Appellant's Attorney) | (Telephone No.) |
| (Address) | |
| (City)  (State) | (Zip Code) |

### V.

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



EXHIBIT

RX-7

INDEX

Rashad Lee  vs  State of Alabama        CC 2000-61.61

CAS                                                                    1

Petition for Relief from Conviction or Sentence       2 – 19

Motion to Amend Rule 32 Petition                      20 – 24

Motion to Dismiss Petition for Relief from Conviction
      or Sentence                                     25 – 27

Order                                                 28 – 29

Motion to Vacate or Set Aside and Reconsider Order
      Order Summarily Dismissing Rule 32 Petition     30 – 42

Notice of Appeal                                      43 – 47

Clerk's Notice of Appeal                              48

Letter of Transmittal                                 49

Certificate of Completion                             50

```
ACRO372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2000 000061.61
OPER: IRJ                   CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT   CRIMINAL              RUN DATE: 12/01/2004
=============================================================================
IN THE CIRCUIT COURT OF  BULLOCK                                    JUDGE: LBS

STATE  OF  ALABAMA              VS      LEE RASHAD
                                        LIMESTONE CORRECTIONAL
CASE: CC 2000 000061.61                 28779 NICK DAVIS ROAD
                                        HARVEST, AL   35749 0000

DOB: 12/17/1975         SEX: M  RACE: B  HT: 5 05  WT: 150   HR: BLK EYES: BRO
SSN: 416042621   ALIAS NAMES:
=============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE: 04/04/2000        AGENCY/OFFICER:

DATE WAR/CAP ISS:                   DATE ARRESTED: 04/06/2000
DATE    INDICTED:                   DATE    FILED: 12/01/2004
DATE   RELEASED:                    DATE  HEARING:
BOND     AMOUNT:         $.00          SURETIES:

DATE 1:          DESC:                  TIME: 0000
DATE 2:          DESC:                  TIME: 0000

TRACKING NOS: CC 2000 000061 00   /                      /

  DEF/ATY:                     TYPE:                            TYPE:

                  00000                            00000

PROSECUTOR: WHIGHAM BOYD

=============================================================================
OTH CSE: CC200000006100 CHK/TICKET NO:               GRAND JURY:
COURT REPORTER: ------------------- SID NO:    000213823
DEF STATUS: PRISON          DEMAND:                          OPER: IRJ
=============================================================================
DATE       ACTIONS, JUDGEMENTS, AND NOTES
```

| | |
|---|---|
| 12/9/04 | Motion To Amend Rule 32 Petition. |
| 12/17/04 | Motion To Dismiss filed. |
| 1/7/05 | Petition Dismissed — Copies to Parties |
| 2/7/05 | Motion To Vacate or Set Aside ... |
| 2/17/05 | Motion Denied |
| 2-14-05 | Notice of Appeal filed |
| 2-17-05 | Clerk's Notice of Appeal filed — forwarded to DA, AG def. & Court of Criminal Appeals |
| 2-24-05 | Amended Notice of Appeal, def. Motion for free transcript & In Forma Pauperis Status, def. Counsel Motion to withdraw & def Counsel's Motion for appointment of Counsel for appellate proceedings), docketing statement & Reporter's Transcript Order) WMG          WMG |

2

### IN THE CIRCUIT COURT OF <u>BULLOCK</u> COUNTY, ALABAMA

<u>RASHAD LEE</u>,                )
                                 )
          Petitioner,      )
                                 )
      v.                         )    Case No.: <u>CC – 00-61,6</u>
                                 )
STATE OF ALABAMA,                )
                                 )
          Defendant.       )

---

### PETITION FOR RELIEF FROM
### CONVICTION OR SENTENCE
(Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

---

Petitioner's Prison Number: <u>213823</u>

Place of Confinement: <u>LIMESTONE CORR. Fac.</u>

County of Conviction: <u>BULLOCK</u>

**NOTICE:    BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1.    Name and location (city and county) of court which entered the judgment of conviction or sentence under attack: <u>UNION SPRINGS/BULLOCK Circuit COURT</u>

2.    Date of judgment or conviction: <u>Nov. 2, 2000</u>

3.    Length of sentence: <u>LIFE</u>

4.    Nature of offense(s) involved (all counts): <u>Intentional Murder</u>
<u>"MURDER IN THE FIRST DEGREE"</u>

---

-1-

5.    What was your plea? (Check one)

    (A)    Guilty        X<u>XXXX</u>

    (B)    Not Guilty      <u>   </u>

    (C)    Not Guilty by reason of mental disease or defect      <u>   </u>

    (D)    Not Guilty and not guilty by reason of mental disease or defect      <u>   </u>

    If you entered a guilty plea to a one count indictment, and a not guilty plea to

    another count or indictment, give details:<u>      N?A      </u>

<u>                XX              </u>

<u>                XX              </u>

6.    Kind of trial: (Check one)

    (A)    Jury    <u>   </u>        (B)    Judge only    <u>XXX</u>

7.    Did you testify at trial?

        Yes    <u>   </u>        No    <u>XXX</u>

8.    Did you appeal from the judgment or conviction?

        Yes    <u>   </u>        No    <u>XXXX</u>

9.    If you did appeal, answer the following:

    (A)    As to the state court to which you first appealed, give the following
        information:

        (1)    Name of Court:<u>       N/A       </u>

        (2)    Result:<u>         XXX        </u>

<u>               XX           </u>

        (3)    Date of Result:<u>     XX      </u>

    (B)    If you appealed to any other court, then as to the second court to which
        you appealed, give the following information:

4

(1)   Name of Court:_____N/A_____

(2)   Result:_____XX_____

_____XX_____

(3)   Date of Result:_____XX_____

(C)   If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)   Name of Court:_____N/A_____

(2)   Result:_____XX_____

_____XX_____

(3)   Date of Result:_____XX_____

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes  ____        No  ____

11.   If your answer to Question 10 was "yes," then give the following information in regard to the first such petition, application, or motion you filed:

(A)  (1)   Name of Court:_____N/A_____

(2)   Nature of Proceeding:_____XX_____

(3)   Grounds raised:_____XX_____

_____XX_____

_____XX_____

(Attach additional sheets if necessary)

(4)   Did you receive an evidentiary hearing on your petition,

application, or motion?  Yes  ____  No  XXX

(5)   Result_____XXX_____

(6)    Date of Result:_____N/A_____

(B)    As to any second petition, application, or motion, give the same information:

(1)    Name of Court:_____XXX_____

(2)    Nature of Proceeding:_____XXXX_____

(3)    Grounds raised:_____XX_____

_____XX_____

_____XX_____

(Attach additional sheets if necessary)

(4)    Did you receive an evidentiary hearing on your petition,

application, or motion?    Yes  ___    No  XXXX

(5)    Result_____XXX_____

(6)    Date of Result:_____XXX_____

(C)    As to any third petition, application, or motion, give the same information:

(1)    Name of Court:_____N/A_____

(2)    Nature of Proceeding:_____XXX_____

(3)    Grounds raised:_____XXX_____

_____XX_____

_____XX_____

(Attach additional sheets if necessary)

(4)    Did you receive an evidentiary hearing on your petition,

application, or motion?    Yes  ___    No  XXXXX

(5)    Result_____N/A_____

(6)    Date of Result:_____XXX_____

(D)    Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)    First Petition, etc.    Yes ____ No XXXXX

    (2)    Second Petition, etc.    Yes ____ No XXXXXX

    (3)    Third Petition, etc.    Yes ____ No XXXXXXXX

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(E)    If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not: _____ N/A

_____ XXX _____

_____ XXX _____

12.    Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

## GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instructions under the ground(s):

XXXX A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief. For your information, the following is a list of the most frequently raised claims of constitutional violation:

    (1)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

    (2)    Conviction obtained by use of coerced confession.

    (3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled.

(9)    Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground for relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

XXX B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ E. Newly discovered material facts exist which require that the conviction or sentence be vacated because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

xxx F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's fault.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS. RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?    Yes ____    No XXXX

B.    If you checked "Yes," give the following information as to earlier petition(s) attacking this conviction or sentence:

(a)    Name of court _____ N/A _____

(b)    Result _____ XXX _____

(c)    Date of result _____ XXX _____

(Attach additional sheets if necessary)

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUNDS(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____    No __XXXX__

15.    Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)    At preliminary hearing ___PAUL BRUNSON_____

(b)    At arraignment and plea ____KEITH AUSBORN_____

(c)    At trial _____KEITH AUSBORN_____

(d)    At sentencing _____KEITH AUSBORN_____

(e)    On appeal _____N/A_____

(f)    In any post-conviction proceeding _____N/A_____
                                                              XX

(g)    On appeal from adverse ruling in a post-conviction proceeding N/A
                                                                                                        XX

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____    No __XXXX__

-8-

10

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No    XXXXX

(a)    If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____
XX

(b)    And give date and length of sentence to be served in the future: N/A
XX

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____        No    XXXXX

18.    What date is this petition being mailed?
_____ 11/09/04 _____

Wherefore, petitioner prays that the Court grant petition relief to which he may be entitled in this proceeding.


PETITIONER'S VERIFICATION UNDER OATH
SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.
Executed on _____ 10-24-04 _____
(Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the 24 day of October,
19 2004

_____
Notary Public

## STATEMENT OF THE CASE/FACTS

On or about April 6, 2000., **RASHAD LEE** hereinafter petitioner was arrested and charged with the **MURDER** of his **WIFE "LATASHA LEE"** pursuant title **13A-6-2(a)(1)** Code of Alabama 1975.

The petitioner was initially set bond in the amount of Twenty-Thousand Dollars **$20,000.00**/however the next day the district attorney without the courts authorization **Forfeitured** said bond and ordered that the petitioner be held without bond.

On or about **Seven (7)** days later the petitioner appeared for a prelim-anary hearing and the district attorney requested that the bond in quest-ion be set at **FIVE-HUNDRED-THOUSAND-DOLLARS $500,000.00**/however the judge overruled same and set said bond amount at **TWO-HUNDRED-FIFTY- THOUSAND DOLLARS $250,000.00**/It should be noted that the open **Constitutional Vio-lations** occurred while the petitioner was represented by appointed attor-ney **PAUL BRUNSON.**

On or about **September, 2000.,** the petitioner by and through **Retained** counsel **"KEITH AUSBORN"** filed a motion for bond reduction and same was opposed by the district attorney and **DENIED** by the judge based upon the victims mother prostesting and and uttering **Unsupported** statements such as but not limited to **"he will escape"** same caused the court to transfer the petitioner to the **"RUSSELL COUNTY JAIL"**

On or about **November 2, 2000.,** the petitioner was transfered from the Russell County Jail to Bullock County Circuit Court for **Arraignment** where-by the petitioner at the advice of **Retained** counsel **"KEITH AUSBORN"** en-tered into a plea agreement whereas the court would allow the petitioner to plead guilty to **MURDER IN THE[FIRST]DEGREE,** to a term of Life.

It should be noted that the indictment at bar is **VOID**/reflecting that said indictment was **Founded by at least (12) grand jurors**/furthermore said indictment is **VOID** of **DATES, and SIGNATURES of Authorization.**

Based on the above **Jurisdictional** violations which appear on the face of the record the petitioner hereby submits this petition pursuant to **Rule 32** of the Alabama Rules of Criminal Procedures and the **Constitution** of this State and the United States.

(1)

## WHETHER OR NOT THE GUILTY PLEA/SENTENCE IS VOID
## DUE TO THE COURTS LACK OF JURISDICTION (YES)

The petitioner contends in the instant case the court was without **Jur-isdiction** to accept the **Guilty Plea** for "FIRST DEGREE MURDER" and there-after sentence the petitioner to a term of "**LIFE**" in that the Alabama Leg-islature **"ABOLISHED"** degrees of murder **(13-1-70)** Code of Ala. 1975., on or about **January 1, 1980**, therefore based on same the **November 2, 2000**, guilty plea and resulting sentence is VOID on its face and is due to be **Set Aside** and or **Vacated.**

The court held in **HARRIS v STATE, 395 So.2d.1063(Ala.Cr.App.1980)**

> "There are no degrees of murder under Sec.13A-6-2 Code
> of Alabama 1975., as there once were under Sec. 13-1-
> 70 Code of Alabama 1975"

The petitioner humbly request that this honorable court take **Judicial NOtice** in reference to the alleged indictment in which he was brought to trial by and charged thereof in that same reads in pertinent part;

> "The grandjury of said county charge that, before the finding
> of this indictment, RASHAD LEE, whose name is otherwise un-
> known to the grandjury, did on or about April, 4, 2000/inten-
> tionally cause the death of another person LATASHA LEE, by
> strangulation and fracturing her neck bone in violation of
> section **13A-6-2** of the Code of Alabama" [See Ex.(a)]

The petitioner contends it should be noted that said indictment is **VOID** of the language **FIRST DEGREE MURDER** therefore the **November 2, 2000.**, guilty plea likewase is **VOID** not excluding the subsequent sentence **LIFE** in that the guilty plea/sentence does not rest upon the utilization of a **Grand Jury Indictment** or **Information** thereby supporting the trial courts **Jurisdiction.**

The court held in **ROSS v STATE, 529 So.2d.1074,1078(Ala.Cr.App.1988)**

> [T]he jurisdiction of the court, in felony cases, rest upon the uti-
> lization of a grandjury **Indictment** or **Information,**[and thus] the
> requirement of such charging instrument is not waived by a guilty
> plea"

The petitioner contends although the respondent's may argue **Successive** and or **Precluded** said argument must fail in that same has never ben pre-sented to the trial court nor to any **Appellate** court therefore same **must** be heard and **Adjudicated** on the **Merits** less the petitioner suffer a **Funda-mental Miscarraige of Justice** and be **Illegally Detained** without first be-ing afforded **Due Process of Law (14-Amend)USCA.**

**(2)**

**The** petitioner contends in reference to the respondents potential argument **Successive** and or **Precluded** this honorable court must turn its attention to the court of **Criminal Appeals** whereby they held in pertinent part;    [CARMICHAEL v STATE, 668 So.2d. 1995]

> "Petition for postconviction relief cannot be deemed successive unless prior petition was considered on its merits"

The petitioner contends in reference to the **November 2, 2000.**, guilty plea "**FIRST DEGREE MURDER/13-1-70.**, and the **LIFE** sentence imposed thereafter this honorable court has a **Constitutional Duty** to <u>GRANT</u> this instant petition in that the **Alabama Legislature** in [January 1, 1980] <u>ABOLISHED</u> the offense in which the petitioner plead guilty to and was sentenced thereby to **LIFE.**

The petitioner further contends that the Alabama Legislature by and through **Title 13A Code Of Alabama 1975.**, defines conduct for which a sentence to a term of imprisonment, or the death penalty, or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state.

In short the Alabama Legislature <u>Makes the law</u>, the **Governor** executes <u>it and the courts construe and enforce the law</u>/therefore the **First** Degree **Murder** guilty plea the petitioner plead to on **November 2, 2000.**, is <u>VOID</u> due to the **trial courts** "LACK OF JURISDICTION"

Based upon the above the petitioner is due relief and request this honorable court to so **Order.**

**(Claim-II)**
<u>WHETHER THE INDICTMENT AT BAR IS VOID</u>
<u>FOR FAILURE TO COMPLY WITH STATUTORY</u>
<u>[LAW]</u>

The petitioner answers the above in the affirmative in that the indictment at bar fails to comply with **Statutory Law (12-16-204) Code of Alabama 1975.**, in that said indictment is **VOID** on the face reflecting that same was founded by the **Concurrence** of at least **(12)** grand jurors. See Ex-(a). <u>Section 12-16-204, Ala. Code 1975</u>, provides;

> "The concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found it must be endorsed a TRUE BILL and the endorsement signed by the foreman"

3

The petitioner contends although Alabama case law is limited in regards to **title 12-16-204** Code of Alabama 1975., it is petitioner's position that the above statute consist of mandatory law therefore it in and of itself supports this instant petition in that the argument and or claim submitted herein [**Void reflecting that same was founded by the concurrence of at least (12) grand jurors**] comes in purview of said **Statute** in that Ex-(a) clearly reveals that said statute (12-16-204) **was** not complied with therefore said indictment on its face is **VOID**.

The Alabama Supreme Court held in **Ex parte Edward James,Jr. V State** of Alabama "**Special Term (1001743)[2001]**"

> "A validly pleaded claim that fewer than 12 grand jurors had found an indictment, would constitute a [**Jurisdictional**] claim, not subject to a **time-bar**, That is, an indictment found by fewer than 12 grand jurors would be **Void** and therefore ineffective to confer **Jurisdiction** on a court to try to convict, or to sentence a defendant"

Based upon same and the facts in evidence not excluding the attached exhibit(s) herein the petitioner is due relief and request this honorable court to order such.

## CONCLUSION

In concluding this his petition for relief pursuant to the Alabama Rules of Criminal Procedures and both the **State/Federal Constitution** the petitioner humbly request the court to consider the following facts in evidence;

1) The victim **LATASHA LEE** was and is my **Wife**
2) The evidence fails to reveal I **INTENTIONALLY** murdered her
3) **Murder in the First Degree** was **Abolished** in **(1980)**
4) **(8-Amendment)** "**Right to reasonable Bond**" [Constitutional Deprivation]
5) The petitioner's **prior** record whereby same was **IMPECCABLE**
6) The mere fact the court was clearly without **Jurisdiction** to accept the guilty plea and sentence the petitioner.

The petitioner contends that this honorable court must consider same along the facts in evidence, the **Constitution** of this state **(1901)**, and the **Constitution** of the United States and after same **GRANT** the following relief.

4

## RELIEF SOUGHT

**ORDER** that the petitioner be granted indigent status with the petition served on the District Attorney mandating a response within (30) days.

**ORDER** that an Evidentiary Hearing be had with petitioner's presence mandated.

**ORDER** that the guilty plea/sentence be **Set Aside** and **Vacated** with any and all relief due the petitioner.


RESPECTFULLY SUBMITTED

RASHAD LEE
213823/LCF-Dorm-10
28779 NICK DAVIS ROAD
HARVEST, AL  35749

Dated  11/8/ 04

5

*EX -(A)*

16

_____ BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open
this _____ day of _____, _____.

*Ruby B. Fennoy*
Grand Jury Foreman

Clerk of the Circuit Court
of Bullock County
Third Judicial Circuit

Date

# INDICTMENT

## THE STATE OF ALABAMA

### vs.

### RASHAD LEE

Address: P. O. BOX 64, UNION SPRINGS, AL  36089
*alias*
**None Reported**

CHARGES:

MURDER - INTENTIONAL(13A-6-2(a)(1))

                                                    CLASS          TYPE
                                                     A            *Felony*

WITNESSES:

DEPUTY RAYMOND ROGERS, BULLOCK COUNTY SHERIFF'S DEPARTMENT, UNION SPRINGS, AL
36089
DEPUTY GARY SMITH, BULLOCK COUNTY SHERIFF'S DEPARTMENT, UNION SPRINGS, AL  36089

                                                              No Prosecutor.

Previous Bond $ *20,000 00* Bail fixed at $ _____ this _____ day of _____, _____.

                                                    Judge Presiding

THE STATE OF ALABAMA
Bullock COUNTY

                                                         CIRCUIT COURT
                                                              2000

                                    BOYD WHIGHAM
                                    DISTRICT ATTORNEY

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

Mom

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No _X_

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No _X_

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Zarius Raheem & RaShundrius Lee  0⁰⁰

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  __9/22/04__
                    (Date)

_____Rashad Lee____ 218823
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ __0⁰⁰__ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said __Limestone Correctional__ institution:

__9-28-04__
DATE

__Martha Hewlin    Jut Clark__
AUTHORIZED OFFICER OF INSTITUTION

18

Case Number

CC 00 61 61
ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*Bullock County Circuit Court*
[insert appropriate court]

*Za Shad Lee*
(Petitioner)

vs.

*State of Alabama*
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, *Za Shad Lee*_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No ✓

   a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   *March 2000 $900.00*

2.  Have you received within the past twelve months any money from any of the following sources?

   a.  Business, profession, or other form of self-employment?
      Yes _____    No ✓

   b.  Rent payments, interest, or dividends?
      Yes _____    No ✓

   c.  Pensions, annuities, or life insurance payments?
      Yes _____    No ✓

   d.  Gifts or inheritances?
      Yes _____    No ✓

   e.  Any other sources?

*11-30-04*

*Granted*

*[signature]*

19

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_Mom_

3.  Do you own cash, or do you have money in a checking or savings account?

    Yes _____          No __X__

    (Include any funds in prison accounts.)

    If the answer is "yes", state the total value of the items owned.

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____          No __X__

    If the answer is "yes", describe the property and state its approximate value.

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

    _Zoria Rahsan i Rashonduia Lee  0⁰⁰_

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

    Executed on _9/22/04_
    _____
    (Date)

    _Rashad Lee_  213823
    _____
    Signature of Petitioner

## CERTIFICATE

    I hereby certify that the petitioner herein has the sum of $ _0⁰⁰_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Limestone Correctional_ institution:

    _9-28-04_
    _____
    DATE

    _Marsha Gillette Asst Clerk_

20

IN THE CIRC'T COURT OF BULLOCK COUNTY  ᒪABAMA

FOR THE THIRD JUDICIAL CIRCUIT OF ALABAMA

```
                              )
                              )
RASHAD C. LEE,                )
                              )
      PETITIONER,             )
      V.                      )          CASE NO:CC-00-61.60
                              )
                              )
STATE OF ALABAMA,             )
                              )
                              )
      RESPONDENTS.
```

------------------------------------------------------------------

MOTION TO AMMEND RULE 32 PETITION

------------------------------------------------------------------

COMES NOW the Petitioner, RASHAD LEE, through and by
himself pro se in the above styled cause and respectfully moves
that this Honorable Court for an order, Granting request to
ammend his Rule 32 Petition for this Court's consideration and
review, and states in support the following:

1.) On or about November 19,2004,Petioner filed his Rule 32
Petition,alleging that the trial court was without jurisdiction
to accept his guilty plea to the offense of  **FIRST DEGREE MURDER.**

2.) Lee now raises the issue(s) before the court of wheter or
not the trial court had jurisdiction to **ammend,& accept** a plea
of guilt to two different offenses **(A SUPERCEEDING OFFENSE)**
under two different statues when he was only indicted for one
offense.
Based on the above **Jurisdictional**  violations which appear on
the face of the record the petitioner submits this ammendment
pursuant to the Alabama Rules of Criminal Procedures & the
Constitution of the United States.

[1]

*21*

WHETER OR NOT THE C  LTY PLEA / SENTENCE IS VO  )AND ILLEGAL
DUE TO THE COURTS ALLOWING LEE TO PLEAD GUILTY TO TWO DIFFERENT
OFFENSES (one a superceeding offense) WHEN BOTH WERE UNDER
DIFFERENT STATUES ,AND ONLY INDICTED FOR ONE OFFENSE (YES)

Petitioner was indicted by the Bullock County Grand Jury on the
offense of Murder-Intentional 13-A-6-2 (A) (1) in said indictment
On November 2, 2000 before the HONORABLE BURT SMITHART,Lee was
allowed by the court, and his defense counsel to plead guilty
to FIRST DEGREE MURDER / INTENTIONAL MURDER, A Class A felony
(Double Standards).In the plea colloquy Lee was asked by the
courts (Page 7 lines 15-21): "I will now ask you if you are
ready to plead guilty to the crime of[MURDER IN THE FIRST DEGREE]
INTENTIONAL MURDER, A Class A felony, and, if so how do you plead
guilty or not guilty? (Line 22) Lee:Guilty. The court in (Line23
p. 7), stated:"I ACCEPT YOUR PLEA OF GUILT TO THE CRIME OF MURDER
IN THE FIRST DEGREE" And do hereby adjudge you guilty of [INTENT-
IONAL MURDER/MURDER IN THE FIRST DEGREE.

The Courts without authorization or jurisdiction accepted a plea
of guilt to a SUPERCEEDING OFFENSE OF MURDER IN THE FIRST DEGREE.

It is clear from the record that this court ammended statue
13-1-70, to the current statue 13-A-6-2-A and accepted a plea
to an abolished statue.  In Glover v. State,649 So.2d 216(1995),
the courts held:                A trial court does not have the authority
                                to accept aguilty plea to an offense
                                not emcompassed by the indictment.

Rule 13.5(A) Ala. R. Crim.P. states: when a trial court accepts
a guilty plea under such circumstances the court judgement isl
void because the defendant has been indicted for one offense,
and plead guilty to another one for which he has not been indicte
d, therefore an essential requisite of jurisdiction is missing
671 So.2d 130.
In Wesley v. State,448 So.2d 468, the courts held that:
                        "[I]f a court has no jurisdiction it's action
is                      is void- a condiction which is the very object
                        of Habeus Corpus to cure.

[[2]

22

The offense(s) to which Lee plead guilty was n emcompassed in
the indictment,and the indictment could not have been ammended
to charge a new offense of MURDER IN THE FIRST DEGREE to which
Lee plead guilty.            Ross v. State 529 So2d at1076-77,
                  (An indictment may not be ammended to charge
                  a  new offense not included in the original
                  charge or to  change the offense.Ala. R.Cr.P.
                  13.5 (A). )
Thus the trial court was without Authority to accept Lee plea
of guilt.See Ford v. State,612 So2d 1317,1320-23(Ala.Cr.App 1992)

The trial courts amendment violated Ala.R.Cr.P. rule13.5(A) which
provides,"A charge may be ammended by order of the court with
the consent of the defendant in all cases, except to change the
offense of the indictment,or to charge a new offense not included
in the original indictment,information,or complaint. See also
Washington v. State 562,So2d 281,Ross v. State529 So2d 1074 (Ala.
Cr. App.1988)

Clearly MURDER IN THE FIRST DEGREE  changed the original offense
to which Lee was indicted and also it charged Lee with a new
offense that superceeded the original offense in the original
indictment.    [T]here can be no ammendment to add a "seperate
offense". Worrell v.State 357 So2d. 373,376, Melech v.State,168
So2d 33.(1964)

Indictments are "absolutely non-ammendable" without the consent o
of the defendant. Mason v. City of Vestavia Hill 518So2d 221,23
(Ala.Cr.App 1987) ,also see Dunnv. City of Montgomery 515So2d 135

By the courts ammendments of Lee's indictment,this violated and
prejudiced him of certain substancial rights.Exparte Alfred,393So
2d 1033.

[3]

Again Petitoner asks that this Honorable Court turn its attention
to Ross v. State 529 So2d 1074  where the Courts held:

which
Ross was not indicted for a charge for
which he pled guilty.


As was & did Lee.(LEE INDICTMENT DOES NOT EMCOMPASS,AS A LESSER
INCLUDED OFFENSE ,THE SUPERCEEDING OFFENSE[s] OF "MURDER IN
THE FIRST DEGREE, THAT WAS ABOLISHED AS OF JANUARY1, 1980.


The undisputed Evidence (record) shows that Lee's crime was
allegedelly commited in April of 2000,some (20) years later
at which time the present criminal code had gone into effect.
The trial court ammended Lee's indictment,and allowed and
accepted a plea to and abolished statue.

In Stirone v,United States 4.L Ed.2d.252,also citing
Ex Parte Bain 121 U.S.1, 30 L.Ed. 2d 252 states:


After an indictment has been returned its charges may
not be broadened through ammendment except by the
grand jury itself."The Bain case, which has never been
disapproved, stands for the rule that a court cannot
permit a defendant to be tried on charges that are
not made in the indictment against him.


Yet because of the courts admission of evidence and under its
charge this might have been the basis upon which the trial
court convicted petitioner.If so, he was convicted on a
charge the "Grand jury never made against him." this was fatal
error. See Cole v. Arkansas 92 L.Ed.644
In holding that this couldn't be done, Justice Miller speaking
for the court said:

If its lies within the province of said court to
change the charging part of an indictment to suit
its own need & notion of what it ought to have been
or what the grand jury probaly would of made it if
their attention had been called to suggest changes,
the greatthe great importance which the common law attaches
to an indictment by a grand jury,as a prerequisite to
a prisoner trial for a crime,and without which the
constitution  says...................

24

NO PERSON SHALL BE HELD TO ANSWER", may be fritted away until it'
value is almost destroyed.


aAGAIN LEE ASKS THAT THIS HONORABLE COURT HOLD AND EVIDENTIARY
HEARING, TO DETERMINE THE MERITS ON THE ALLEGATIONS RAISED IN
THIS PETITION

Ex Parte  Walker 8000So2d 135,Crim. Ct. App. held;
          If a Rule 32 petition contains allegations that if
          true, would entitle the petitioner to relief, the
          Trial Court must grant and hold the Petitioner an
          evidentiary Hearing. Smith v. State,581,So2d 1283,
          citing Ex Parte Boatwright,471 So.2d 1257

[5]

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE, AIS#213823,     )
     Petitioner,     )
Vs.     )     CASE NO.CC-2000-61.61
     )
STATE OF ALABAMA,     )
     Respondent.     )

## MOTION TO DISMISS
### PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
### (PURSUANT TO RULE 32)

Comes now the State of Alabama, by and through its District Attorney, Boyd

Whigham, and says as follows:

1. Petitioner alleges the following issue:

    B. The Court was without jurisdiction to render the judgment or to

    impose the sentence.

    F. The Petitioner failed to appeal within the prescribed time and that

    failure was without fault.

2. The Petitioner filed an amended petition on December 9, 2004, which alleges

    as follows:

    Based on the above Jurisdictional violations which appear on the face of

    the record the Petitioner submits this amendment pursuant as The

    Alabama Rules of Criminal Procedures and the Constitution of the United

    States.

    Whether or not the Guilty Plea / Sentence is void and illegal due to the

    courts allowing Lee to plead guilty to two different offenses (one a

    superceding offense) when both were under different statues, and only

    indicted for one offense. (Yes)

26

3.  The Defendant was indicted and sentenced under a single count indictment as follows:

    See Petitioner's Exhibit "H"

4.  The Defendant allegation of lack of jurisdiction is without merit and made to circumvent the provisions of Rule 32.2 by alledging a violation of Rule 32.1.(b).

5.  The Petitioner filed his first Rule 32 petition dated November 6, 2001, State's response dated December 14, 2001, and the Court order denying the petition was dated January 10, 2002.

6.  The petition filed December 1, 2004, with amended petition filed December 9, 2004, is a successive petition and precluded under the provisions of Rule 32.2 (b) and the limitations period as set forth in Rule 32.2 (c).

7.  The Petitioner fails to state a claim upon which relief may be granted.

8.  No material issue of fact or law exists which would entitle Petitioner relief.

9.  The Petitioner is not entitled to relief because the grounds for relief stated in the petition:

    (a) Could have been but were not raised or addressed at trial;

    (b) Could have been but were not raised on appeal.

That the Petition should be dismissed or in the alternative each ground should be denied.

Respectfully submitted this *15* day of December, 2004

Boyd Whigham, District Attorney
P.O. Box 61
Eufaula, Alabama  36072-0061

27

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this _15_ day of December, 2004, served a copy of the above and foregoing pleading on Rashad Lee, AIS#213823, Limestone Correctional Facility, Dorm 10, 28779 Nick Davis Road, Harvest, AL 35749, by placing a copy of same in the United States mail, postage prepaid.

Boyd Whigham

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

RASHAD LEE, AIS#213823,     )
     Petitioner,     )
Vs.     )     CASE NO.: CC-2000-61.6
STATE OF ALABAMA,     )
     Respondent.     )

### ORDER

This matter coming before the Court on Rule 32 Petition and a response by the State, the Court makes findings of facts and conclusion of law as follows:

The Court finds that the Petition with the amendment is without merit in that the Petitioner was represented by an experienced attorney of his choosing and the record does not support the allegations of ineffective assistance of counsel. The Court finds that the Petitioner's claim of ineffective assistance of counsel was addressed in his original Rule 32 Petition which the Court denied on January 10, 2002.

The Court finds that issues raised by the Petition fail to contain a clear and specific statement of the grounds upon which relief is sought to include a factual basis of the grounds, as required by Rule 32.6(b). The allegation of ineffective assistance of counsel in his guilty plea is without merit.

The Court further finds that the issues raised are precluded under Rule 32.2(a)(3) Rule 32.2(a)(5), Rule 32.2(b) and Rule 32.2 (c).

The Court further finds that the trial judge considering this Rule 32 Petition is the same judge that took the guilty plea on November 2, 2000, and further finds that the Defendant understood his rights and the nature and consequences of entering his plea of guilty to intentionally killing his wife by choking her and thereafter attempting to bury her body to conceal her murder.

It is therefore **ORDERED AND ADJUDGED** that the Petition be dismissed pursuant to the provisions of Rules 32.6(b), 32.2(a)(3), 32.2(a)(5), Rule 32.2(b) and limitation period Rule 32.2(c). All issues are hereby **DISMISSED** pursuant to Rule 32.7(d), Alabama Rules of Criminal Procedure.

**ORDERD AND ADJUDGED** this ___7___ day of ~~December, 2004~~. January 2005

Burt Smithart, Circuit Court Judge

30

IN THE CIRCUIT COURT OF BULLOCK , COUNTY ALABAMA

FOR THE THIRD JUDICIAL CIRCUIT

**FILED IN OFFICE**

)

RASHAD C. LEE#213823          )          FEB 0 7 2005

    PETITIONER,          )          CLERK-REGISTER, BULLOCK CO., ALA.

)

)          CASE NO:CC-00-61.61

    V.          )

STATE OF ALABAMA,          )

    RESPONDENTS.          )

---

## MOTION TO VACATE OR SET-ASIDE AND

## RECONSIDER ORDER SUMMARILY DISMISSING

## RULE 32 PETITION

---

Comes Now the Petitioner, Rashad Lee, through and by himself,

pro se in the above styled cause and respectfully moves this

Honorable Court pursuant to Rule 59(e),and A.R.Civ.P.,for an Order

vacating or setting aside and reconsidering it's judgement

summarily dismissing petitioner's Rule 32 petition, and states

the following in support:

1. On January 7, 2005, this Court issued it's written order

summarily dismissing petitioner's Rule 32 petition, of which it a

appears from the record and face of the Court's Order that an

Amendment Petition was filed in this Court raising a Claim of

Ineffective Assistance of Counsel.


2. It also appears from the face of the State's Motion to

Dismiss dated December 15, 2004, that a Motion was filed in this

Court on December 9,2004, for an Amendment to Petition raising a

claim of Ineffective Assistance of Counsel.

2-17-05
DENIED
Rt Sh J. t

31

3. It is Petitioner' 'position, that he is not . presented by Counsel in his Rule 32 proceeding, but rather, he is representing himself Pro se.Moreover, Petitioner avers that he did not file an Amendment to his Rule 32 Petition, nor did he give consent to any person to file an Amendment to his petition, and that said AMEND-MENT was apparently filed **without** Petitioner's **knowledge** or **consent**.(See **EXHIBIT- A)**. And on the basis , petitioner Request this Court to **SET ASIDE** it's written order summarily dismissing his petition.

4. Furthermore, this Court's written order dated January 7,2005, **fails to address the two (2)** claims presented in petitioner's original Petition dated November 2004.In pertinent part, the said Petition specifically challenges this court **subject matter jurisdiction** on the basis that the indictment was found by fewer than 12 grand jurors,and wheter or not the Court was without **jurisdiction to accept a plea of guilt to an abolished crime of Murder in the First Degree**.The said claims are meritorious on their faces and entitle Petitioner an Evidentiary Hearing on their merits.See **Ex parte James, "Special Term (1001743) [2001] (A validly pleaded claim that fewer than 12 grand jurors had found an indictment, would constitute a [jurisdictional ] claim, not subject to a time bar.**

### Conclusion

Petitioner prays that this Court **set-aside** it's written order dated January 7,2005, dismissing his Rule 32 petition addressing only the grounds raised in the said Amendment petition, and reconsider and schedule an evidentiary hearing on the merits of the  claims presented in petitioner's original petition dated

November, 2005, or in the alternative, issue a new order
Addressing the said claims presented in petitioner's original
petition. Petitioner prays for such other and further relief
as this Court deems Appropriate.

Respectfully Submitted,

Rashad Lee#213823

LImestone Correctional Center

28779 Nick Davis Road

Harvest,Al.35749-7009

Therefore , it is my request that this Honorable Court moot all
prior and former disposition of the said amended petition.

PG 3 of 6

## - Certificate of Service -

I hereby certify, that I have served a copy of the foregoing and Affidavit upon the District Attorney's Office, by placing a copy of same in the UNITED STATES MAIL, herein LImestone Correctional Facility's mailroom,first-class,postage prepaid and properly Addressed as listed below on this the _30th_ day of January,2005.

Boyd Whigham,District Attorney

Bullock County Courthouse

Post Office Box 61

Eufaula,Alabama 36072-0061

34

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FOR THE THIRD JUDICIAL CIRCUIT

RASHAD C. LEE#213823          )

     Petitioner.             )

                       )

        V.                      )     Case No:CC-00-61.61

STATE OF ALABAMA,            )

     Respondents.            )

---

Affadavit of Rashad C. Lee

---

  Before me, the undersigned Authority,personally appeared Rashad C. Lee,who having been by me first duly sworn,deposes and says as follows:

1. My name is Rashad C.Lee. I am an inmate imprisoned in the LImestone Corectional Facility and I am the named petitioner in this action. I am over the age of 21 Years of age,competent,and I have personal knowledge of the facts contained in the affadavit.

2. In November,2004,I filed my second Rule 32 petition in the clerks office of the Bullock County Court raising two(2) claims of which the first claim involved the trial's court jurisdiction to accept my plea to a charge of Murder in the First Degree,and the second claim involved the trial court's subject-matter jurisdiction to render judgement or impose sentence,because the indictment <u>was not founded upon at least 12 grand jurors.</u>

35

3. Prior to my second Rule 32 petition, I was incarcerated in the Bullock County Correctional Facility during the year of 2001, wherein I filed my first petition. Only during the time while imprisoned at Bullock, did I give consent to any person(s) to file motions pertaining to my case, and the motion was only pertaining to my first Rule 32 Petition.

4. I am representing myself, pro se, in this second and curent Rule 32 petition that I filed in the Court in November, 2004. I perceive that a motion was filed in the Court on December 9, 2004, amending my petition to raise the claim of Ineffective Assistance of Counsel. However, I have no knowledge of such an Amended Petition, and nor did I file any amendments to my current Rule 32 petition of which the trial court's order dated January 7, 2005, gave reference. And neither did I give consent to any person to file such amendment petition. The Amended Petition was filed simply without my knowledge or consent.

Further Affiant Sayeth Not.

213823

Rashad C. Lee #213823

State of Alabama

County of Limestone

Sworn to and Subscribed to before me this ___30___ day of January, 2005.

Notary Public

11/30/2007

My Commision Expires

(EX-B)36

IN THE CIRCUIT COURT OF BULLOCK COUNTY ALABAMA

STATE OF ALABAMA

COUNTY OF BULLOCK                    AFFIDAVIT OF: ALLEN MOHHAMED

AFFIDAVIT

Comes now,the  affiant, Allem Mohhamed #233559, the

Affiant, in the above styled cause, who is legally (21) years of

age , would like to state to this Honorable Court Of Bullock

County, that I am a Law Clerk at the Limestone Correctional

Facility, located in Harvest Alabama, and that Inmate Rashad Lee

#213823, and I have worked together on his 2nd Rule 32 Petition

that was filed into this Court on or about sometimes around

December 17,2004.At the time of our preparations he,and I had

a misunderstanding as to wheter or not that particular petition

should or shouldn't be **ammended.**Upon us supposedly setteling the

dispute I **alone, prepared and mailed** the ammended petition to thi

s, without the **permission or knowledge** of inmate Lee to the

clerk of this court because I thought that it would be in the

best intrest of him to prepare the issues that I ammended and

mail them to get the relief that he deserves. Although he had

**no knowledge**  of the petition being ammended or mailed, upon

this motion to dismiss by the Bullock county D.A.,I admitted

to him that I mailed the ammendment.Im sorry if this has caused

the courts or inmate Lee any problems.Furthermore I had no

intentions of fraudulating any proceedings of this Honorable

Court. I am respectfully asking this court to forgive me as I

have done inmate Lee and to  **VOID  ALL Actions** that was taken

toward's inmate Lee because of my careless error.

**pg 1 of 2**

Again I am respectfully asking that this Honorable Court would

take into consideration that I alone without inmate **Lee consent**

Prepared,reviewed, and mailed the copy of the **Ammended** Petition

to the Circuit Clerk of Bullock County on my own.

Allen Sami mohammed

**AFFIANT**

28779 Nick David Road

Harvest , Alabama 35749-7009

Sandra Hartley

NOTARY PUBLIC

7-12-05

MY COMMISION EXPIRES

DATED, AND SUBCRIBED BEFORE ME

THIS *18th* OF *January* 2005.

**pg.2 of 2**

IN THE CIRCUIT COURT OF BULLOCK COUNTY ALABAMA

FOR THE THIRD JUDICIAL CIRCUIT OF ALABAMA

*(E x - A)*

RASHAD C. LEE,                         )
                                       )
        PETITIONER,                    )
                                       )
        V.                             )        CASE NO:CC-00-61.60
                                       )
STATE OF ALABAMA,                      )
                                       )
        RESPONDENTS.                   )

38

-------------------------------------------------------------------

MOTION TO AMMEND RULE 32 PETITION

-------------------------------------------------------------------

        COMES NOW the Petitioner, RASHAD LEE, through and by
himself pro se in the above styled cause and respectfully moves
that this Honorable Court for an order, Granting request to
ammend his Rule 32 Petition for this Court's consideration and
review, and states in support the following:


1.) On or about November 19,2004,Petioner filed his Rule 32
Petition,alleging that the trial court was without jurisdiction
to accept his guilty plea to the offense of **FIRST DEGREE MURDER.**


2.) Lee now raises the issue(s) before the court of wheter or
not the trial court had jurisdiction to **ammend,& accept** a plea
of guilt to two different offenses (A **SUPERCEEDING OFFENSE)**
under two different statues when he was only indicted for one
offense.
Based on the above **Jurisdictional** violations which appear on
the face of the record the petitioner submits this ammendment
pursuant to the Alabama Rules of Criminal Procedures & the
Constitution of the United States.


                                [1]

39

WHETER OR NOT THE G LTY PLEA / SENTENCE IS VO AND ILLEGAL
DUE TO THE COURTS ALLOWING LEE TO PLEAD GUILTY TO TWO DIFFERENT
OFFENSES (one a superceeding offense) WHEN BOTH WERE UNDER
DIFFERENT STATUES ,AND ONLY INDICTED FOR ONE OFFENSE (YES)

Petitioner was indicted by the Bullock County Grand Jury on the
offense of Murder-Intentional 13-A-6-2 (A) (1) in said indictment
On November 2, 2000 before the HONORABLE BURT SMITHART,Lee was
allowed by the court, and his defense counsel to plead guilty
to FIRST DEGREE MURDER / INTENTIONAL MURDER, A Class A felony
(Double Standards).In the plea colloquy Lee was asked by the
courts (Page 7 lines 15-21): "I will now ask you if you are
ready to plead guilty to the crime of[MURDER IN THE FIRST DEGREE]
INTENTIONAL MURDER, A Class A felony, and, if so how do you plead
guilty or not guilty? (Line 22) Lee:Guilty. The court in (Line23
p. 7), stated:"I ACCEPT YOUR PLEA OF GUILT TO THE CRIME OF MURDER
IN THE FIRST DEGREE" And do hereby adjudge you guilty of [INTENT-
IONAL MURDER/MURDER IN THE FIRST DEGREE.

The Courts **without** authorization or jurisdiction accepted a plea
of guilt to a SUPERCEEDING OFFENSE OF MURDER IN THE FIRST DEGREE.

It is clear from the record that this court ammended statue
13-1-70, to the current statue 13-A-6-2-A and accepted a plea
to an abolished statue.  In Glover v. State,649 So.2d 216(1995),
the courts held:              A trial court does not have the authority
                              to accept aguilty plea to an offense
                              not emcompassed by the indictment.

**Rule 13.5(A)** Ala. R. Crim.P. states: when a trial court accepts
a guilty plea under such circumstances the court judgement is
**void** because the defendant has been indicted for one offense,
and plead guilty to another one for which he has not been indicte
d, therefore an essential requisite of **jurisdiction is missing**
**671 So.2d 130.**
In **Wesley v. State,448 So.2d 468,** the courts held that:
                              "[I]f a court has no jurisdiction it's action
is                            is **void**- a condiction which is the very object
                              of Habeus Corpus to cure.

[[2]

*40*

The offense(s) to which Lee plead guilty was n  emcompassed in
the indictment,and the indictment could not have been ammended
to charge a new offense of MURDER IN THE FIRST DEGREE to which
Lee plead guilty.          Ross v. State 529 So2d at1076-77,

                     (An indictment may not be ammended to charge
                     a  new offense not included in the original
                     charge or to  change the offense.Ala. R.Cr.P.
                     13.5 (A). )

Thus the trial court was without Authority to accept Lee plea
of guilt.See Ford v. State,612 So2d 1317,1320-23(Ala.Cr.App 1992)

The trial courts amendment violated Ala.R.Cr.P. rule13.5(A) which
provides,"A charge may be ammended by order of the court with
the consent of the defendant in all cases, except to change the
offense of the indictment,or to charge a new offense not included
in the original indictment,information,or complaint. See also
Washington v. State 562,So2d 281,Ross v. State529 So2d 1074 (Ala.
Cr. App.1988)

Clearly MURDER IN THE FIRST DEGREE  changed the original offense
to which Lee was indicted and also it charged Lee with a new
offense that superceeded the original offense in the original
indictment.    [T]here can be no ammendment to add a "seperate
offense". Worrell v.State 357 So2d. 373,376, Melech v.State,168
So2d 33.(1964)

Indictments are "absolutely non-ammendable" without the consent o
of the defendant. Mason v. City of Vestavia Hill 518So2d 221,23
(Ala.Cr.App 1987) ,also see Dunnv. City of Montgomery 515So2d 135

By the courts ammendments of Lee's indictment,this violated and
prejudiced him of certain substancial rights.Exparte Alfred,393So
2d 1033.

[3]

Again Petitoner asks that this Honorable Court turn its attention to Ross v. State 529 So2d 1074 where the Courts held:

which Ross was not indicted for a charge for which he pled guilty.

As was & did Lee.(LEE INDICTMENT DOES NOT EMCOMPASS,AS A LESSER INCLUDED OFFENSE ,THE SUPERCEEDING OFFENSE[s] OF "MURDER IN THE FIRST DEGREE, THAT WAS ABOLISHED AS OF JANUARY1, 1980.

The undisputed Evidence (record) shows that Lee's crime was allegedelly commited in April of 2000,some (20) years later at which time the present criminal code had gone into effect. The trial court ammended Lee's indictment,and allowed and accepted a plea to and abolished statue.

In Stirone v,United States 4.L Ed.2d.252,also citing Ex Parte Bain 121 U.S.1, 30 L.Ed. 2d 252 states:

After an indictment has been returned its charges may not be broadened through ammendment except by the grand jury itself."The Bain case, which has never been disapproved, stands for the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him.

Yet because of the courts admission of evidence and under its charge this might have been the basis upon which the trial court convicted petitioner.If so, he was convicted on a charge the "Grand jury never made against him." this was fatal error. See Cole v. Arkansas 92 L.Ed.644
In holding that this couldn't be done, Justice Miller speaking for the court said:

If its lies within the province of said court to change the charging part of an indictment to suit its own need & notion of what it ought to have been or what the grand jury probaly would of made it if their attention had been called to suggest changes, the greatthe great importance which the common law attaches to an indictment by a grand jury,as a prerequisite to a prisoner trial for a crime,and without which the constitution  says...................

42

NO PERSON SHALL BE HELD TO ANSWER", may be fritted away until it'
value is almost destroyed.



AGAIN LEE ASKS THAT THIS HONORABLE COURT HOLD AND EVIDENTIARY
HEARING, TO DETERMINE THE MERITS ON THE ALLEGATIONS RAISED IN
THIS PETITION

Ex Parte  Walker 8000So2d 135,Crim. Ct. App. held;
          If a Rule 32 petition contains allegations that if
          true, would entitle the petitioner to relief, the
          Trial Court **must** grant and hold the Petitioner an
          evidentiary Hearing. Smith v. State,581,So2d 1283,
          citing Ex Parte Boatwright,471 So.2d 1257

[5]

IN THE CIRCUIT COURT OF _____**BULLOCK**_____ COUNTY, ALABAMA


_____**RASHAD C. LEE**_____, )

        DEFENDANT/APPELLANT,       )

S.                                 )    CASE NO:_____**CC-00.61.61**_____

                              )

_____**STATE OF ALABAMA**_____, )

        PLAINTIFF/APPELLEE.     )


## NOTICE OF APPEAL

**NOTICE** is hereby given that the above named Defendant/Petitioner appeals to the Court of Criminal Appeals of Alabama, from the judgment/order entered by the above named Court on this the___**13th**____ day of____**FEBUARY**_____, 200_**5**__.


Respectfully submitted and executed on this the____**13th**_____ day of ____**FEBUARY**_____, 200_**5**___.


_____
       DEFENDANT/APPELLANT
LIMESTONE C.F. DORM **10-B 28-T**
     28779 NICK DAVID ROAD
      HARVEST, ALABAMA 35749

44

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C      8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ - _____ |

BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF ___**BU*LLOCK**_____ COUNTY

___**RASHAD C. LEE**_____ , Appellant

V.  [X] STATE OF ALABAMA    [ ] MUNICIPALITY OF _____

| Case Number<br>**CC-00.61.61** | Date of Judgment/Sentence/Order<br>**JANUARY 7, 2005** |
| Date of Notice of Appeal<br>Oral:                    Written: **2-13-05** | Indigent Status Granted:<br>[X] Yes    [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975).*

_____        _____        _____
Signature                                          Date                                   Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.):

MARK PROCEEDINGS REQUESTED:                                                          COURT REPORTER(S)

A. [X] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence        **KELLY MILLS**
proceedings, a transcript of the organization of the jury and arguments of counsel must
be designated separately.

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and
challenges for cause. Note that in noncapital cases the voir dire of the jury will not be
recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will
not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. ___**INITIAL APPEARANCE**___ | **APRIL 9,00** | **KELLY MILLS** |
| E. ___**SENTENCING HEARING /**___ | **12-11-00** | **KELLY MILLS** |
| F. ___**RESTITUTION HEARING**___ | | |
| G. *Guilty Plea Proceedings* | *Nov. 2, 2000* | *Kelly Mills* |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

*Rashad Lee*                    **2-13-05**                         **RASHAD C. LEE**
Signature                                   Date                                    Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals,  (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

Unified Judicial System
Form ARAP-26 (front)    8/91

**COURT OF CRIMINAL APPEALS**
**DOCKETING STATEMENT**

45

## A. GENERAL INFORMATION:

XX CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _____ **BULLOCK** _____ COUNTY

RASHAD C. LEE _____ , Appellant

v.    ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number 00-61.61 | Date of Complaint or Indictment | Date of Judgment/Sentence/Order JANUARY 7, 2005 |
|---|---|---|
| Number of Days of Trial/Hearing    Days | Date of Notice of Appeal Oral: | Written: FEBUARY 1, 2005 |

Indigent Status Requested: ☒ Yes ☐ No    Indigent Status Granted: ☒ Yes ☐ No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?    ☐ Appointed ☐ Retained.    If no attorney, will appellant represent self? ☒ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)    Telephone Number
RASHAD C. LEEE

| Address 28779 NICK DAVIS ROAD | City HARVEST , ALABAMA | State ALA. 35749-7009    Zip Code |
|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)
_____
_____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☒ Homicide - § 13-A-6-2 A
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify): _____ - § _____

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?    ☒ Yes ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.    FEBUARY 13, 2005    (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

46

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 2 | 7 | 05 | MOTION TO VACATE & SET ASIDE ORDER | | | |
| | | | SUMMARILY DISMISSING RULE 32 PETITION | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument briefly summarize the facts of the case

Appellant was charged with murder, and later plead guilty to the offense of FIRST DEGREE MURDER, and recieved a life sentence. Appellant did not take a direct appeal. Appellant filed a Rule 32 petition in which he raised three claims:1)Denial of effective assistance of counsel,2)guilty plea was unlawfully induced,3) No factual basis for acceptance of the guilty plea.The state filed a motion to dismiss on or about Dec. 14, 2001,On or about Dec.23, 2001, the appelant filed a motion with intent to respond. The trial court entered an order on Jan.10,2002 dismissing the pe tition.Again on Dec.1,2004,petitioner filed a 2nd Rule 32 in which the trial court dismissed it and deemed it as successive. In that petition,the appellant raised (2) jurisdictional issues of (1)Wheter or not the trial court had jurisdiction to accept a plea of guilt to an Abolished Crime Of First Degree Murder,and (2 Wheter or not the trial court Indictment at bar was void because of failure to comply with statutory law of section 12-16-204, ? The trial court again dismissed appellant 2nd 32 petition without a hearing on the issues raised thus this appeal.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

I. Wheter or not Court was without jurisdiction to accept a plea of guilt

to a crime of Murder IN the First Degree?

II. Wheter or not indictment at bar was Void for failure to comply with

staturetory law under section 12-16-204

III. Wheter or not the courts amended the indictment (without) petitioners permission,and by accepting a plea of guilt to First Degree Murder when indictment charged Murder? IV.Counsel refused/failed to file a timely notice of Appeal subsequent to appelant request/demand.

**K. SIGNATURE:**

FEBUARY 13, 2005

Date

Signature of Attorney/Party Filing this Form

## –Certificate of Service–

I hereby certify, that I have served a copy of the foregoing, "Notice of Appeal" To The Following Parties,Via First Class Mail U.S. Postage ,Prepaid: on this _13th_ day of Febuary, 2005. Honorable Boyd Whigham

BUllock County District Attorney

P.O. Box 61

Eufaula,Al. 36072-0061


Honorable Wilbert Jernigan

Bullock County Circuit Clerk

P.O. Box 230

Union Springs,Alabama 36089-5107


Alabama Attorney General, Troy King

Alabama State House

11 South Union Street,

Montgomery , Alabama 36130-0152

Rashad C. Lee # 213823

Limestone Correctional Faclity

28779 Nick Davis Road

Harvest,Alabama 35749-7009

48

REV. 4/1/97

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

Rashad Lee

**APPELLANT'S NAME**
(as it appears on the indictment)

V.     [ X ] STATE OF ALABAMA
       [   ] CITY OF _____

                                                    **APPELLEE**

[ x ] **CIRCUIT**    [   ] **DISTRICT**    [   ] **JUVENILE COURT OF** Bullock **COUNTY**

**CIRCUIT/DISTRICT/JUVENILE JUDGE:** _____ Honorable L. Bernard Smithart

---

**DATE OF NOTICE OF APPEAL:** February 14, 2005

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

---

**INDIGENCY STATUS:**

Granted Indigency Status at Trial Court:                     [X] Yes [ ] No
Appointed Trial Counsel Permitted to Withdraw on Appeal:    [X] Yes [ ] No
Indigent Status Revoked on Appeal:                          [ ] Yes [X] No

**DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?    [ ] Yes [ ] No

**TYPE OF APPEAL:** (Please check the appropriate block.)

[ ] State Conviction          [ ] Pretrial Appeal by State    [ ] Juvenile Transfer Order
[X] Rule 32 Petition          [ ] Contempt Adjudication       [ ] Juvenile Delinquency
[ ] Probation Revocation      [ ] Municipal Conviction        [ ] Habeas Corpus Petition
[ ] Mandamus Petition         [ ] Writ of Certiorari          [ ] Other(specify) _____

---

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

**TRIAL COURT CASE NO.:** CC-2000-61.61

**DATE ORDER WAS ENTERED:** January 7, 2005          **PETITION:** [X] Dismissed [ ] Denied [ ] Granted

---

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

**DATE OF CONVICTION:** _____    **DATE OF SENTENCE:** _____

**YOUTHFUL OFFENDER STATUS:**
Requested: [ ] Yes [ ] No    Granted: [ ] Yes [ ] No

**LIST EACH CONVICTION BELOW:** *(attach additional page if necessary)*

1. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

2. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

3. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

---

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To *(Date)* |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [X] Other Motion to Vacate Petition | 2-07-05 | 2-17-05 | |

---

**COURT REPORTER(S):** _____
**ADDRESS:** _____

**APPELLATE COUNSEL:** _____
**ADDRESS:** _____

**APPELLANT: (IF PRO SE)** AIS# 213823
**ADDRESS:** _____ 28779 Nick Davis Road
          Harvest, AL  35749

**APPELLEE (IF CITY APPEAL):** _____
**ADDRESS:** _____

---

I certify that the information provided above is accurate to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this 17th day of February, 2005

*Wilbert M. Jernigan*
**CIRCUIT COURT CLERK**

AP 12-3 Letter of Transmittal of Notice of Appeal to the Court of Criminal Appeals by Trial Clerk    Printed and for Sale by Roberts & Son, Birmingham

## LETTER OF TRANSMITTAL OF NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS BY TRIAL CLERK

Rashad Lee
_____
Appellant

V.

STATE OF ALABAMA
Appellee

Offense __Rule 32 Petition__

Sentence __Dismissed__

Notice of Appeal __2-14-05__
                Date Filed
Judgement Entry __1-7-05__
                Date Entered

[   ] Oral notice of appeal has been given prior to or on the date of entry of the judgment of conviction in this cause,

[ X ] Written notice of appeal has been filed on the date indicated hereon (within 42 days from the entry of judgment or the order overruling a post conviction motion),

A certified copy of the entry of record of the oral notice of appeal or the written notice of appeal is forwarded herewith for filing with the Court of Criminal Appeals.

I certify that I have served a copy of this letter of transmittal along with a copy of the notice of appeal on each of the following:

1. Court Reporter (Name and address) _____
2. Defendant
3. Defendant's appellate counsel. (Name and address)_____
4. District Attorney
5. Attorney General

DATED this __11th__ day of __March__ XD 2005 _____ .

_Wilbert M. Jernigan_
Circuit Clerk

*50*

CERTIFICATE OF COMPLETION AND
TRANSMITTAL OF RECORD ON APPEAL
BY TRIAL CLERK


___Rashad Lee_____          TO:   The Clerk Of the Court of
      **APPELLANT**                            Criminal Appeals of Alabama
          v.
                                         CASE NO.:   ___CC 2000-61.61_____
   State Of Alabama
      **APPELLEE**                       DATE OF NOTICE   OF APPEAL: 2-14-05


        I certify that I have this date completed and transmitted
herewith to the appellate court the record on appeal by assembling
in (_____ volumes of 200 pages each and one volume of __50__ pages)
the clerk's record and the reporter's transcript and that one copy
each of the record on appeal has been served on the defendant and
the Attorney General of the State of Alabama for the preparation of
briefs.

        I certify that a copy of this certificate has this date been
served on counsel for each party the appeal.

        DATED this _11th_ day of _March_____, X9_2005_.


                                    _Wilbert M. Jernigan_
                                    Circuit Clerk


                          ___Bullock_____
                          County