*Willis*
*78671*

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
JUN 17 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0961          Bullock Circuit Court CC-00-61.61

Rashad Lee v. State of Alabama

SHAW, Judge.

Rashad Lee appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his November 2000 guilty-plea conviction for murder and his resulting sentence of life imprisonment. Lee did not appeal his conviction or his sentence.

Lee filed his Rule 32 petition on November 8, 2004. In his petition, Lee contended that he was entitled to have his conviction set aside for the following reasons:

(1) The trial court lacked jurisdiction to render the judgment or to impose the sentence


EXHIBIT RX-8

because, he said, he was indicted for intentional murder and the trial court accepted his guilty plea to "first-degree murder," an offense, he said, not encompassed in the indictment, and that his conviction for "first-degree murder" was void because Alabama no longer has degrees of murder.

(2) His indictment was void because, he said, it did not comply with § 12-16-204, Ala. Code 1975, and show the concurrence of at least 12 grand jurors in finding the indictment.

After a receiving a response from the State, the circuit court summarily denied the petition on January 7, 2005.

I.

Lee is not entitled to any relief on claim (1), as set out above, because it is not a jurisdictional claim and is subject to the procedural bars of Rule 32.2, Ala.R.Crim.P. Additionally, this claim is clearly without merit. Lee, quoting the indictment in his petition, stated that he was charged with "'intentionally caus[ing] the death of another person LATASHA LEE, by strangulation and fracturing her neck bone in violation of section 13A-6-2 of the Code of Alabama.'" (C. 12.) Thus, it is clear that Lee was indicted for murder.

During the guilty-plea colloquy, Lee admitted killing the victim, Latasha Lee, and stated that he was guilty of murder.[1]

---

[1] The following exchange took place during the guilty-plea colloquy:

"THE COURT: You admit guilt to the killing of the victim Latasha Lee?

"[Lee]: Yes, sir.

"THE COURT: Mr. Lee, I find that you are alert [and] intelligent, that you have had the advice of counsel and [are] represented by a competent attorney with whom you are satisfied[.] I'll ask you now if you are ready to plead to the crime of

2

The sentencing order clearly stated that "[t]he Court accepted Defendant's plea of guilty and adjudged the Defendant to be guilty of the crime of Murder." (Supplemental Record, C. 5.) In its order summarily denying Lee's petition, the circuit court stated:

> "The Court further finds that the trial judge considering this Rule 32 petition is the same judge that took the guilty plea on November 2, 2000, and further finds that the Defendant understood his rights and the nature and consequences of entering this plea of guilty to intentionally killing his wife by choking her and thereafter attempting to bury her body to conceal her murder."

(C. 28.) Thus, it is clear that Lee understood that he had been charged with murder[2] and he understood that he was pleading guilty to the offense of murder.

Although the trial court mistakenly referred to the offense as "first-degree murder" several times during the guilty-plea colloquy, the trial court also referred to the offense as "intentional murder" several times during the

---

Intentional Murder/First Degree Murder, a Class A felony; and if so, how do you plead, guilty or not guilty?

"[Lee]: Guilty."

(R.Supp. 8.)

[2]During the guilty-plea colloquy, the following exchange occurred:

"THE COURT: You were indicted by the Bullock County Grand Jury [which] charg[ed] you with intentional murder. Have you had the indictment [and] those sections of the law read and explained to you by your attorney?

"[Lee]: Yes, sir."

(R.Supp. 3-4.)

3

guilty-plea colloquy. It would appear that the use of the term "first-degree murder" during the guilty-plea colloquy may have been due to the fact that when the "Explanation of Rights and Plea of Guilty" form was completed, it stated that the offense was "intentional murder -- first (1st) degree murder" and the trial court followed this form and used these terms when conducing the guilty-plea colloquy. (C.Supp. 3.) As noted above, it is clear that during the guilty-plea colloquy Lee was aware that he had been indicted for murder and that he was pleading guilty to murder -- the offense charged in the indictment. Thus, he is not entitled to any relief on this claim.

II.

Lee is also not entitled to any relief on claim (2), as set out above, because it is not a jurisdictional claim and, thus, is subject to the procedural bars in Rule 32.2, Ala.R.Crim.P. See Duren v. State, 813 So. 2d 928, 929 (Ala. Crim. App. 2000) (Rule 32 petitioner's claim that "the indictment was void because it failed to 'show and prove that 12 people voted to indict the petitioner'" was not a jurisdictional claim). Additionally, we note that the indictment was endorsed as a "TRUE BILL" and the endorsement was signed by the grand jury foreman. (C. 16.) "[T]he signature of the grand jury foreman signified the concurrence of 12 or more grand jurors." Ex parte James, 813 So. 2d 841, 842 (Ala. 2001) (Johnstone, J., concurring specially).

III.

Finally, Lee contends on appeal that he was entitled to an evidentiary hearing on the merits of his claims and that the circuit court's order failed to specifically address the merits of his claims. However, Rule 32.7(d), Ala.R.Crim.P., states:

> "If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may ... dismiss the petition."

4

Thus, because all of Lee's claims were either precluded or without merit the circuit court's summary denial of Lee's Rule 32 petition was proper.

Additionally, we note that where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court. See Long v. State, 675 So. 2d 532, 533 (Ala. Crim. App. 1996).

In light of the foregoing, the circuit court's summary denial of Lee's Rule 32 petition is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab and Wise, JJ., concur.