PETITION FOR WRIT OF

CERTIORARI TO A COURT OF APPEALS



RASHAD LEE,

APPELLANT.

V.S.

STATE OF ALABAMA

APPELLEE.

CIRCUIT COURT OF BULLOCK COUNTY

SC NO: _____

(TO BE INSERTED BY THE CLERK OF THE SUPREME COURT)

PETITION FOR WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA:

Comes your Petitioner Rashad Lee and petitions this court for a writ of Certiorari to issue to the Court of Criminal Appeal in the Above – styled cause under Rule 39, ARAP, and shows the following:

(1) Petitioner was convicted of the charge of **Murder in the First Degree** in the Circuit Court of Bullock County, Alabama, on November 2, 2000.

The Court of Criminal Appeal affirmed the judgement on June 17, 2005. An application for rehearing was filed on June 28, 2005 and overruled on _____.

(2) A copy of the opinion of the Appellant Court is attached to this petition which shows the Court of Criminal Appeal case to be

NO: CR-04-0961

EXHIBIT RX-9

(3) Petitioner alleges as grounds for the issuance of the writ the following:

1. The basis of this petition for the writ is that the appellant court held invalid a state statue or incorrectly initially construed a controlling provision of the Alabama or Federal Constution. The issue is wheter the appellant court erred in holding that 'A Trial Court can sentence a defendant for a crime that does not exsists at the time of his alleged conduct and it's not a jurisdictional issue.

(4) The basis of the petition for the writ is that a material question requiring decision was one of first impression in the Appellant Courts of Alabama and was incorrectly decided. The issue is wheter the Appellant court erred in holding that a Trial Court can allow a defendant to answer to two different crimes at trial under one indictment,and one offense charged in the indictment.

(5) The basis of this petition for the writ is that the decision is in conflict with a prior decision of the Supreme COurt on the same point of law.In it's opinion,the Appellant court held:

> 'Lee is not entitled to any relief on claim (2) as set out above because it is not a jurisdictional issue (claim) an thus, is subject to the procedural bar in Rule 32.2 Ala.R.Crim.P.  See Duren V. State,813 So.2d 928,929(Ala. Crim.App. 2000) (Rule 32 petitioner's claim that the "indictment was void because ot failed to show,and prove

2.

that 12 people voted to indict the petitioner," was not a jurisdictional claim) Additionally we note that the indictment was endorsed "as a true bill" and the endorsement was signed by the grand jury foreman.(C.16) "[T]he signature of the grandjury foreman signified the concurrence of 12 or more grand jurors." Ex parte James, 813 So.2d 541,542 (Ala.2001).

In the case of Ex Parte James Jr. V. State of Alabama, Special Term (2001) [1091743] the Alabama Supreme Court held:

"A validly pleaded claim that fewer than 12 grand jurors had found an indictment, would constitute a jurisdictional claim not subject to time bar. That is an indictment found by fewer than 12 grand jurors would be void and therefore ineffective to confer jurisdiction on a court to try, to sentence, or convict a defendant.

These statements of the law or the substance of the opinion are in conflict and the appellant court erred in failing to follow, the decision of the Supreme Court on the same point of law.

(5) The basis of this petition for the writ is that the decision of the Appellant a Court is in conflict with it's prior decision on the same point of law. In it's present decision the Appellant Court held :

'Lee is not entitled to any relief or claim (1) as set out above, because it is not a jurisdictional

3.

> 'claim,and is subject to the procedural bars of
> of Rule 32.2,Ala.R.Crim.P.,Additionally this
> claim is clearly without merit.

In the case of <u>Glover V. State</u>,649 So.2d 216 (Ala.Crim.App.1995) the Appellant Court held:

> 'The trial Court does not have the authority to accept
> a guilty plea to an offense not encompassed in the
> indictment.Rule 13.5 (A) Ala.R.Crim.P. states:
> When the trial court does accept a guilty plea under
> such circumstances the court judgement is void,
> because the defendant has been indicted for one offense
> and pled guilty to another one for which he has not been
> indicted for,therefore an essential essential requisite
> of jurisdiction is therefore missing.

In the case of <u>Eiland V. State</u>,663 So.2d 147 (Ala.Crim.App.1995) the appellant court held:

> 'Because the Trial Court jurisdiction was challenged
> the Trial Court erred in dismissing the Rule 32
> Petition without determining the merits of the
> Jurisdictional claims.If claims are jurisdictional,
> and meritorious,it cannot be barred by the limitation
> period.Additionally the trial court does not have the
> **jurisdiction to render judgement on a guilty plea to**
> **a crime for which the defendant has not been indicted**
> **for.**

In the case of <u>Hill V. State</u>, 409 So.2d 493 (Ala.Crim.App.1981),

<u>Harris V. State</u>, 395 So.2d 1063 (Ala.Crim.App.1980) the court held

> "There are no degrees of Murder under § 13-A-6-2
> as there once were under § 13-1-70 (Repealed)

In the case of <u>Pittman V. State</u>, 621 So.2d 351 (Ala.Crim.App.1995)

the Appeal Court held:

> ["I]t is not within the province of any trial Judge
> to modify, alter, or change the statues of the state of
> Alabama, and no [Trial] judge is vested with the
> exercise of discretion to this end.

In the case of <u>Huffstutler V. State</u> 2003 Ala.Crim.App.Lexis 260

September 26,2003 Released the Appeal Court held:

> "Since Huffstutler was indicted for intentional murder
> and he pled guilty to reckless murder, the appellants
> claims could be meritorious and the circuit court erred
> in not addressing his petition. Huffstutler raised claims
> challenging the trial court jurisdiction to accept his
> plea to a offense not included as a lesser included
> offense in his indictment. Therefore since the circuit
> court did not specifically address his claims or refute
> them, the court must remand the case back for an
> evidentiary hearing.

These statements of the law are in conflict and the issue is

which holding should be followed on the principle of law.


Petitioner respectfully requests that after a preliminary exam-

ination, the writ of certiorari be granted and that this Court

proceed under it's rules to review the matters complained of,

and to reverse the judgment of the court of criminal appeals,

and for other such relief as petitioner may be entitled to.

   I certify that I have this day served copies of this petition
and brief on all other parties to the appeal in the court of
appeals and the Court of Criminal Appeals.

_____

5.

## STATEMENT OF THE FACTS

On this the _____, day of August, 2005, I Rashad Lee do hereby solemly swear that these statement of Facts is a verbatim copy of the statement of facts presented to the court of Appeal in my application for rehearing.

_____
Rashad Lee 213823

Rashad Lee was arrested on April 5, 2000, and charged with the Intentional Murder. On _____, a grandjury of less than 12 members voted and indicted petitioner for Intentional murder. (C.16).
On approximately November 1, 2000, appellant counsel that had been retained came to interview appellant and informed him that he could either plead guilty to "First Degree Murder" and recieve a Life Sentence, or go to trial, and if found guilty of Intentional Murder, either recieve Life without Parole, or either the Death-Penalty because Intentional Murder was a capital offense. See Ex.A
On November 2, 2000, Appellant went to arraignment (S.C 4) and was informed by the Trial Court was ready to accept his plea to the offense of "First Degree Murder". (C.3) Appellant was confused and stated that he would take the plea to 'First Degree Murder' to avoid the Life Without Parole, or Death Penalty, and asked for the papers to sign. Upon the appellant recieving the "Explanation of Rights and Plea of Guilty Form" it verified that the appellant would be pleading to, two different offenses i.e., Intentional Murder/ Murder in the First Degree. (C.3) Lee filed his Rule 32 petition in the Bullock County Circuit Court on December 17, 2004.

(C.20) alleging that the Trial Court was without Jurisdiction to accept his [illegible]. [illegible] an unsigned amended petition was filed in the Circuit Court on December 17, 2004.[illegible]

(C.36,37) On June 17,2005 the Criminal Court of Appeal affirmed the Circuit Court denial of the Appellants Rule 32 petition, elaborating mostly on the claim of ineffective assistance of counsel claim that was apparently never filed. Thus, this Application for rehearing now follows.