IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| RASHAD C. LEE, #213 823 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-968-T |
| BILLIE MITCHEM, WARDEN, *et al*., | * |
| Respondents. | * |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Rashad Lee, on September 30, 2005. In this petition, Petitioner challenges his conviction for "intentional murder first degree" entered against him by the Circuit Court for Bullock County, Alabama, on November 2, 2000. The trial court sentenced Petitioner to life imprisonment. Petitioner did not appeal his conviction and sentence. By operation of law, Petitioner's conviction became final on December 14, 2000.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's conviction became final in 2000- **after** the effective date of the statute of

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Petitioner filed a Rule 32 petition with the trial court on October 30, 2001. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (Doc. No. 12 at pgs. 7-8.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of murder in the Circuit Court for Bullock County, Alabama, on November 2, 2000. On that date, the trial court imposed a life sentence on Petitioner. Petitioner did not file a direct appeal of his conviction or sentence. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Petitioner's conviction became final on December 14, 2000 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama*

*Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

  28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for ten months and 15 days after Petitioner's conviction became final until the filing of a Rule 32 petition in the Circuit Court for Bullock County on October 30, 2001. This petition remained pending in the state courts until August 16, 2002 when the Alabama Supreme Court entered a certificate of judgment on appeal from the trial court's denial of Petitioner's Rule 32 petition. Thus, as of the aforementioned date, the petitioner had 46 days of the applicable limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on October 4, 2002. Although Petitioner filed a second Rule 32 petition on November 8, 2004, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[2] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also*

---

[2] Petitioner's second Rule 32 petition was filed in the state court more than two years after § 2244(d)'s one-year period of limitation had expired.

*Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on November 8, 2004 had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition on September 30, 2005. In light of the foregoing, it is

ORDERED that on or before January 4, 2006 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 16th day of December, 2005.

                                         /s/Charles S. Coody
                                         CHARLES S. COODY
                                         CHIEF UNITED STATES MAGISTRATE JUDGE