**A T T O R N E Y   G E N E R A L C O P Y**

FILED

JAN 1 1 2006

CLERK
ALA COURT CRIMINAL APPEALS

NO CR - 05-0453

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

RASHAD LEE,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

---

ON POST CONVICTION APPEAL FROM THE

CIRCUIT COURT OF BULLOCK COUNTY ALABAMA

( CASE NO : CC- 00-61.62 )

---

**BRIEF OF APPELLANT**

---

RASHAD C. LEE#213323
L.C.F.
28779 NICK DAVIS ROAD
HARVEST,ALABAMA 35749-7009

***** PRO SE OF THE RECORD *****



EXHIBIT
RX-13

## STATEMENT REGARDING ORAL ARGUMENTS

THE APPELLANT DOES NOT REQUESTS ORAL ARGUMENT

## CERTIFICATE REGARDING FORT AND TYPESTYLE

I, RASHAD C. LEE HEREBY ON THIS THE 11th DAY OF ~~FEBRUARY~~ January 2006, DECLARE THAT I AM PRO SE, INCARCERATED IN THE ALABAMA DEPARTMENT OF CORRECTION AND MUST RELY ON THE TYPEWRITERS FURNISHED BY THE D.O.C. TO THE INMATES, WHICH IN THIS CASE IS A BROTHERS. THE "FONT" AND "TYPESTYLE" OF THIS MACHINE IS THE CLOSEST APPROXIMATION OF COURIER NEW 13 AVAILABLE UNDER THE SAID CIRCUMSTANCES, AND THEREFORE NO OTHER MEANS ARE AVAILABLE TO ME TO PREPARE MY BRIEF ON APPEAL.

RASHAD C. LEE # 213823

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENTS . . . . .

CERTIFICATE REGARDING FONT AND TYPESTYLE . . . . . . .

TABLE OF CONTENTS . .

TABLE OF AUTHORITIES . . . . . .

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . .

STATEMENT OF THE CASE . . . .

STATEMENT OF THE FACTS . . . . . . .

STANDARD OF REVIEW . . .

SUMMARY OF THE ARGUMENTS . . . . .

ARGUMENTS . . . .

RULINGS ADVERSE TO APPELLANT . . . . . .

CONCLUSION . . . . . .

CERTIFICATE OF SERVICE . . . . .

II.

# TABLE OF AUTHORITIES

ALBRECHT V. UNITED STATES, 273 U.S. 1, 8, [47 S.Ct 250, 252, 71 L.Ed 505](1927)....20

ALFORD V. STATE, 651 So.2d 1110: (Ala.Crim.App. 1994).....22

BULGER V. STATE, ALA LEXIS 250 (2004)......3

CHAMBERS V. UNITED STATES, 22 F.3d 939 (8th Cir.1994)....17

EXPARTE CARO, 791 So435 (Ala. 2000).....2

EXPARTE ICONEY, 797 So.2d 427 (Ala.Crim.App. 1998)...20

EXPARTE WHITE, 792 So.2d 1097 (Ala.2001)....X

HARRIS V. STATE, 395 So.2d 1063 (Ala.Crim.App. 1980)...10

HUFFSIGKLER V. STATE, 2003 LEXIS 250 ..............

LANCASTER V. STATE, 638 So.2d 1370 (Ala.Crim.App.1993)..4,5

MITCHELL V. STATE, 574 So.2d five (Ala.Crim.App. 1989)....

PITTS V. STATE, 716 So.2d 24 (Ala.Crim.App. 1997)......3

ROSS V. STATE, 529 So.2d 1074 (Ala.Crim.App.1988)....

STOUGH V. STATE, 501 So.2d 1188 (Ala.Crim.App.1986)...22

TOOWER  SYKES AND HIGGINS V. RUTLAND LT RR, 57 Ala.339, 29 Am Rep 722 (Ala 1926)..6

U.S. V. SANDLIN, 12 F.3d 861 (9th Cir.1993)...8

U.S. V. STONE, 139 F.3d 822 (1988)...13

U.S. V. WALKER,53 F.3d 1106 [11ᵗʰ Cir.1995]......17

U.S. V. WORCUFF,137 U.S. App. D.C. 263,422 F.2d 700 (1970)...8

WINFARD V. STATE,821 So.2d 240 (Ala.Crim.App.2001).........13

## Rules

Rule 32.1 (b) Ala.R.Crim.P. .....5

Rule 32.1 (b) Ala. R. Crim.P.....

Rule 32.9 (c) Ala.R.Crim.P.......1,5

Rule 13.2 (c) Ala.R.Crim.P......15

Rule 13.5 (a) Ala.R.Crim.P......6,7,8,9,10,11,12,15,19

## Other Authorities

Article 1,§§35 Ala.Const... 7,13,15

26 U.S.C.§§751 (.)(1)       7,17

§§13-1-70,Code of Alabama (Repealed),11,17,17

§§13-A-1-4-,Code of Alabama 1975.......15,16,17

13-A-6-2-(a)(1) Code of Alabama 1975, 14,11

§§15-6-100 (20) Code of Alabama 1975....13

§§15-3-90 Code of Ala.1975...10,11,16,18,19

# STATEMENT OF THE CASE

During the year of 2000, Rashad C. Lee, (herein called Lee) was indicted by the mid-term Bullock County Grandjury charging him with the April 4, 2000, Intentional Murder of his enstranged wife, Latasha Lee. (C.59-60) On November 2, 2000, Lee was convicted for the offense of Murder in The First Degree pursuant to a guilty plea in the Bullock County Circuit Court. (C.72-73), and sentenced to a term of life imprisonment (C.73). The Honorable Judge Smithart presided, and no appeal was taken in regards to his guilty plea.

On November 6, 2001, Lee filed his First Rule 32 Petition attacking his conviction and sentence. (C.105) On December 14, 2001, the state moved the trial court to dismiss the petition. (C.105) The Circuit Court subsequently dismissed the petition on January 10, 2002 (C.105) On May 24, 2002, this Court affirmed by memorandum opinion the Circuit Court summary dismissal of Lee's Rule 32 petition. Lee V. State, Crim-App.01-0898. On August 16, 2002, the Supreme Court issued it's Certificate of Judgement Exparte Lee-SC-10011849.

On August 16, 2002, the Supreme Court issued it's Certificate of Judgement. On December 1, 2004, Lee filed his 2nd Rule 32 Petition in the Circuit Court. The said petition was summarily dismissed by the Circuit Court on January 7, 2005. (C.105) Although Lee filed a motion to vacate, or set aside the order dismissing the petition the Circuit Court denied the motion on Febuary 7, 2005. This Court affirmed the Trial Court denial of Lee's 2nd Rule 32 petition by memorandum, on June 11, 2005 Lee V. State, Crim.App.04-0961.

v.

On September 9,2005 the Supreme Court issued it's certificate of Judgement Exparte-Lee-SC-1041639.On October 11,2005 Lee filed his subsequent Rule 32 petition.The trial court set the petition for a hearing on December 8,2005.On November 27,2005,the state filed an objection to the hearing,and on November,28,2005,the state filled it's motion to dismiss without addressing or refuteing any of the allegations contained in Lee's petition,and the Trial Court subsequently dismissed the Petition on November 28,2005,thus, this Appeal.

## ISSUES PRESENTED FOR REVIEW

### I.-III.

DID THE TRIAL COURT EXCEED, AND ABUSE IT'S AUTHORITY WHILE SETTING A HEARING ON THE PETITIONER RULE 32 PETITION, TO DETERMINE THE MERITS OF LEE'S CLAIM WITHOUT REQUIREING A RESPONSE FROM THE STATE THUS, UPON A MOTION TO DISMISS AND AN OBJECTION TO HEARING FROM THE STATE, QUASHED THE PETITIONER HEARING WITHOUT SPECIFICALLY ADDRESSING THE CLAIMS AND MAKING SPECIFIC FINDING OF FACTS?

### IV.

LEE DEMONSTRATED THAT HIS GUILTY PLEA TRANSCRIPTS HAD BEEN ALTERED BY THE STATE AND OR THE TRIAL COURT IN AN EFFORT TO CIRCUMVENT THE TRIAL COURT VIOLATION OF RULE 13.5 (a) ALA.R.CRIM.P. and DID THIS WARRANT REVERSAL OF LEE'S CONVICTION ?

### V.

DID THE TRIAL COURT CONSTRUCTIVELY AMEND LEE'S INDICTMENT UPON ACCEPTINGHIS GUILTY PLEA TO FIRST DEGREE MURDER WHEN LEE'S INDICTMENT CHARGED INTENTIONAL MURDER ? YES

### VI.

DOES THE STATUTE TO WHICH THE TRIAL COURT ACCEPTED LEE'S GUILTY PLEA, SENTENCED, AND CONVICTED LEE OF VOIDS LEE;S CONVICITON BECAUSE THE STATUTE WAS REPEALED AT THE TIME OF LEE'S ALLEGED CONDUCT AND AT THE TIME OF THE TRIAL COURT ACCEPTANCE OF LEE'S PLEA OF GUILT TO THE REPEALED CRIME, AND SENTENCEING LEE UNDER THE REPEALED STATUTE OF THE CRIME? YES

### VII.

DID THE TRIAL COURT WITHOUT JURISDICTION RENDER JUDGEMENT ON A GUILTY PLEA FOR A CRIME TO WHICH LEE HAD NOT BEEN INDICTED FOR ?

### VIII.

THE TRIAL COURT WITHOUT JURISDICTION ORDERED AND ENTERED RESTITUTION UPON LEE WITHOUT NECESSITATING THE VICTIM, AND OR THE STATE TO PRODUCE THE REQUIRED LEGAL DOCUMENTS AS TO THE AMOUNT OF WAGES ALLEGEDLY LOST BY THE VICTIM AND DID THIS REQUIRE THE RESTITUTION ORDER VACATED?

### VII.

# S T A T E M E N T    O F    T H E    F A C T S

Lee filed his subsequent Rule 32 Petition in the Bullock County Circuit Court on October 11,2005,(C.3),alleging that the circuit court was without jurisdiction to amend his indictment to charge a new offense of Murder in the first degree,an offense that Lee was not indicted for,nor an offense that was an lesser included offense of his Intentional Murder Indictment,without Lee's consent on the face of the record in violation of Rule 13.5 (a) Ala.R.Crim.P., and that the Trial Court unconstitutionally and without subject matter jurisdiction adjudged Lee guilty of an offense that he was not indicted for,nor an offense that was a lesser included offense of His Intentional Murder Indictment,(C.25), (C.23)

Lee  also raised the claim that the Trial Court without Lee's consent,or jurisdiction altered,and added Lee's guilty plea transcripts, in an effort to Circumvent the Trial Courts Violation of Rule 13.5 (a) Ala.R.Crim.P., and that the Trial Court violated the Constitution of the United States,and of Alabama (1901), by convicting Lee of an offense that did not existed at the time of his alleged conduct,or at the time of the Trial Court accepting his plea of guilt,and sentencing Lee.(C.37)

The Trial Court upon viewing the petition and determining that the petition was meritorious,and not precluded,entered an Order setting the petition for an evidentiary hearing on December 6,2005, and this was done by the trial court on October 17,2005,some (6) days after the petition was filed, thus,without requiring the state to respond.(C.102)

On October 27,2005,the state filed a motion to dismiss the petitioner petition,(C.104), then the petitioner had filed his motion requesting thereof to be dismissed by the state,(C.148) then on August 29,2005,the had filed a motion objection to the petition not supporting nothing,(C.114)

On November 7,2005, petitioner filed his objection to the State's motion to dismiss,(C.115),and he also had filed an Objection to the State's motion to the court.,(C.115). Then on the August, the trial court have entered an order dismissing the petitioner motion. petition,(C.179) petitioner then filed a motion to reconsider, alter,amend or vacate, the court order on November 10,2005,(C.125),and also petitioner filed an motion for relief from judgment or order on December 5, 2005(C.143).

Petitioner filed a motion to recuse the presiding judge,and the state's prosecutor which was not agree to, stated by the trial court,(129,C.134) which was was denied along with all of the petitioner's post-conviction motions,thus the petitioner give notice of appeal on December 15,2005 from this motion.

IX.

## STANDARD OF REVIEW

The standard of review on appeal in a post conviction proceeding is wheter or not the trial judge abused his discretion when he denied the Rule 32 petition. **Elliot v. State,** 601 So.2d 1118 (Ala. Crim.App.1992) Quoting **Exparte Heaton,** 542 So.2d 931,(Ala.1989) However when the facts are undisputed and an appellant court is presented with pure questions of Law, that's courts review in a Rule 32 proceeding in Denovo. **Exparte White,** 792 So.2d 1097 (2001)

"When the trial court improperly applies the law to the facts, no presumption of correction exsists as to the Courts Judgement. **Exparte Jackson,** 886 So.2d 155, quoting Hill, 690 So.2d @ 1203, quoting in turn Exparte Agee, 669 So2d 102

When reviewing a Trial Court's Ruling on Post conviction relief petition, the court...must determine wheter the trial court abused it's discretion. **Payne V. State,** 791 So.2d 383,396 (Ala.Crim.App. 1999), **Strickland V. State,** 771 So.2d 1123,1125 (Ala.Crim.App.1999) A judge abuse his discretion only when his decision is based on erroneous conclusion of law, or where there is a record that contains no evidence on which he rationally could have based his decision. **State V. Jude,** 686 So.2d 528,530 (Ala.Crim.APp.1996) Cert. quashed, 686 So.2d 528 (Ala.1996)

X.

## SUMMARY OF THE ARGUMENTS

### I-III.

LEE WAS ENTITLED TO AN EVIDENTIARY HEARING ON THE MERITS OF THE CLAIMS PRESENTED IN HIS RULE 32 PETITION AS THOSE CLAIMS PRESENTED IN HIS ORIGINAL PETITION ARE MERITORIOUS ON THEIR FACE, AND THE STATE AGAIN FAILED TO REFUTE THOSE ALLEGATIONS, AND THE CIRCUIT COURT ORDER FAILED TO SPECIFICALLY ADDRESS THE MERITS OF THE SAID CLAIMS PRESENTED BY LEE IN HIS PETITION.

### IV.

LEE WAS ENTITLED TO HAVE HIS GUILTY PLEA CONVICITON SET ASIDE AND VACATED WHERE HIS PETITION ALLEGED AND DEMONSTRATED THAT THE STATE ALONG WITH THE TRIAL COURT ILLEGALLY ALTERED AND EDITED HIS TRANSCRIPTS IN AN EFFORT TO CIRCUMVENT THE TRIAL COURTS VIOLATION OF RULE 13.5(A) ALA.R.CRIM.P. UPON ACCEPTING LEE'S GUILTY PLEA.

### V.

THE TRIAL COURT WITHOUT JURISDICTION CONSTRUCTIVELY AMENDED LEE'S INDICTMENT AND LEE CONVICITON AND SENTENCE WERE DUE TO BE VACATED AND REMANDED BACK TO THE TRIAL COURT FOR A NEW TRIAL.

### VI.

LEE WAS ENTITLED TO HAVE HIS SENTENCE AND CONVICTION VACATED WHEREAS HIS PETITION AND THE RECORD BOTH DEMONSTRATED THAT THE TRIAL COURT AMENDED THE STATUTE OF ALABAMA WITHOUT JURISDICTION THEREBY ACCEPTING A PLEA OF GUILT, AND SENTENCEING LEE UNDER A STATUTE THAT HAD BEEN REPEALED BY THE ALABAMA LEGISLATURE THUS MAKING THE STATUTE AS APPLIED TO LEE'S CASE UNCONSTITUTIONAL.

### VII.

LEE WAS ENTITLED TO HAVE HIS CONVICITON AND SENTENCE VACATED WHERE HIS PETITION DEMONSTRATED THAT THE TRIAL COURT ADJUDGED LEE GUILTY OF AN OFFENSE THAT HE WAS NOT INDICTED FOR, NOR AN OFFENSE THAT WAS ENCOMPASSED AS A LESSER INCLUDED OFFENSE OF HIS INDICTMENT.

### XI.

VIII.

THE TRIAL COURT WITHOUT JURISDICTION ORDERED RESTITUTION UPON LEE
WITHOUT REQUIREING THE STATE TO PRODUCE ANY LEGAL DOCUMENTS AS TO
THE AMOUNT OF WAGES LOSS BY THE VICTIM.

XII.

DID THE TRIAL COURT EXCEED, AND ABUSE IT'S AUTHORITY WHEN IT SET
A DATE FOR AN EVIDENTIARY HEARING ON LEE'S RULE 32 PETITION AND
UPON THE STATE MOTION TO DISMISS, AND OBJECTION TO THE HEARING
ENTERED AN ORDER QUASHING THE PETITIONER HEARING AND TRANSPORT ?

It is the contention of Lee, that from the face of the record, that he
raised claims in his petition that were jurisdictional, meritorious, and that
the claims were not barred by the limitation period of Rule 32.2 (c)
Ala.R.Crim.P. , nor against the successive Rule under Rule 32.2(b) Ala.R.Crim.P.
alleging that the Trial Court was without jurisdiction to render judgement or
to impose sentence, which could be raised at anytime.

Specifically, Lee contends that the Trial Court exceeded it's authority, and
abused it's discretion when the Trial Court entered an Order setting a hearing
on his Rule 32 Petition somer(6) days after the Trial Court viewed the Petition
after it was filed, and without requiring a response from the state, because the
Court knew from the initial viewing wheter or not the claimsthat were raised
in the petition warranted a hearing without requiring a response from the
state, and thus upon the Trial court setting the hearing, then quashing it at
the request of the state, violated Petitioner's due process rights under the
Fourteenth Amendment of the United States Constitution, because Lee was never
given a opportunity to present evidence insupport of the meritorious claims
that were presented in his petition as required by law, and Rule 32.9(d) Ala.R.Crim.P.
**Elliot V. State,** 601 So.2d 1118 (Ala.Crim.App.1992)

"Standard of review on appeal in a post conviction proceeding is wheter the
Trial judge abused his discretion when he denied the petition."

The Trial Court in it's order found that the petition filed by Lee was not
found within the (1) one year limitation period as specified by Rule 32.2 (c)
Ala.R.Crim.P., because the petition failed to raise a valid jurisdictional
claim, and it was not filed within the specified time limitation period.
Lee contends that the Trial Courtvknew that his petition required a hearing on
the claims presented after initially viewing the petition, and that the state

[1]

although it filed an objection to the hearing, and a motion to dismiss after the Trial Court had previously set a date for a hearing, the state failed to address any of the claims that was presented in Lee's petition.

Lee raised claims that were meritorious, and also Lee presented a clear and specific statement of the grounds upon which he sought relief, which included a full disclosure of the facts relied upon, that were sufficient to show that the claims were jurisdictional, and that the facts were true and entitled Lee too relief. Lee should have been given a chance to present evidence on the claims that were presented in his petition, which the state failed to refute, or address. **Mitchell V. State,** 574 So. 2d 1194 (Ala. Crim. App. 1989)

Lee contends that the TRial Court failed to follow the mandatory **language** of Rule 32.9(a) **Ala.R.Crim.P.** which states in pertinent part that:

> **"Unless the court dismiss the petition, the petitioner [SHALL] be entitled to an evidentiary hearing to determine disputed issues of a material facts with the right to subpoena witnesses on his behalf."**

Furthermore the Court failed to make specific finding of facts as required by the mandatory language of Rule 32.9 (d) **Ala.R.Crim.P.** because once the Trial Court Ordered a hearing on the petition it had a mandatory duty to address each of the claims that were raised in Lee's petition, and make specific finding of facts relating to each one. **Exparte Grau,** 791 So. 2d 345 (Ala. 2000)

When the Trial Court quashed Lee's hearing at the request of the state by motion it abused, and exceeded it's authority by depriving Lee of his liberty "without due process" of law, **Article I, §35** Ala. Const. Exparte Boatwright, 471 So. 2d 1257 (Ala. Crim. App. 1985) (C.111)

Furthermore Lee in (2) two post-conviction motions demonstrated that the Trial Court entered an Void judgement,and or order that was contrary to the ruling of his petition , in that jurisdictional claims could have been raised at any time and not subject to the procedural bars of Rule 32 in which the Trial Court Denied both motions that Lee filed challenging the judgement of the Trial Court.(C.125.142)

Because the Trial Court judgement was void it will not support an appeal an Lee's case is due to be reversed and remanded.**Bulger V. State,** Ala.Lexis 250 (2004)


### WAS LEE ENTITLED TO AN EVIDENTIARY HEARING ON THE JURISDICTIONAL AND MERITORIOUS CLAIMS THAT WERE PRESENTED IN HIS PETITION ?

Lee avers that the claims raised by him in his petition were jurisdictional, and that the claims were not precluded by the procedural rules of Rule 32,nor against the Successive petition Rule.Specifically Lee contends that the Trial COurt should have held a hearing on the claims presented in his petition. Lee contends that the state failed to address,or refute any of the claims that were raised in his current petition and the allegations should have been taken as true.**Huffstutler V. State,**2003 LEXIS 200,**Pitts V. State,**716 So.2d 24 (Ala. Crim.App.1997) Quoting Teat V,State,589 So.2d 815 (Ala.Crim.App.1991)also quoting Exparte Boatwright,471 So.2d 1257 (Ala.Crim.App.1985)Smith V. State, 581 So.2d 1283 (Ala.Crim.App.1991)Lewis V. State,Ala. Lexis 85 (Ala.Crim.App.2005)

The court in it's order found that the petition filed by Lee was not filed within the (1)one year limitation period as specified by Rule 32.2 (c) Ala.R.Crim.P. because the petition failed to raise a valid jurisdictional claim,and it was not filed within the specified limitation period.

However,Lee asserts that because all of the claims that was raised in his petition challenged the subject matter jurisdiction of the trial court, the court

[3]

erred by not holding the evidentiuary hearing that it had previously Ordered
so that  he could presente evidence in support of his jurisdictional claims.
Lancaster V. State,638 So.2d 1370 (Ala.1993)Jones V. State,724 So.2d 711
(Ala.1987)Ford V. State,LEXIS 214,(Ala.Crim.App.2001)Beavers V. State,LEXIS 193
(Ala.Crim.App.2004)Exparte Boatwright,471 So.2d 1257 (Ala.Crim.App.1985)

Lee in his petition pleaded faCts,which were true,and that would entitle him
to relief,therefore the trial court was in error,and abused it's discretion
when it quashed Lee's evidentiary hearing,and didn't give Lee an opportunity to
present evidence in support of his jurisdictional claims alleged in his Rule 32
petition.Boyd V. State,(MS-CR-02-0037)LEXIS 265 (Ala.Crim.App.2003)

All of the claims raised by Lee in his petition challenged the Subject matter
jurisdiction of the Trial Court,and because the trial court was without
jurisdiction to render a judgement or impose sentence,Lee is entitled to an
evidentiary hearing and his conviction should be reversed and remanded to the
trial court.King V. State,689 So.2d 931 (Ala.Crim.App.1997)Rice V. State,682 So.
2d 485 (Ala.Crim.App.1996),Ellis V. State,686 So.2d 1265 (Ala.Crim.App.1996),
Johnson V. State,675 So.2d 85 (Ala.Crim.App.1995),Eiland V. State,668 So.2d 1147
(Ala.Crim.App.1995)Hammond V. State,665 So.2d 970 (Ala.Crim.App.1995)Hall V. State,
655 So.2d 51 (Ala.Crim.App.1995)Glover V. State,649 So.2d 216 (Ala.Crim.App.1994)
(Ross V. State,529 So.2d 1074 (Ala.Crim.App.1998)


LEE ASKS THAT THIS COURT REMAND FOR AN EVIDENTIARY HEARING

DID THE TRIAL COURT ERR BY DISMISSING LEE'S RULE 32 PETITION THAT
CHALLENGED THE SUBJECT MATTER JURISDICTION OF THE TRIAL COURT FOR
FAILURE OF THE PETITION TO BE FILED WITHIN THE (1) YEAR
LIMITATION PERIOD AS SET FORTH BY RULE 32.2 (C) A.R.Crim.P

Lee contends that because the claims raised in his petition arose under

Rule 32.1(b) Ala.R.Crim.P.,"The trial court was without jurisdiction to render

judgement or to impose sentence," Lee could have raised  the claims at any

time prior to,or after the (1) year period of limitation as stated under Rule

32.2(c) Ala.R.Crim.P. The trial court held that Lee's petition was barred by

the one (1) year limitation period in Rule 32.2 (c) Ala.R.Crim.P. and that the

petition failed to state a valid jurisdictional claim.Lee contends because the

Trial Court set a hearing after initially viewing the petition,and before

requireing the state to respond ,Lee should have been afforded a hearing on

the claims .**Eiland V. State,**668 So.2d 147  (Ala.Crim.App.1995)

Lee contends that all of the claims raised by him in his petition were not

precluded by the limitation period of Rule 32,and because all of the claims

arose upon the grounds 32.1 (b)  Ala.Crim.App.  and the court should have

addressed the claims,and afforded him a hearing on the meritorious claims

that was raised in his petition.**Lancaster V. State,**638 So.2d 1370 (Ala.Crim.App.

1993) "The period of limitation  set forth in Rule 32.2 (c) A.R.Crim.P. applies

only to the grounds specified  in Rule 32.1 (a)(e)(f).The ground stated in Rule

32.1 (b) that the court was without jurisdiction to render judgement or impose

sentence,"is not subject to the two year period of limitation of Rule 32.2 (c)

itself.Therefore the appellant can correctly raise the ground stated in Rule

32.1 (b) after the two year period of limitation has expired.

LEE RESPECTFULLY ASKS THAT THIS COURT REMAND FOR A HEARING

### DID THE TRIAL COURT HAVE THE JURISDICTION TO ALTER AND EDIT LEE'S GUILTY PLEA TRANSCRIPTS IN AN ATTEMPT TO CIRCUMVENT THE TRIAL COURT'S VIOLATION OF RULE 13.5 (a) Ala.R.Crim.P.

The petitioner contends that the Trial Court violated his constitutional rights under the Fourteenth Amendment of the United States Constitution, when the state along with the Trial Court conspired together, and altered, and edited Lee's guilty plea transcripts in an effort to circumvent the Trial Court violation on Rule 13.5 (a) Ala.Crim.App., when the Trial Court accepted a plea of guilt to an offense that Lee had not been indicted for (C.72,79) and also adjudged Lee guilty of the same in open court, thus, affecting Lee's substancial rights .

Specifically ,Lee avers that once he gave notice of appeal in his previous filed Rule 32, that the state failed to acknowledge the claims raised in his petition, and subsequently he failed to included a copy of his guilty plea transcripts as exhibits in support of the allegations towards the Trial Court and the state and or the trial court altered his guilty plea transcripts to circumvent the court error in accepting Lee's guilty plea and allowed the altered and edited record to proceed on appeal to the appellant courts thus, this seriously affected Lee's substancial rights because the changes to his guilty pleaa transcripts did not show affirmatively what occured, and what the state, and the trial court did when the trial court accepted Lee's plea of guilt to an offense that he had not been indicted for.(See guilty plea transcripts at C.65-79)Toomer, Skyes And Billups V. Rutlkand et al,57 Ala.379,29 Am.Rep.722 (Ala.1936)"The law puts a ban on tampering with written documents by material alterations,giving a different legal effect thereto with the consent of the maker.Benton V. Clemmons,157 Ala.658,47 So.582 (Ala.1908)"Did the interposed matter make the instrument speak a language different from that in legal effect from that which it originally spoke,which carries with it some changes in the

rights,intrests,or obligations of the parties.Montgomery V. Crosswait,90 Ala.
553,8 So.489,12 L.R.A. 140,24 Am.St Rep.832,Payne V. Long,121 Ala.385,25 So 780

Lee in his petiton nonetheless :asked the Trial Court to take judicial notice
of their records when he filed the petiton,which the court failed to do
apparently thus,violating the Court Reporter Act under U.S.C. §753 (b)(1) 1915.
The Trial Court violated Lee's substancial rights under § 28 U.S.C. §753 (b)(1)
1915,when it submitted a altered record on appeal,and allowed the record to
to proceed to the appellant court which was substancially changed from the
Original record.It can be said that if the Trial Court had of not altered Lee's
guilty plea transcripts then Lee, could have won a reversal on appeal if
the substancial change had not of been made to Lee's transcripts to totally
change what the trial court said,in accepting Lee's guilty plea to an offense
that he had not been indicted for by the grandjury,without Lee's consent on the
face of therecord,or Lee's knowledge.(C.72 lines 23-25)(C.79 lines1-3)

This procedure  that was done by the trial court cannot however be said to
be harmless,nor lawful,because there is no lawful justification for altering
certified legal records by anyone including the state and or the trial court
to circumvent the Trial Courts error and violation of Rule 13.5 (a) Ala.R.Crim.P.
even though the changes may have been "editorial" , but nonetheless substancially
significant because the editing,and altering of Lee's transcripts substancially
changed "verbatim" what the trial court accepted Lee's guilty plea too,and
this was a serious injury,and prejudice to Lee's case on appeal,affecting Lee's
substancial rights.

Lee had a right to have the higher courts to review "Verbatim" what the
Trial Courts had accepted Lee plea of guilt to and under Section 28 U.S.C. § 753
(b) it contemplates that the official record shall be nothing short of verbatim.
Under that section it has mandatory language which must be followed by all
court reporters which the word shall means must.

[7]

In the case of <u>United States  V.  MuCusker,</u>936 F.2d 781 (5th Cir,1981) the

Court hels in pertinenet part :

>    .........."Requirements of the Court Reporter Act are mandatory,and exceptions
>    to the requirements should be few and narrowly construed ,28 U.S.C.A.
>    §753 (b) (1) requires that a court reporter,Shall record verbatim
>    by shorthand,or by other mechanical means all proceedings in a
>    criminal  case in open court."

The record is completely void of Lee giving his consent to the state or the

Trial Court to alter his guilty plea colloquy to be used adversely against him

on appeal and Lee's asks that this court will reverse his conviction,for the

Trial Court failure to follow the mandatory language of Section 28 U.S.C.A.

§ 753 & § 752 (b)(1) 1915. In <u>United States V  Sandlin,</u>12 F.3d 861 (9th Cir.

1993) the court held in pertinent part:

>    ......"Any editing of official transcripts in any form without the
>    parties permission or consent is prohibited.

As the requirement of the act are mandatory and compliance is not difficult,

the courts has insisted that exceptions [to the requirement] should be few

and narrowly construed.United States V. Upshaw,448 F.2d 1218,1223-24,(5th Cir.

1971) Cert. Denied 405 U.S. 934,92 S Ct.970, 30 L.Ed 2d 810 (1972) The Court

must exclude any possibility of any error other than harmless.

It cannot be said that it was harmless error for the state and or the Trial

Court to alter Lee's guilty plea transcripts in an effort to circumvent the

Trial Courts violating Rule 13.5 (a) Ala.R.Crim.P. and therefore Lee's

conviction,and sentence deserves to be vacated by this Honorable Court,because

the Trial Court nor the state cannot affirmatively say that none of Lee's

Substancial rights were  not violated by the alteration,nor that Lee was not

adversely affected by the changes in his transcripts.<u>United States V. Workcuff,</u>

<u>422 F. 2d 700 (1970)</u>

**DID THE TRIAL COURT HAVE THE JURISDICTION TO CONSTRUCTIVELY AMEND
LEE'S INTENTIONAL MURDER INDICTMENT TO CHARGE A NEW OFFENSE OF
"MURDER IN THE FIRST DEGREE" AN OFFENSE NOT INCLUDED AS A LESSER
INCLUDED OFFENSE,NOR AN OFFENSE THAT LEE HAD INDICTED FOR IN
VIOLATION OF RULE 13.5 (A) ALA.R.CRIM.P. ?**

It is Lee's contention that the Indictment to which He was bought to trial

by a grandjury charged him with the offense of Intentional Murder,(C.59,60),

(C.67) but without jurisdiction,in violation of Rule 13.5 (a) Ala.R.Crim.P. ,

the TRial Court constructively amended Lee's Indictment to charge a new offense

of Murder in The First Degree (C.72,C.79), an offense that Lee was neither

indicted for by a grandjury,nor an offense that was included as a lesser

included offense in his Intentional Murder indictment returned by the grandjury.

Thus,Lee's conviction is Null and void **Ross V. State**,529 So.2d 1074 (Ala.Crim.

App.1988) It should be noted that Lee's indictment is void of the language

Murder in the First Degree,therefore his November 2,2000, guilty plea is void

not excluding the subsequent Life sentence in that the guilty plea/ sentence

does not rest upon the utilization of a grandjury indictment or information

thereby depriving the trial court of jurisdiction to render a judgement or to

impose a sentence upon accepting Lee's guilty plea to an offense not encompassed

inhis indictment.(C.59,60)(C.72,C79) Ross at 1074" The Jurisdiction of the Court

in felony cases,rests upon the utilization of a grandjury indictment,or information,

and [thus] the requirement of such charging instrument is not waived by a guilty

plea.

Although it was the TRial Court that modified the elements,and the language

of the charged offense in accepting Lee's guilty plea,the process still

constituted a constructive amendment in Lee's indictment.Lee asserts that the

offense to which he was convicted of,and sentenced for per the Trial Courts

amendment in accepting his guilty plea had been abolished by the alabama legislature

[9]

on or about January 1,1980,abolishing the Degrees of Murder in this state.

**Harris V. State,** 395 So.2d 1063 (Ala.Crim.App.1980) this Honorable Court held:

....".. There are no degrees of Murder in this state under Section 13-A-6-2-A
      Code of Alabama,as there once were under Section 13-1-70 Alabama Code
      1975. See also Hill V. State, 409 So.2d 943 (Ala.Crim.App.1981)


   A constructive amendment occur to an indictment occurs when the jury,or in

Lee's case the charging the charging terms,of the indictment are altered,

either literally or in effect,by the prosecutor,or the trial court after the

grandjury has last passed upon them.United States  V. **Salinas,**554 F.2d 319,324

(5th Cir. Unit A August 1981)Quoting Gaither,413 F.2d at 1071


Here the Trial Judge through construction amended Lee's indictment to charge

a new offense of Murder in The First Degree which did not fall within the

permissable limitations of § 15-8-90 ,nor of Rule 13.5 (a) Ala.R.Crim.P.

   Under § 15-8-150,(72) Lee indictment did not track the language of a

Murder in the First Degree Indictment which states: AB unlawfully,and with

malice and aforethought,killed C.D. by shooting him with a pistol,or gun,

(or by striking him with a iron weight,or by throwing him from the top of the

house,or by pushing him into the river,whereby he drowned,ect,(as the case may

be). In the case at bar,the indictment against Lee charging him with the offense

of Intentional Murder Reads:

   "The Grandjury of said county charge that before the finding of this
   indictment,Rashad Lee, whose name is otherwise unknown to the grandjury,
   did on or about April 4, 2000,intentionally cause the death of another
   person Latasha Lee,by strangulation and fracturing her neckbone in
   violation of Section 13-A-6-2 of the Code of Alabama.

   It is well settled that a trial court is without jurisdiction or authority,

to accept a guilty plea to an offense not encompassed by the charge in the

indictment.**Glover V. State,** 649 So.2d 216,218 (Ala.Crim.App.1994)

[10]

As stated in Lee's indictment Lee was charged with violating the Statute

Code 13-A-6-2-(A)(1) Code of Alabama where upon the Trial Court amended the

13-1-70 (repealed) statute to amend the charge of Murder in the First Degree

under the repealed Section,and statute upon accepting Lee's guilty plea.(C.72

lines 23-25) without jurisdiction,thus, violating Rule 13.5 (a) Ala.R.Crim.AP.

This Honorable Court held in Pittman V. State,621 So.2d 351 (Ala.Crim.App.1992)

in pertinent part:

> [I]t is not within the province of any trial court to modify,change,or alter,
> or amend, the statutes of the state of alabama,and no trial judge is vested
> with exercise of discretion to this end.Additionally [a] trial court lack
> of subject matter jurisdiction is fundamental and cannot be waived and at
> any time may be raised.Also quoting Slay V. State,238 So.2d 3 (Ala.Crim.App.
> 1978)Also quoting Reddock V. State,23 Ala.240,124 So398 (1929)Moreover it
> is incubent upon appellant courts to consider a lack of subject matter
> jurisdiction ex mero moto.Ex Parte Smith,438 So.2d 766 (Ala.1983)

Lee contends that his conviction should be vacated on the authority of

Bester V. State,362 So.2d 1282 (Ala.Crim.App.1978) where it was held :

> ........."The appellant was indicted under one Code Section and sentenced under
> another.This was a substancial change from the indictment as it was
> returned by the grandjury,and does not fall within the permissable
> range limit of §§15-8-90-Supra.See Crews V. State,40 Ala.App.306,112
> So.2d 805 (1959).

Intentional Murder in the case at bar is a substantive offense and does not

include Murder in the First Degree as a lesser included offense.Furthermore

the offense to which the TRial Court accepted Lee's plea of Guilt to did not

fall within the limits of §§ 15-8-90 Code of Alabama 1975,which does not

authorize substantive changes in the indictment,and Lee was therefore only

required to answer only to the charge in his indictment made against him by

the grandjury,and does not need to defend against a distinct charge not contained

therein Const.Art.I,§8.

Clearly Lee was denied his fundamental constitutional rights under the fifth amendment to be tried and convicted only on the charges presented in the indictment returned by the grandjury.Stirone,361 U.S. at 217,80 S Ct. at 273. An Error of that constitutional magnitude cannot be deemed harmless.United States V. Johnson,713 SF.2d 633,644 (11th Cir.1983) Cert.Denied,456 U.S. 1087,104 S. Ct. 1447, 79 L.Ed 2d 766 (1984) Carroll,582 F.2d at 944.See also Stirone,361 at 217, 80 S Ct. at 273

The fifth amendment to the United States Constitution provides that [n]o person shall be held to answer for a Capital,or otherwise infamous crime unless on a presentment or an indictment of an grandjury.The very purpose of the requirement is that a man be indicted by a grandjury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independly of either prosecuting attorney or judge.Stirone,361 U.S. at 218,80 S.Ct at 273. Since the time of Exparte Bain,121 U.S. 1,7 S. Ct.781,30 L. Ed 2d 849 (1887).. It has been the rule that after an indictment has been returned it's charges may not be broadned  through amendment except by the grandjury itself.Stirone, 361 U.S. at 215,216,80 S. Ct. at 272-273 United States V. Figueroa.

In short the Circuit Courts actions denied Lee his fundamental right to be tried solely on the charged set forth in the indictment returned against him by the grandjury.**Stirone V. United States,**361 U.S. 212,217, 80 S Ct.279,4 L. Ed 2d 252 (1960)

The indictment to which Lee was bought to trial by a grandjury did not allege nor charge a offense of Murder in the First Degree,thereby the Trial Court was without jurisdiction to violate Rule 13.5 (a) Ala.R.Crim.P. by constructively amending the  indictment to charge Murder in the First Degree,when Lee was indicted by the grandjury for intentional murder.**Stirone V. United States,361 U.S.**

212,4 L.Ed 2d 252,(1960),Ex parte Rain,30 L.Ed 849,121 U.S. 1 (1887) Weems V.

State,24 Ala.App. 590,139 So.571 (1932) Hoppett V. State,24 Ala. App.590,139 So

571 (1932)

Crump V. State,30 Ala.App.241,242 , 4 So.2d188,LEXIS 126 (1941),A court is
without authority to take from,any of the material averments,in the indictment
which speaks for itself and is conclusive.

Gunter V. State,30 Ala.App.96 (1887),"The verdict being not only informal but
void the court was without jurisdiction,and had no power to add to,or change it,
and the prisoner was entitled to discharge.

Although there is no indication from the face of the record that the prosecutor

moved the trial court to amend Lee's indictment,to charge the  offense of Murder

in the first degree,cases similar with entry entry of a guilty plea to an offense

other than the offense charged in the indictment constitutes the courts action

as "Amending the indictment".  **Fleming V. State,**814 So.2d 310 (Ala.Crim.App.2001)

**Wingard V. State,**821 So.2d 240 (Ala.Crim.App.2001)

Furthermore Lee could not consent to an illegal amendment that effectively

changes his  original charge of intentional murder to charge a new offense of

Murder in the first Degree,a charge that he had not been indicted for,nor an

charge that was a lesser included offense of His intentional Murder indictment,

**Wingard V. State,**Supra, Murray V. State,814 So.2d 1006 (Ala.Crim.App.2001),

Green V. State, 619 So.2d 2d 952 (Ala.Crim.App.1993)Ross V. State,529 So.2d 1074

(Ala.Crim.App.1988)

Murder in the first Degree was not and could not be held as a lesser included

offense of the offense of Intentional Murder,the offense to which Lee was

charged by indictment by the grandjury,because all of the elements of Murder i[n]

the first degree was not, and could not, be encompassed in an intentional

murder indictment,which therefore constituted an amendment to Lee's indictment.

**United States V. Stone,**139 F. 3d 822 (1998) "Failure of a lesser included offense

to have  all of it's elements contained in a parent offense results in a

constructive amendment of the indictment in violation of the grandjury clause

of the fifth amendment.See Schmuck V. U.S., 705 at 489 U.S. 717-718,109 S,Ct.
1443,1451-52,103 L.Ed 734 (1989) Stirone V. United,361 U.S. 212,215-216,80 S.Ct
270,271-73,4 L.Ed 2d 252 (1960) Exparte Bain,121 U.S. 1, 5-14,7 S,Ct 781,783-88
30 L.Ed 849 (1887) and Thomas V. Harrelson ,942 F.2d 1117 (11th Cir.1991)
U.S. V. Adam,778 F.2d 1117 (5th CXir.1985)

For an offense to be a lesser included offense of a parent offense it's

ele,ments must be contained within the elements of a parent offense,i.e.,the

elements of the prospective lesser included offense must be a subject matter

of those contained in the parent offense.Thomas V. State, 455  So.2d 287

(Ala.Crim,App.1984)United States V. Chambers,2005 U.S. App.Lexis 7447 (2005)

Here the appellant was initially charged by indictment with Intentional

Murder under § 13-A-6-2-(a)(1), Code of Alabama which provides:

A person commits the crime of Murder if:

(1) with intent to cause the death of another person,he causes the death of that

person or of another person.

Lee asserts that at the time of his alleged crime and conduct,the trial court

amended his indictment,and accepted his plea of guilt,that at that particular

time there were no degrees of Murder in the State of Alabama,and that such crimes

had ben abolished and repealed by Act No.607,act of 1977,which became the Criminal

Code of Alabama,Title 13 A,Code of Alabama 1975.

Here the undisputed evidence shows that the alleged crime was allegedly

committed in the month of April of the year 2000,at which time the present

Criminal Code has gone into effect,which held no degrees of murder,therefore the

Trial Court violated Rule 13.5 (a) Ala.R.Crim.P. by illegally amending Lee's

indictment to charge an offense that no longer exsisted by title,nor statute.

Rule 13.5 (A) Ala.Crim.P. provides:

(a) Amendment of Charge: A charge may be amended by order of the court with the
consent of the defendant in all cases,except to change the offense,or to charge
a new offense not contemplated by the original indictment.The court may permit
a charge to be amended without the defendant consent at any time before verdict
or finding,if no additional or different offenses are charged and if the
substancial rights of the defendant are not prejudiced.

[14]

Lee was prejudiced by the trial court amendment because he was actually
convicted for an offense that his grandjury had not voted to indict himon
on and he was never placed on notice that he would have to defend on a charge
of Murder in The first Degree,an offense that he was not indicted for.**Article I,
§8 Ala.Const.**

**Rule 13.2 (c) Ala.R.Crim.P.** Provides:

(c) Notice of necessarily offenses Included: Specification of an offense in an
Indictment or information shall constitute a charge of that offense and all
lesser included offense included therein.

The original charge in Lee's Indictment of Intentional Murder,did not officially
place Lee on Notice that First Degree Murder  would be a CHARGE that Lee would
have to prepare a defense to defend himself on therefore Lee substancial rights
were prejudiced because the amendment seriously affected Lee's substancial
rights to be tried on the charge based solely fromthe indictment,that was
returned by the grandjury,thus violating Lee's due process rights under the
(14th) Fourteenth Amendment of the United States Constitution.

Jackson,Supra,at1212,Stirone V. United States,361 U.S 212,217 80 S,Ct.270,
273,4 L.Ed 2d 252 (1960) A court cannot permit a defendant to tried and convicted
and sentenced on charges not contained in the indictment against him.Stirone,Supra,
80 S Ct. at 273.See also Exoparte Clemmons,370 So.2d 723,728 (Ala.1979)"[A]
conviciton upon a charge not made or upon a charge not tried constitutes denial
of due  process.Jackson V. Virginia,443 U,S. 307-314.99 S Ct 2781,61 L.Ed 2d 560
(1970) Due process requires that a person be tried and convicted only for specific
offenses with which he is charged.United States V. Jackson,201 U.S. App.D.C. 212
627 F.2d 1198,1212 (D.C. Cir.1980)

Because Murder in the first Degree was not a crime in this state under the
below section when Lee plead guilty,Lee was never convicted of a crime within
the title of 13 A Code of Alabam nor under the statutes of this state.

**Section §§13-A-1-4,** Code of Alabama,1975 States:
"No act or omission is a crime unless made so by this title or by other applicable

[15]

statute or lawful ordinances. §13-A-1-4 Code of ALabama

DOES THE STATUTE TO WHICH THE TRIAL COURT ACCEPTED LEE"S GUILTY
PLEA, SENTENCED, AND CONVICTED LEE OF VOIDS LEE'S CONVICTION BECAUSE
THE STATUTE WAS (REPEALED) AT THE TIME OF LEE'S ALLEGED
CONDUCT, AND AT THE TIME OF THE TRIAL COURT ACCEPTANCE OF LEE'S
PLEA OF GUILT TO THE REPEALED CRIME, AND SENTENCING LEE, AND DOES
THE TRIA COURT ACTION CONSTITUTES AN ILLEGALY AMENDMENT TO LEE'S
INTENTIONAL MURDER INDICTMENT?

In the instant case, Lee contends that the statute to which he was convicted, sentenced, and the trial court accepted his plea of guilt under was repealed at the time of his alleged conduct, therefore the statute was invalid, and also unconstitutional, because the legislature had abolished the degrees of Murder under the §§ 13-1-70, also the Crime of murder in the First Degree, and therefore his conviciton, and sentence are null and void, and is due to be vacated. (C.72, C.79)

This apparent action of the Trial Court constituted an amendment, because Lee was indicted under one code section, and sentenced under another, in violation of §§ 15-8-90 Code of Alabama, 1975, which does not authorize substantive amend- ments, thus, this was a substancial change from the indictment that was returned by the grandjury against Lee, thus depriving the trial court of jurisdiction to render a judgement or to impose a sentence upon Lee.

Lee predicates that the holding in Bester V. State, 362 So.2d 1282 (Ala.Crim.App. 1978) which states in relevant part herein as follows:

"Statutes governing amendment of indictments with consent of defendant does not authorize substantive amendments .Code of Alabama.1975 §§ 15-8-90"

....."The appellant was indicted under one Code Section, and sentenced under another.this was a substancial change from the indictment as returned by the grandjury and does not fall within the permissable limits of §§ 15-8-90, supra. See also Crews v. State, 40 Ala.App.306, 112 So.805 (1959)

Furthermore the Crime to which Lee was convicted of by the Trial Court amendment did not and does not exsist then and neither at the time of the trial courts

[16]

amendment of Lee's indictment,or at the time of Lee's alleged conduct in

Title ,nor in statute in this state.

Lee predicates the pursuavive holding in the case of **United States V. Potes,**

880 F.2d 1475 (1st Cir.1989) which states in relevant part herein, as:

.........." A person cannot be constitutionally convicted of a crime that
          does not exsist at the time of the alleged conduct.Id.@ pg 1476
          [1],supra.

It is undisputed that the petitioner is incarcerated for a crime that was

committed after 1980,and that  the governing statute is 1975 Ala.Act 1977,no 607

under Title 13 Criminal Code of Alabama, not §§13-1-70 (repealed) of the former

Code of Alabama § 13-A-1-1- et Seq. In **Chambers V. United States,**22 F. 3d 939

(9th Cir.1994) the court held in pertinent part that:

........ Claims that the applicable Statute is unconstitutional or that
the indictment fails to state an offense is a jurisdictional claim and
cannot be waived by a guilty plea.United States V. Montilla,870 F.2d
549,552 (9th Cir.1989) Quoting United States V. Broncheua,597 F. 2d
1260,1262. Id.@ pg 945-46,supra.

It has long been settled that no recovery,or conviction can be had on a penal

statute after it's repeal,or the offense agianst which it is directed,unless there

is  a special clause allowing it.Lee could not be convicted of MUrder in the

First Degree under 1975 Code of Alabama,title 13-1-70,because that statutory title

was abolished,and if the new capital felony statute is to be applied to accomplices

it must be done by some other doctrine of law. Further under the provisions of

Section **13-A-1-4-**  Code of Alabama 1975,Murder in the First Degree was not a

crime under the applicable statute  that pertained to Lee's conduct,and

indictment to which Lee was subject to punishment for by the trial court under

the constitution of the United States,and of Alabama (1901).


The Eleventh Circuit of Appeal in **United States V. Walker,**59 F.3d  1196,1198

[11th Cir.1999] has even recognized and held that :

"We can thick of no plainer error than to allow a conviction to stand under
 a statute which congress has voided abonito,and consequently,the district

COURT LACKED JURISDICTION with respect to thecharge."Alexander V. Cockrell, 294 F.2d 626 [5th Cir] "An unconstitutional law is void abinito,having no effect as though it had never been passed."Exparte Siebold,100 U.S. 371,376,25 L.Ed 717 (1880)Exparte Yarbrough,100 U.S. 654,28 L.Ed 274 (1884)See also Exparte Royall, 117 U.S. 241 249, 29 L.Ed 868 (1856("It was said that if the statute prescribing the offense for whichh the petitioner was convicted was void the court was without jurisdiction which convicted him and the prisoner was entitled to discharge.

**LEE ASKS THAT THIS HONORABLE COURT REVERSE AND REMAND FOR A NEW TRIAL,OR IN THE ALTERNATIVE VACATE HIS CONVICTION**

**WAS IT REVERSABLE ERROR FOR THE TRIAL COURT TO ADJUDGE LEE GUILTY OF MURDER IN THE FIRST DEGREE AN OFFENSE THAT LEE HAD NOT BEEN INDICTED FOR AND DID THIS ERROR CONSTITUTE AN AMENDMENT TO LEE'S INDICTMENT THAT CHARGED INTENTIONAL MURDER?**

Lee contends that The Trial Court adjudged him guilty of Murder in the First Degree,an offense to which he had not been indicted for by the Grandjury,nor an offense that was a lesser included offense of his Intentional Murder indictment, thus constituting an constructive amendment to his indictment that was returned by the grandjury.(C.59—60)(C.79)

From the face of the record at Lee's guilty plea proceedings the trial court without subject matter jurisdiction adjudged Lee guilty of Murder in the First Degree,an offense to which Lee was not,and had not been indicted for by a grandjury thus, Lee's conviction is due to be reversed.**Eiland V. State**,668 So.2d 147 (Ala.Crim.App.1995) which the court held in part:

Because the trial court lacked jurisdiction and it's jurisdiction had
been challenged the Circuit Court erred in dismissing Eiland's Rule
32 petition without a hearing to determine the merits of the jurisdicitional
claims.If the claims are jurisdictional and meritorious it cannot be
barred by the limitation period.Furthermore the trial court was without
Jurisdiction to render judgement on a guilty plea to a crime for which
the defendant had not been indicted for.See Ford V. State,529 So.2d 1074
(Ala.Crim.App.1988)Ford V. State, 612 So.2d 1317 (Ala.Crim.APp.1992)


Lee avers that his substancial rights were violated by the tria courts actions

in adjudgeing him guilty of ,and convicting him of a crime that the grandjury

did not vote to indict him on,and this action of the trial court violated

Rule 13.5 (a) Ala.R.Crim.P. because of an illegal amendment to Lee's indictment

upon adjudgeing Lee guilty of Murder in the First Degree.(C.79)

Specifically Lee contends that he was indicted under one code section,and

convicted up under another which constituted an amendment,to his indictment which

was a substancial change in the indictment found by the grandjury.Lee asks this

Honorable Court to turn it's attention to the case of Bester V. State,362 SO.2d

1282 (Ala.Crim.App.1979) where it held:

........."The appellant was indicted under one code section,and sentenced
under another one.This was a substancial change from the indictment as it
was returned by the grandjury and does not fall within the permissable
limits of §§15-8-90,Supra.See Crews V. State,40 Ala.App.306,112 SO 2d 805
(1959)

Furthermore "since under Constitutional requirements a person can be adjudged

guilty of a felony only upon an indictment found by a grandjury,except under the

conditions set forth in section 260-266,supra,the consent of the defendant to

the amendment of the indictment can in no way be deemed to destroy any of the

precious guarantees of liberty with which our  forefathers saw fit to clothe

every individual."The added charge of Murder in the First Degree was not a

lesser included offense in which the tRial court had jurisdiction to accept a

plea of guilt to. Ross at 1077.

Lee contends that it cannot be said from the face of the record that he

pled guilty to the charge that he was specifically indicted for by the

[19]

grandjury because the Trial Court through amendment,and altering the statutes

of Alabama at (C.79) violated SS15-0-90,and Rule 13.5 (a) Ala.R.Crim.P..

In Pittman V. State,621 So.2d 351 (Ala.CrimApp.1992) this Court held :

> .........."[I]t is not within the province of any trial court to modify,
> change,or alter,the statutes of Alabama,and no Trial court judge is vested
> with the exercise of discrection to this end.Additionally [a] trial court
> lack of jurisdiction of a subject matter is fundamental and cannot be
> waived,and may be raised at any time.Also Quoting Slay V. State,338 So.2d 3
> (Ala.Crim.App.1976),Reddock V. State,23 Ala.App.290,124 So.398 (1929)

Because Lee was convicted of Murder in the First Degree upon the TRial Court

adjudgeing him guilty of the amended charge ,Lee's conviction is due to be

reversed,and his conviciton vacated because his indictment failed to charged the

offense of Murder in The First Degree and the tRial courtwas without jurisdiction

to render a judgement to a crime to which Lee had not been indicted.Exparte Looney,

797 So.2d 427 (Ala.Crim.App.1998)quoting Ross V. State,529 So.2d 1076 (Ala.Crim.

App.1988)"In the absence of an indictment or information,upon which the prosecution

sho uld have begun,the trial court was without jurisdiction to impose a sentence

or to render a judgement,and therefore  the courts judgement is null and void, and

have no force and effect.Albrecht V. United States,273 U.S.[47 S.Ct.250,252,

71 L.Ed 505]....(1927)(Wherein the court noted,"A person may not be punished for

a crime without a formal and sufficient accusation even if he voluntarily submits

to the jurisdiction of the court.")

Because the court adjudged Lee guilty of an offense that he had not been indicted

for Lee's conviction is due to be vacated,and remanded for anew  Trial.Thomas V. State

15 Ala.216,72 So 769 (Ala.Crim.App.1916)See also Exparte Robbinson,183 Ala.30,

63 So.177"It is therefore apperent that the deferdant was adjudged guilty of and

sentenced for an offense not in conformity with the verdict,and with which he

had been charged.It follows that the judgement is void,not merely an erroneous

sentence,and the judgemnet entry below must,in consequence,be reversed and set

aside and the cause remanded for a new trial.

**Lee** asks that this Court turn it's attention to the case of **Exparte Lewis,**

811 So.2d 485 (Ala.2001) where the Supreme Court held in part:

> ........"[W]hat happened in Lewis , in essence was that a judgement was
> entered on a guilty plea verdict for an offense that had not been
> charged in the indictment.Exparte Robey,2004 ALA LEXIS 330

**It** could be infered from Lewis,which was reversed by the Alabama Supreme Court

that a judgement was entered in Lee's case on a guilty verdict for an offense

that had not been charged in Lee's indictment by the grandjury,thus violating

Rule 13.5(a) Ala.R.Crim.P.


**Based on the facts,and foregoing arguments Lee asks that his conviciton be**

**Reversed and remanded for a new trial**


THE TRIAL COURT WITHOUT JURISDICTION ORDERED AND ENTERED
RESTITUTION UPON LEE WITHOUT NECESSITATING THE VICTIM,AND OR THE
STATE TO PRODUCE THE LEGAL DOCUMENTATION AS TO THE AMOUNT OF WAGES
LOST OR SUPPOSEDLY EARNED BY THE VICTIM  PENDING LEE'S CASE

**In** the case at bar Lee asks this Court to take judicial notice of it's own

record inwhich Lee's restitution hearing transcripts are on file in this Court.


**Lee** contends that the Trial Court was without jurisdiction to enter and order

**a $10,199.00 restitution** Order upon him without requiring the state to produce

**legal** documentation as to the amount of wages lost by the victim mother in which

she was represented by the state at Lee's restitution hearing.(S.R.13)

From the face of the record the record will show that the victim mother

**voluntarily** severed her employment with any permission fromher employer,and

the record will further show that the state did not move to introduce into

evidence any certified legal documents,i.e. check stubs,tax returns,or any
other legitimate paperwork from which the victim mother could prove the allegations
to which the victim mother made under oath as to the amount of wages she lost,
or was entitled too,nor does the record disclose the Trial courtoveruling the
state own notionof what the victim mother ought to be paid over the defense
counsel objections to the alleged allegation,where this court in **Alford V. State,**
651 So.2d 1109 (Ala.Crim.APp.1994) held that :

> "It was error for the Trial Court to order restitution on the defendant
> without requiring the proper legal documentation evidence to be
> introduced at the restitution hearing to support the amount awarded
> to the victim".

The record at (S.R.13) will disclose in the instant case that the Trial Court
awarded Ms.Smith restitution without she or the state introducing any legal
evidence or documents into evidence as to the alleged amount of wages lost,and
this court entered an order in the Amount of 10,199.00 which Lee contends was
error. Because the trialcourt abused it's dicrection and failed to determine as
the exact amount of wages that was lost by the victim mother as a result of
Lee's crime Lee's restitution Order should be correct by the trial court,upon
this court remanding for a new hearing on Lee's restitution.

Lee in his petition filed a motion to reconsider his restitution by the
trial court but the motion was denied along with Lee's Rule 32 petition.(C.52-58)
Furthermore Lee could not be held liable for wages to be paid to the victim,that
she was never entitled to because of her bvoluntarily severing her employment
without permission from her employer,and because there was never really any
employment from which she could recieve any lost wages that she aleged.Further
the victim and the state failed to prove that Lee was the cause of the victim
alleged lost wages because there was never any unroof that his actions were the
proximate cause for the victim to quit her job voluntarily and thus seek
payment For her loss that she Alleged at the Expense of the State, and or Lee.
Stough v. State, 501 So2d 488 (Ala.Crim App. 1986)

[22]

# SUMMARY OF ADVERSE RULINGS

RECORD PAGE NO:                                  SUMMARY

(C.125-128)                    MOTION TO ALTER AMEND OR VACATE
                               AND RECONSIDER ORDER SUMMARILY
                               DISMISSING RULE 32 PETITION

(C.129-138)                    MOTION TO RECUSE JUDGE SMITHART

(C.139-141)                    MOTION TO RECUSE PROSECUTOR

(C.142-146)                    MOTION FOR RELIEF FROM ORDER OR
                               JUDGEMENT

[23]

## C O N C L U S I O N

BASED ON THE FOREGOING FACTS,LEGAL AUTHORITIES,AND ARGUMENTS
THE CIRCUIT COURT DID CLEARLY ABUSE IT"S DISCRETION IN SETTING
LEE'S PETITION FOR A HEARING ON THE MERITS AND THEN DISMISSING THE
PETITION WITHOUT CONDUCTING THE HEARING THAT SHOULD HAVE BEEN
HELD TO DETERMINE THE FACTS OF THE MERITORIOUS CLAIMS THAT WAS
PRESENTED TO THE COURT.FOR THIS CAUSE, THE CIRCUIT COURT JUDGEMENT
SHOULD BE REVERSED,AND REMANDED,OR IN THE ALTERNATIVE THE CONVICTION
AND SENTENCE SHOULD BE REVERSED AND REMANDED TO THE TRIAL COURT.
THE TRIAL COURT FAILED TO FOLLOW THE MANDATORY LANGUAGE IN IT'S ORDER.
DONE  ON THIS THE _____11th_____ DAY OF ~~FEBRUARY~~, 2006.
                                January

RESPECTFULLY SUBMITTED,

RASHAD C. LEE # 213823

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS THE 11th DAY OF JANUARY 2006, I DID SERVE A COPY OF THE FOREGOING ON THE APPELLEE BY WAY OF U.S. POSTAGE PREPAID , HEREIN THE LIMESTONE CORRECTIONAL FACILITY MAILROOM ADDRESSED TO THE CLERK OF THE CRIMINAL COURT OF APPEAL FOR SERVICE ON THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA.

_____

RASHAD C. LEE #213823

L.C.F.

28779 NICK DAVIS ROAD

HARVEST,ALABAMA 35749