IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, # 213823, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv968-WKW |
| | ) (WO) |
| BILLY MITCHEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by petitioner Rashad Lee ("Lee"), a state inmate, on September 30, 2005.[1]  In this petition, Lee challenges his conviction for intentional murder/first degree murder entered against him by the Circuit Court of Bullock County, Alabama on November 2, 2000.  On that same day, Lee was sentenced to life imprisonment on the murder charge.  No direct appeal was taken by Lee.  Thus, by operation of law, Lee's conviction became final on December 14, 2000.[2]

---

[1] Although the present petition was stamped "filed" in this court on October 11, 2005, the petition was signed on September 30, 2005.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Lee's petition] was delivered to prison authorities the day [he] signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001).  In light of the foregoing and without any contradictory evidence, the court assumes that September 30, 2005 should be considered the date of filing of the petitioner's petition.

[2] Because Lee did not appeal his conviction, the court concludes that the conviction became final on December 14, 2000, as this is the date on which his time to file a direct appeal expired.  *See* ALA. R. APP. PR. 4(b)(1).  This rule of state appellate procedure requires that a notice of appeal be filed within forty-two (42) days of the pronouncement of sentence.

The respondents answered and filed documents relevant to a disposition of the issues raised in this case. Upon review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the provision in Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons which follow, the court concludes that Lee's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

## DISCUSSION

In their answer, the respondents argue that the petition for habeas corpus relief is due to be denied because it is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[3] It is clear from the evidentiary materials filed by the respondents that Lee's conviction became final in December of 2000 – **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

>   of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Lee must have filed his § 2254 petition within one year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents concede that Lee filed three state post-conviction petitions.[4] However, the respondents argue that only the initial Rule 32 petition tolled the one-year period of limitation because it was filed prior to the expiration of the limitation period.[5] The respondents argue that even allowing a tolling of the limitation period during the pendency of his first post-conviction petition, the limitation period expired prior

---

[4] Lee filed Rule 32 petitions in the Circuit Court of Bullock County on October 30, 2001, November 8, 2004 and October 11, 2005.

[5] The court concludes that Lee's second and third Rule 32 petitions have no effect on the limitation period because it is clear from the pleadings filed in this case that these subsequent post-conviction petitions were filed after the expiration of the limitation period. The petitioner filed his second Rule 32 petition in state court on November 8, 2004, and filed his third petition on October 11, 2005 – both of which were filed after the one-year period of limitation had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Tinker,* 255 F.3d at 1335 n.4 ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.")

to Lee filing this federal habeas petition.

Lee pleaded guilty, was convicted of intentional murder/first degree murder, and sentenced to life imprisonment on November 2, 2000, in the Circuit Court of Bullock County, Alabama. By operation of law, his conviction became final on December 14, 2000 – the date on which the time for filing a direct appeal expired. *See* ALA. R. APP. P. 4(a). Thus, Lee's conviction became final, at the latest, on December 14, 2000. Therefore, he had one year from that date to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Lee filed his first Rule 32 petition on October 30, 2001. At that time, 319 days of the one-year limitation period had elapsed between the date his conviction became final and the filing of his initial Rule 32 petition in the Circuit Court of Bullock County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. This petition remained pending in the state courts until August 16, 2002 when the Alabama Supreme Court entered a certificate of judgment on appeal from the trial court's denial of Lee's Rule 32 petition. Thus, as of August 16, 2002, 319 days of the limitation period had run and Lee had 46 days remaining in the limitation period within which to file his federal habeas petition. The time allowed for Lee to file a federal habeas

4

petition expired on October 1, 2002.[6]  Lee filed the instant habeas corpus petition on September 30, 2005.  Under the circumstances of this case as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired almost three years before Lee filed his § 2254 petition and, thus, his petition is time-barred.

On December 16, 2005, the court ordered Lee to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period.  On December 27, 2005, Lee filed his response in which he asserts that a fundamental miscarriage of justice will occur because he is actually innocent.  According to Lee, he cannot be guilty of murder in the first degree because murder in the first degree is not a crime in the State of Alabama.[7]

Lee's argument that a "fundamental miscarriage of justice" will occur because he is actually innocent is unavailing.  The "fundamental miscarriage of justice" standard is set forth in *Schlup v. Delo,* 513 U.S. 298, 314 (1995), and is directly linked to innocence.  *Id.* at 315.  Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted or barred.  *Id.*  This miscarriage of justice exception applies where a petitioner establishes

---

[6] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000).  However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

[7] Lee does not dispute that he is guilty of intentional murder.

that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup, supra*. Lee has failed to make the requisite showing which could satisfy the standard set forth in *Schlup*. Lee pleaded guilty to murdering his wife by strangulation. *See Lee v. State of Alabama*, CR-04-0961 (Ala. Crim. App. June 17, 2005). Lee does not assert that he did not kill his wife; rather he argues that he is not guilty of murder in the first degree. At best, this argument raises a legal innocence claim; his allegations are insufficient to support a claim of actual innocence. Thus, the court concludes that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Lee filing his federal habeas petition and, thus, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied, that this case be dismissed pursuant to 28 U.S.C. § 2244(d), and that the costs of this proceeding be taxed against the petitioner. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 16, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of May, 2006.

    /s/Charles S. Coody  
CHARLES S. COODY  
CHIEF UNITED STATES MAGISTRATE JUDGE