IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

RECEIVED
2006 MAY 31 A 9: 23

| | |
|---|---|
| R A S H A D  L E E  213823 ) | |
| Petitioner. ) | |
| ) | |
| V. ) | CIVIL ACTION NO:2:05 CV 968-WKW |
| ) | (WO) |
| S T A T E  O F  A L A B A M A, et al, ) | |
| Respondents. ) | |
| ) | |

**OBJECTION TO THE MAGISTRATE RECCOMENDATION**

    This objection is before the Court on a 28 U.S.C. Section 2254 Petition for Habeus Corpus relief. Pursuant to the Magistrate Reccomending that Lee's Petition for Habeus Relief be dismissed pursuant to 28 U.S.C. Section 2244 (d) Lee objects to the Magistrate Reccomendation for the Following reasons.
Lee asserted an actual innocence claim, alleging that he is **Actual Innocent** of the Crime to which he was **convicted** by the Trial Court and not the Crime to which he was indicted.[1] And therefore if this court fails to entertain Lee's claim of **Actual Innocence** then this will result in a miscarriage of Justice.

    Callins V. Johnson, July 12, 1996 "The miscarriage of justice" exception is concerned with actual innocence as compared to legal innocence. Sawyer V. Whitsley, 505 U.S. 333, 339, 120 L.Ed 2d 269.112 S.Ct 2514 (1992) and the term 978 F.2d at 859 (emphasis in Original) Thus, a petitioner must supplement a constitutional claim with a colorable showing of factual innocence. McClesky, 499 U.S. at 495, 89 F.3d 214 (Quoting Kuhlman V. Wilson, 447 U.S. 436, 454.91 L.Ed 2d 364, 106 S.Ct. 2616 (1986)

---

1. Lee was convicted of **FIRST DEGREE MURDER**, an offense that had been abolished by the Alabama Legislature in 1980.

In Lee's case Lee is actual innocent of the offense to which he was convicted of "Murder in the First Degree" based on the facts that Lee was indicted for Intentional Murder (RX-1 pg 2) to which the only element of the offense to which Lee was indicted was "Intent" but the offense to which the trial court convicted Lee of "Murder in the First Degree" required the state to Prove the elements of Unlawfully,Intentionally,and malice aforethought.Also the offense required the act to be willful,deliberate,and malicious,premeditated.None of the elements were alleged in Lee's Indictment nor expected to be proved by the prosecution if Lee had proceeded to trial during the states's factual basis.(RX-1 pg 6)

Johnson V. Singletary,938 F.2d 1166 (1991)(It is clear that a prisoner,to show his actual innocence (or factual) is not affirmatively required to disprove an element of the crime for which he was convicted ,Instead he must demonstrate to a high degree of probability,that the jury (or in a bench trial,the court) had it had all the reliable evidence before it would have entertained reasonable doubt about his guilt as to some element of the crime to which he was convicted , that the jury might have entertained reasonable doubt is insufficient. To demonstrate a fundamental miscarriage of justice the petitioner must establish that under the probative evidence he has a colorable claim of factual innocence,or actual innocence.

Here in Lee's case under the **facts** of the states factual basis (RX-1 pg 6) Lee only killed by means of strangulation.Lee's conduct did not factually or actually supports the elements need to convict Lee of Murder in the First Degree the Crime to which Lee was convicted by the Court.Lynn V. United States,365 F.3d 1255 April 2004 Quoting Johnson V. Alabama,256 F.3d 1156,1171,(11thCir.2001) (Citing Calderon V. Thompson,523 U.S. 538,559,118 St Ct,1489,1502-1503,140 L.Ed 2d 728 (1998)Murray V. Carrier,477 U.S.at 495-96 106 S.Ct at 2649 "Actual Innocence Means Factual Innocence"Bousley 523 U.S. at 623,118 S.Ct at 1611

Furthermore the evidence that the state presented would have not satified the court that Lee acted maliciously,willfull,deliberately,and premeditated,all of which was needed to be proven to the court in the states factual basis before

2.

the court accepted Lee's plea of guilt and adjudged Lee guilty of First Degree Murder (RX-1 pg 7-8).These elements must have concurred and exsisted to substain the Courts conviction for the offense to which Lee was convicted of. Although the magistrate argues that Lee's argument is at best a legal innocence claim,and Lee's Allegation's are insufficient to support a claim of Actual Innocence but contray to the magistrate reccomendation Lee has shown the requirements in Schulp V. Delo, 512 U.S. 298,327,115 S.Ct.851,867,130 L.Ed 2d 808 (1995) by showing that no reasonable juror would have convicted him of the underlying offense of Murder in the first degree because all of the elements of murder in the first degree would not have been presented to the jurors to consider and therefore the jurors would have only had the choice of convicting Lee of the offense charged in his indictment or of any lesser included offense to the charged offense "intentional Murder". Lee was prejudiced by the trial court convicting him of an offense that had been abolished by the Legislature,an offense to which he had not been indicted for,and an offense to which was not a lesser included offense of the Intentional Murder charge,thereby failing to inform Lee of the nature and accusation of the charge to which he would be prosecuted for and be prepared to defend against.**United States V. Frady**,456 U.S. 152,170,102 S.Ct 1584,1586,71 L.Ed 2d 816 (1982) Johnson V. Alabama,256 F.3d 1156,(2001)Quoting Calderon V. Thompson, 523 U.S. 538,559,118 S.Ct 1489,1502-03,140 L.Ed 2d 728 (1998)

The Trial Court violated the Ala.Const.(1901) and the U.S. Constitution by convicting Lee of murder inthe FirstDegreewhen there was no such crime in the State of Alabama at the time of Lee's alleged conduct or at the time of Lee's conviction.**United States V. Potes**,880 F.2d 1474(1st Cir.1989)("A person cannot be constitutionally convicted of a crime that does not exsist at the time of the alleged conduct of the accused")

Lee had shown a constitutional violation thus meeting the prone in Schulp , and supplementingg his constitutional claim with a colorful showing of factual innocence based on the facts presented by the state's factual basis,Callins V. Johnson 89 F.3d 210 July 12,2996 "The miscarriage of Justice exception is concerned with Actual as compared to legal innocence.Sawyer V. Whitley,505 U.S. 333,339,120 L.Ed 2d 269,112 S.Ct 2514 (1992)

To substantiate the claim that he is actual innocent of Murder in the First Degree Lee must show as a factual matter that he did not committ that specific crime to which he was convicted.C.F. Ward V. Cain,53 F.3d 106,108 (5th Cir.1995)

Lee has shown through the respondents Exhibit 1 page 6,that he only commited Murder which was by statute "intentionally",not First Degree Murder a substantive and totally different offense which requires a different set of facts to be proven, different elements ,and under a totally different statute.
The court upon convicting Lee asked Lee was that what he did,reffering to the factual basis presented by the state,which nonetheless did not prove murder nor First Degree Murder,from the facts and evidence presented by the state,and therefore Lee was not guilty of murder in the First Degree,the offense to which he was convicted.(RX-1 pgs 7-8)

Based on the factual (facts) factual basis presented by the state this court must conclude that Lee is actual innocent,and factual innocent,not merely legal innocent by the state evidence and factual basis presented to the court to convict Lee of the Offense of Murder in the First Degree.Lynn V. U.S.,365 F.3d 1225 April 2004 Quoting Johnson V. Alabama,256 F.3d 1156,1171,(11th Cir.2001) (Citing Calderon V. Thompson,523 U.S. 528,559,111 S.Ct,1489,1502-1503,140 L.Ed 2d 728 (1998) Murray V. Carrier,477 U.S. at 495-96,106 S.Ct at 2649) ("Actual Innocence means factual Innocence) Bousely 523 U.S. at 623,118 S.Ct at 1611.

Steveson V. Pettiford, 104 Fed Appx 441, ("A petitoner mustshow that claims are based on a retroactively applicable Supreme Court decision whichestablishes that he may have been convicted of a nonexistent offense and that his claims were foreclosed by CircuitLaw a t the time when the claims should have been raised in his trial appeal or first 2255 motion. See Reyes Requena V. U.S., 243 F.3d 893,894 (5th Cir.2001) Here Lee has shown that he was convicted of a crime that didn't exsist at the time and that the court retroactively applied the statute of Murder in the First Degree to Lee and that Lee is actual innocent of the conviction of Murder in the First Degree.

## CONCLUSION

Lee respectfully asks that the court disregard the Magistrate Reccomendation and set his claim for an evidentiary hearing,and or vacate his unlawful conviction because he is actually innocent of the offense the court convicted him of to wit: Murder in the First Degree.

## CERTIFICATE OF SEVICE

I hereby do certify that I have served a copy of the foregoing pleadings Objection to Magistrate Reccomendation,this the 25th Day of May,2006 on the Clerk of the District Court,Debra Hackett,and the Alabama Attorney General Troy King,by way of U.S. Postage Mail Prepaid herein the Limestone Correctional Facility.

Rashad Lee 213323
Limestone Correctional Facility
28779 Nick Davis Road
Harvest,Alabama 35749-7709