IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RASHAD C. LEE,

Petitioner,

v.

REOSHA BUTLER, *et al.*,

Respondents.

CASE NO. 2:05-CV-968-WKW
[WO]

**ORDER**

On April 10, 2025, an Order was entered denying Petitioner Rashad C. Lee's motion to reopen, revisit, and vacate the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure ("April 10 Order"). (Doc. # 45.) The judgment, which was entered on May 3, 2006, dismissed Mr. Lee's 28 U.S.C. § 2244 petition as time barred under 28 U.S.C. § 2241(d)(1). (Doc. # 27; *see also* Docs. # 22, 26.) As explained in the April 10 Order,

> Mr. Lee claims that a "state agent impediment" caused his § 2254 petition to be filed out of time, and he attributes this delay to the intentional actions of the state district attorney and court reporter. He argues that a rough draft of the transcript was filed in 2002, but that the final transcript for "appeal purposes" was not completed until 2005, five years after Mr. Lee's conviction. (Doc. # 44 at 2–3.) Mr. Lee contends that the final transcript contains discrepancies when compared to the rough draft and that the delay in receiving the final transcript prevented him from timely filing his § 2254 petition. (*Id.* at 3–4, 7.) He requests the court to permit him to proceed on his initial petition challenging his life sentence on his murder conviction imposed by the Circuit Court of Bullock County, Alabama, in 2000.

> Rule 60(b) of the Federal Rules of Civil Procedure permits relief from a final judgment in limited circumstances, including mistake, excusable neglect, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b)(1)–(5). Mr. Lee invokes Rule 60(b)(6), which allows relief for "any . . . reason that justifies relief," other than the grounds specifically enumerated in Rule 60(b)(1)–(5).
>
> In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion challenging a district court's application of the statute of limitations in § 2244(d) is not considered a successive habeas petition and, therefore, does not require authorization from the court of appeals prior to filing. *Id.* at 535–36. However, the petitioner must show "extraordinary circumstances" justifying the reopening of a final judgment. *Id.* at 536. "Even where the Rule 60(b) motion demonstrates sufficiently extraordinary circumstances, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014) (citation and internal quotation marks omitted).
>
> Mr. Lee argues that the alleged delay in receiving the final transcript for appeal purposes, which was purportedly not finalized until five years after his conviction, constitutes an extraordinary circumstance. However, Mr. Lee's contention lacks sufficient evidentiary support and fails to meet the high threshold required for relief under Rule 60(b)(6). On this record, Mr. Lee has not demonstrated extraordinary circumstances under Rule 60(b)(6) for vacating the dismissal of this habeas petition on the basis of the § 2244(d) time bar.
>
> Accordingly, it is ORDERED that Petitioner's motion to reopen, revisit, and vacate the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure is DENIED.

(Doc. # 45.)

Before the court are Mr. Lee's motions "to reconsider" the April 10 Order, which were docketed on April 18, 2025, and April 22, 2025. (Docs. # 46, 47.)

Respondent Reosha Butler filed a response in opposition on December 29, 2025.[1] (Doc. # 51.) The motions to reconsider and the pertinent portions of the response have been carefully considered. The motions to reconsider provide no grounds for revisiting or altering the April 10 Order and are wholly without merit. Accordingly, it is ORDERED that the motions to reconsider (Docs. # 46, 47) are DENIED.

DONE this 8th day of January, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

[1] Respondent's response addresses the April 18 motion and, in addition, discusses Mr. Lee's April 9 motion, which already had been denied by the April 10 Order (Doc. # 45).